**Lucio Celli**
89 Widmer Road
Wappingers Falls, NY 12590
Lucio.celli.12@gmail.com

FILED
U.S. DISTRICT COURT

2025 JAN 31 PM 2: 17

S.D. OF N.Y.W.P.

**January 22, 2025**

**Hon. Robert Lehrburger**
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Notice of Intent to File Motions Once Defendants Make an Appearance**

*Case Title: Lucio Celli v. New York City et al.*
*Case No.: 2024-cv-09743*

**Dear Magistrate Judge Lehrburger,**

I hope this letter finds you well. I am writing to formally notify the Court of my intent to file motions in the above-referenced case due to the defense's failure to appear or respond to date. Additionally, I wish to highlight critical jurisdictional issues, procedural due process violations, and the void nature of Arbitrator Taylor's decision, which stems directly from Judge Engelmayer's prior order.

Below, I outline the basis for my potential motions, which will also seek enforcement of Judge Engelmayer's order pursuant to **FRCP 4.1** with **28 U.S.C. § 1738**, and/or under **FRCP 65 or 28 U.S.C. § 1651 (All Writs Act)** through declaratory relief and injunctive relief.

## 1. Arbitrator Taylor's Decision Is Void

Arbitrator Taylor's decision is void because I only received notice and was denied a meaningful opportunity to respond. This procedural failure directly resulted from Judge Engelmayer's order, which recognized my right to defend myself but was not followed. Taylor's reliance solely on notice violates the Fifth and Fourteenth Amendments, as articulated in **Mullane v. Central Hanover Tr. Co.**, 339 U.S. 306 (1950):

- **Mullane** established that mere notice does not satisfy due process; meaningful efforts to ensure participation and response are required.
- **Nelson v. Adams**, 529 U.S. 460 (2000): Defendants must be afforded a full and fair opportunity to respond.

In this case, neither the Department of Education (DOE) nor Taylor adhered to the requirements of procedural fairness. Judge Engelmayer's order, which should have ensured my ability to communicate and participate meaningfully, was disregarded. As a result, Taylor's decision is void and unenforceable.

## 2. District Court's Exclusive Jurisdiction

The district court has exclusive jurisdiction over this matter because federal statutes and constitutional principles preempt state law in cases involving procedural due process violations and arbitration awards. Relevant legal grounds include:

- **18 U.S.C. § 3231**: Grants federal district courts original jurisdiction over offenses against the laws of the United States.
- **28 U.S.C. § 1651 (All Writs Act)**: Empowers federal courts to issue writs necessary to protect their jurisdiction and ensure the enforcement of prior orders.
- **28 U.S.C. § 1738**: Federal courts must recognize and enforce judgments and orders made under the authority of another federal court.[1]

Here, the district court must exercise its authority to enforce Judge Engelmayer's order, as Taylor's decision ignored its requirements and violated my procedural due process rights. Under **Claflin v. Houseman**, 93 U.S. 130 (1876), and **Hines v. Davidowitz**, 312 U.S. 52 (1941), the supremacy of federal law and jurisdiction is clear.

## 3. Enforcement of Judge Engelmayer's Order[2]

To ensure compliance with Judge Engelmayer's order, I intend to file motions under the following rules and statutes:

1. **FRCP 4.1**: Authorizes enforcement of orders through federal procedures.
2. **28 U.S.C. § 1738**: Mandates that federal orders be given full faith and credit.
3. **FRCP 65**: Permits injunctive relief to prevent further harm resulting from non-compliance with federal orders.
4. **28 U.S.C. § 1651 (All Writs Act)**: Allows the issuance of writs necessary to protect the Court's jurisdiction and enforce its orders.

Additionally, I will seek **declaratory relief** under **28 U.S.C. § 2201** to establish that Taylor's decision is void due to its failure to comply with federal law and Judge Engelmayer's order.

---

[1] Judge Engelmayer's order that prevented me moving beyond notice, which was never mentioned by Judge Franks and falsified by Arbitrator Taylor.
[2] Arbitrator Taylor and Judge Frank ignored this fact in their decision.

## 4. Procedural Due Process Violations

Arbitrator Taylor's failure to provide more than mere notice deprived me of my constitutional right to procedural due process. Specifically:

- **Cleveland Board of Education v. Loudermill**, 470 U.S. 532 (1985):[3] Public employees are entitled to both notice and an opportunity to meaningfully respond.
- **Mullane v. Central Hanover Tr. Co.**, 339 U.S. 306 (1950): Mere notice without additional efforts to ensure participation is insufficient under the Fourteenth Amendment.

I was not afforded a meaningful opportunity to answer the charges against me or present evidence. Further, my counsel and probation failed to forward essential materials, such as briefs and audio recordings, which further compounded the violations of my rights.

---

## 5. Arbitrator Bias and Conflict of Interest

Arbitrator Taylor's decision is also void due to his undisclosed conflict of interest. His ongoing professional relationships with the Martin Scheinman, Esq. and Weingarten compromised the fairness of the proceedings.

