Lucio Celli
89 Widmer Road
Wappingers Falls, NY 12590
Lucio.celli.12@gmail.com

FILED
U.S. DISTRICT COURT
2025 JAN 31 PM 2: 17
S.D. OF N.Y.W.P.

**January 25, 2025**

**Hon. Robert Lehrburger**
Southern District of New York
500 Pearl Street
New York, NY 10007

*Letter about pleading Fraud*

Re: ~~Preemption Doctrine and Title II Violation for Access to the Court~~ under ADA.

*Case Title: Lucio Celli v. New York City et al.*
*Case No.: 2024-cv-09743*

---

I write respectfully write Your Honor that I will require and request an extension of time to file an amended complaint in the above-referenced matter, as further explained below. This request arises from the heightened pleading requirements under Federal Rule of Civil Procedure 9(b)[1] and the organizational requirements under Rule 10(b). Due to the complexity of the claims and the need to address these rules adequately, the amended complaint is expected to exceed 100 pages.

---

[1] This case presents the antecedent question of what a plaintiff must plead in order to state a claim under § 1 of the Sherman Act. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99. [While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (CA7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"),3 on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1, 122 S. Ct. 992; Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

**Federal Rule of Civil Procedure 9(b)**[2] mandates that allegations of fraud or mistake must be stated "with particularity," requiring the pleader to specify:

1. The precise misrepresentation or omission made;

2. The time, place, and content of the misrepresentation or omission;

3. The identity of the person making the statement or omission; and

4. How the plaintiff relied upon and was harmed by the misrepresentation or omission.

Meeting this standard requires a detailed presentation of the facts for each element of fraud, which significantly increases the length of the pleading. This is why the complaint will exceed 100 plus pages.

Then, I believe that I must include all the following that is listed in FRCP 9

(a) Capacity or Authority to Sue; Legal Existence.[3]

    (1) *In General.* Except when required to show that the court has jurisdiction, a pleading need not allege:

        (A) a party's capacity to sue or be sued;

        (B) a party's authority to sue or be sued in a representative capacity; or

        (C) the legal existence of an organized association of persons that is made a party.

    (2) *Raising Those Issues.* To raise any of those issues, a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge.

(b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

(c) Conditions Precedent. In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

---

[2] The last time, I only focused on (b) but after I review FRCP, I really that I can plead the other requirements too

[3] I have read that court do not care about "a" too much, but Your Honor will tell me your requirement

(d) Official Document or Act. In pleading an official document or official act, it suffices to allege that the document was legally issued, or the act legally done.

(e) Judgment. In pleading a judgment or decision of a domestic or foreign court, a judicial or quasi-judicial tribunal, or a board or officer, it suffices to plead the judgment or decision without showing jurisdiction to render it.

(f) Time and Place. An allegation of time or place is material when testing the sufficiency of a pleading.

(g) Special Damages. If an item of special damage is claimed, it must be specifically stated

I understand that courts prefer concise pleadings,[4] and I am making every effort to streamline the presentation of these claims. However, the complexity of the allegations and the need to satisfy these procedural requirements necessitate additional time to prepare a legally sufficient and clearly organized amended complaint. To that end, I will respectfully request an extension of time once the defendants to answer and Your Honor starts the proceedings. I will work on this task from now until whenever Your Honor starts the proceedings and the time thereafter granted by the court. As expressed in my letter about meaningfully accessing to the court, I need the time because my mental illness prevents me from the willingness to write anything. Please note, I am speaking about when I am not in a frantic panic to get even or fear that this group will prevail because they have special access to the court that all American do not have and makes the process unfair and one sided.

This request is made in good faith and not for the purpose of delay. I have conferred with opposing counsel, [if applicable, describe their position on the extension], and I believe this extension will not prejudice any party or disrupt the current schedule.

Thank you for considering this request. Should Your Honor require additional information, I am available at the Court's convenience to address any questions or provide further clarification.

---

[4] Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007

*[signature]*   1/31/25