- **Commonwealth Corp. v. Casualty Co.**, 393 U.S. 145 (1968): Arbitrators must disclose any potential bias, or their decisions may be vacated.
- **Tumey v. Ohio**, 273 U.S. 510 (1927): Financial and professional interests in a case violate due process.[4]

Taylor's reliance on his undisclosed affiliations with Weingarten and Martin Scheinman demonstrates evident partiality, rendering his decision void. Judge Franks further failed to recognize the void nature of Taylor's award, compounding the procedural deficiencies.

---

## 6. Evidence Supporting My Claims

I have submitted substantial evidence, including emails, transcripts, and audio recordings, that demonstrate:

1. Arbitrator Taylor relied solely on notice and ignored Judge Engelmayer's order.
2. My lawyer and probation failed to submit critical evidence, depriving me of a fair hearing.

---

[3] **Board of Regents v. Roth**, 408 U.S. 564 (1972):
[4] The UFT and DOE make each arbitrator reply for their job, therefore their continuous employment is predicated keeping both sides happy and it is a pure violation of due process under the 5th and 14th Amendment, as the Court discussed in Tumey.

3. Taylor's undisclosed relationships with the UFT and Weingarten constituted bias, violating my right to a neutral arbitrator.

This evidence underscores the systemic failures that deprived me of my constitutional rights and further necessitate federal court intervention.

---

## 7. The ten-day requirement to file an appeal deprive each teacher due process, Ed Law 3020-a

1. **Violation of Due Process**: In my case, I argue that there were multiple due process violations. For example, I mention that the defense conspired with each other to deprive me procedural due process of the 3020a. This concerted effort could be seen as a violation of your due process rights, as it deprives me of the opportunity to have your case heard fairly. Additionally, you reference several cases and statutes that support your claim of due process violations, such as the Federal Arbitration Act (FAA) and relevant case law.
2. **Access to the Court**: I will home in on the issues related to access to the court. For instance, you mention that Judge Engelmayer's order prevented you from going beyond notice in arbitration. This restriction could be seen as limiting my access to the court and my ability to fully present my case. Furthermore, I highlight the importance of having a full and fair hearing before a neutral arbitrator, which I claim that I was not afforded to you.
3. **Relation to Your Case**: The issues of due process violations and access to the court are directly related to your case. As I argue that the decisions made by Arbitrator Taylor and Judge Frank[5] are void because they did not provide me with the necessary due process protections. I also mention that the union and the Department of Education (DOE) deprived me of your statutory rights under the Education Law § 3020 (1) and the collective bargaining agreement (CBA). These actions, you claim, have compromised the fairness of the arbitration and the legal proceedings related to your case. Most importantly, these events caused me to be deprived of constitutional right of due process as public employee,

**Felder v. Casey, 487 U.S. 131 (1988)**:[6] This case is significant because it addresses the issue of state procedural rules conflicting with federal rights. In Felder v. Casey, the Supreme Court held that state notice-of-claim statutes could not be applied to federal civil rights actions brought under 42 U.S.C. § 1983. The Court emphasized that federal rights should not be hindered by state procedural requirements that could potentially bar access to the courts.

**Application to My Case**: The principles from Felder v. Casey can be applied to my situation in the following ways:

- **Federal Rights vs. State Procedures**: Just as in Felder v. Casey, where state procedural rules were found to be incompatible with federal rights, your case involves federal due process rights that you argue were violated by state procedures and decisions. You claim that the arbitration process and the decisions made by Arbitrator Taylor and Judge Frank did

---

[5] New York City has the receipt of when my petition started, and the Law Dept lied because CLPR § 304 and CLPR § 306 start on the day that I paid for the petition and the clerk issued the index number. The index number was issued on 10/27/23 and not on 11/21/23

[6] This is related to a motion that Judge Frank did not provide any reason for me to enforce Judge Engelmayer's decision or stayed the proceedings so that I could go to federal court and file in federal court,

not provide you with the necessary due process protections, thus violating your federal rights.
- **Access to the Court**: Felder v. Casey underscores the importance of ensuring that federal rights are not obstructed by state procedural barriers. In your case, you argue that the restrictions imposed by Judge Engelmayer's order and the actions of the union and DOE limited your access to the court and your ability to fully present your case.

- 

## 8. EEOC Misconduct Under the Administrative Procedure Act (APA)

The EEOC's failure to properly investigate my claims constitutes a violation of the APA, which requires federal agencies to act lawfully and not arbitrarily or capriciously.

- **FDIC v. Meyer**, 510 U.S. 471, 475 (1994): The Court held that federal agencies are immune from suit unless Congress waives sovereign immunity, which the APA provides in cases seeking relief other than monetary damages.
- **5 U.S.C. § 706(2)(A)**: The APA authorizes courts to hold unlawful and set aside agency actions that are arbitrary, capricious, or contrary to law.
- **Mandamus Act (28 U.S.C. § 1361)**: Allows for jurisdiction over claims seeking to compel a federal agency to act.

In my case, the EEOC failed to conduct a meaningful investigation of my claims under Title VII, Title IX, and related federal laws. The agency also misrepresented its enforcement responsibilities regarding state laws, claiming they were outside its jurisdiction. This failure deprived me of the remedies I am entitled to under federal law and forced me to take further action through this Court.

As such, I intend to seek relief under the APA to compel the EEOC to fulfill its investigative duties or seek declaratory relief under **28 U.S.C. § 2201**, as appropriate.

## 9. United Federation of Teachers as State Actors

The **United Federation of Teachers (UFT)** qualify as state actor under federal law due to their involvement in grievance and arbitration processes governed by state policy. Under **Lugar v. Edmondson Oil Co.**, 457 U.S. 922 (1982), private entities become state actors when their actions are:

1. Rooted in government policy or custom, and
2. Fairly attributable to the state.

**Relevant Case Law:**

- **Dennis v. Sparks**, 449 U.S. 24 (1980): Private parties conspiring with state officials may be liable as state actors.
- **Hudson v. Chicago Teachers Union Local No. 1**, 743 F.2d 1187 (7th Cir. 1984): Unions can be deemed state actors when acting under a statutory framework.

Both UFT participated in actions that deprived me of constitutional and procedural rights under the **Taylor Law** and **Education Law § 3020-a**, which bind their conduct to state mandates.

## 10. Evidence of Collusion Between UFT and NYCDOE

The UFT and NYCDOE conspired to undermine my procedural rights under both federal law and the collective bargaining agreement (CBA). Their conduct violates federal labor laws, including Title VII, and the duty of fair representation.

- **Goodman v. Lukens Steel Co.**, 482 U.S. 656 (1987): Unions violate Title VII when they fail to challenge or tolerate discriminatory practices.
- **Matter of Board of Education of the City of New York v. PERB**, 75 N.Y.2d 660 (1990): Unions must act in good faith and base decisions on rational considerations.

By failing to provide adequate representation and conspiring with NYCDOE, the UFT violated its statutory obligations under the **Taylor Law** and my constitutional rights.

## 11. Claims under 42 USC § 1985(2) because the Law Dept Interred with my rights in State Court and Mispresented when my petition was filled

A. I provided federal judges, Law Dept, DOI, probation and others with my receipt, which shows that I paid on Oct. 27, 2023
B. My petition was timestamped on Oct 27, 2023
C. CPLR 306-a **(a)** provides that an index number shall be assigned "[u]pon filing." This express statutory language—which requires an immediate temporal link between **(1)** the litigant's physical act of filing, **(2)** the court's date stamping of filed papers and **(3)** the assignment of an index number—evinces the Legislature's intent to treat litigation papers

      as "filed" within the meaning of CPLR 304 only upon the physical receipt of those papers by the court clerk or the clerk's designee. See: 95 N.Y.2d 605 (2001)

  D. I claim Full and Fair Credit Clause under the US Constitution with 28 USC § 1738[7] because the decision came from the NYS Court of Appeals.

Haddle v. Garrison, 525 U.S. 121 (1998): **Key Holding**: A plaintiff could sue under § 1985(2) when fired in retaliation for being a federal court witness. The Court ruled that economic harm or interference with employment is actionable even if the plaintiff is not actually prevented from testifying. **Relevance**: This case expands protections for witnesses and parties under § 1985(2).

  E. The misconduct of Law Depts fulfills the requirement set out in *Kush v. Rutledge*, 460 U.S. 719 (1983) **Key Holding**: The Supreme Court clarified that the first part of § 1985(2) (dealing with obstruction in federal court proceedings) does not require proof of a discriminatory, class-based animus. However, the second part of § 1985(2) (dealing with state court proceedings) does require such proof. **Relevance**: This case is foundational in determining when discriminatory intent is necessary in obstruction claims under § 1985(2).[8]

12. CLPR § 217: Duty of Fair Representation

Plummer v. Klepak, 48 N.Y.2d 486 (1979): **Key Holding**: The New York Court of Appeals held that claims against a union for breach of the duty of fair representation are subject to the four-month limitations period under CPLR § 217(2).

.13. Guidance on How to Proceed

I respectfully request the Court's guidance on scheduling a timeframe for my motions,[9] which will include:

---

[7] It is the same as the clause but in statutory form.
[8] It was based on helping Weingarten and the UFT cover up the years of mental abuse
[9] Or however Your Honor would like to proceed

1. A motion to enforce Judge Engelmayer's order under **FRCP 4.1** and **28 U.S.C. § 1738**.
2. A motion for injunctive relief under **FRCP 65**.
3. A motion for declaratory relief under **28 U.S.C. § 2201**.
4. A motion under **28 U.S.C. § 1651 (All Writs Act)** to ensure compliance with federal law and procedural protections.

I look forward to the Court's response and stand ready to submit any additional materials or filings necessary to proceed. I have other claims that I would like to add

**Sincerely,**
Lucio Celli