Bernard T. King
Charles E. Blitman *
Kenneth L. Wagner
Timothy R. Bauman
Nathaniel G. Lambright
Daniel E. Kornfeld ◊ △
Daniel R. Brice *
Brian J. LaClair
Bryan T. Arnault * ▫
Nolan J. Lafler
Paul K. Brown
Matthew T. Tokarsky ◊ △ ▵ ▫

F. Wesley Turner
Madeline R. Thibault



Attorneys and Counselors at Law

Syracuse • Rochester • New York • Albany

1441 Broadway, Suite 3010
New York, New York  10018
Tel:  (212) 643-2672
Fax:  (929) 219-3707

*bklawyers.com*

*Of Counsel*
Jules L. Smith
Donald D. Oliver
Jennifer A. Clark
Richard S. Corenthal

◊ Also admitted in DC
* Also admitted in MA
△ Also admitted in MD
▵ Also admitted in NJ
▫ Also admitted in PA

Nathan H. Blitman
(1909-1990)

February 14, 2025

<u>**VIA CM/ECF**</u>

Hon. Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    <u>Celli v. New York City et al, 1:24-cv-09743-JPC-RWL</u>

Dear Judge Lehrburger:

    This firm represents Defendant United Federation of Teachers ("UFT") in the above action.  This letter constitutes the UFT's pre-motion letter regarding its anticipated motion to dismiss pursuant to Rule 12(b)(2), (5), and (6) of the Federal Rules of Civil Procedure ("FRCP").

    Plaintiff was employed by the Board of Education of the City School District of the City of New York (a/k/a the "Department of Education" or "DOE") as a teacher at the Felisa Rincon De Gautier Institute for Law and Public Policy in the Bronx, New York.  While employed by the DOE, he was a member of the UFT.  Plaintiff was involved in a series of cases in the Eastern District of New York related to his employment with the DOE.  *See, e.g., Celli v. N.Y. City Dep't of Educ.*, 2016 U.S. Dist. LEXIS 204099 (E.D.N.Y. Dec. 24, 2016) (dismissing Plaintiff's employment discrimination complaint); *Combier v. Portelos*, 2018 U.S. Dist. LEXIS 168804 (E.D.N.Y. Sept. 28, 2018) (dismissing claims and counterclaims in dispute between Plaintiff and advocate for employees in disciplinary hearings).

    In 2018, Plaintiff sent a series of threatening emails to two of the federal judges who presided over Plaintiff's cases, as well as the then-Chief Judge of the U.S. Court of Appeals for the Second Circuit. *United States v. Celli*, No. 19-cr-127 (E.D.N.Y. Nov. 13, 2018). Plaintiff was charged with and pleaded guilty to transmission of threats to injure another, in violation of 18 U.S.C. §875(c). *United States v. Celli*, No. 19-cr-127 (E.D.N.Y. July 20, 2021).  U.S. District Judge Hon. Paul A. Engelmayer of the Southern District of New York—sitting by designation after the recusal of all E.D.N.Y. judges—sentenced Plaintiff to time served, plus two years of

**Blitman & King LLP**

Hon. Robert W. Lehrburger
February 14, 2025
Page 2

supervised release. *Id.* Following his conviction, the DOE preferred disciplinary charges against Plaintiff pursuant to Education Law §3020-a, ultimately leading to the termination.

Following his criminal sentencing, Plaintiff filed several additional civil suits related to his conviction and Education Law §3020-a disciplinary proceeding. *E.g. Celli v. N.Y. Dep't of Educ.*, 2022 U.S. Dist. LEXIS 444, 2022 WL 19696 (S.D.N.Y. Jan. 3, 2022) (dismissing "rambling and disjointed" complaint); *Celli v. N.Y. Dep't of Educ.*, 2022 U.S. Dist. LEXIS 18086 (S.D.N.Y. Feb. 1, 2022) (denying motions for recusal and motions under Rules 59(e) and 60(b) of the FRCP); *Celli v. Weingarten*, 2022 U.S. Dist. LEXIS 17087, at *4 (D.D.C. Jan. 31, 2022) (dismissing "meandering and difficult to follow" complaint); *Celli v. Perez*, 2022 U.S. Dist. LEXIS 57713 (S.D.N.Y. Mar. 29, 2022) (dismissing complaint and warning Plaintiff regarding duplicative filings); *Celli v. Engelmayer*, 2023 U.S. Dist. LEXIS 53157 (E.D.N.Y. Mar. 28, 2023). In these actions, Plaintiff raised substantially similar allegations to those in the instant Complaint against then-New York City Mayor Bill de Blasio, Senator Schumer, several federal judges, President Biden, President of the American Federation of Teachers, Randi Weingarten, and his former attorneys, among others. *See id.*[1]

The Complaint must be dismissed as to the UFT on the following grounds:

*First*, the Complaint was not properly served on the UFT. The UFT received the Summons and Complaint—which was not addressed to any particular individual, officer, agent, department, or floor—on or about January 23, 2025 via certified mail at its Retiree Supplemental Health Insurance Program office. For service by mail, New York law requires, *inter alia*, that a plaintiff mail a copy of the summons and complaint *via* "first class mail, postage prepaid, . . . together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender." CPLR § 312-a. "Under that provision, service is not complete until a signed acknowledgement of receipt is mailed back to the sender. *Id.* § 312-a(b)." *West v. Bell & Ross Inc.*, 2021 U.S. Dist. LEXIS 18774, at *2 (S.D.N.Y. Feb. 1, 2021) (Cronan, J.). Plaintiff does not appear to have complied with these requirements, and he specifically avers that he mailed the Summons and Complaint by certified mail. Dkt. No. 12. Accordingly, service was ineffective, and the Complaint should be dismissed as to the UFT pursuant to FRCP 12(b)(2) and (5). *See, e.g., Obot v. Navient Sols., Inc.*, 726 F. App'x 47, 48 (2d Cir. 2018) (affirming dismissal of *pro se* litigant's complaint); *Speedfit LLC v. Woodway USA, Inc.*, 642 F. Supp. 3d 429, 440 (S.D.N.Y. 2022).

---

[1] Plaintiff has also filed charges or commenced litigation at the EEOC, NYS PERB, and in New York Courts, including Plaintiff's proceeding brought pursuant to CPLR articles 78 and/or 75 purporting to challenge the arbitration award terminating his employment with the DOE. *Lucio Celli v. Taylor, NYC DOE*, Index No. 101118/2023 (Sup. Ct., NY Cty 2023) (dismissing petition).



Hon. Robert W. Lehrburger
February 14, 2025
Page 3

*Second*, Plaintiff's claims are time-barred or not cognizable against the UFT. Plaintiff's allegations against the UFT distill to an alleged breach of the duty of fair representation and are subject to a four-month statute of limitation period. CPLR § 217(2)(a); *Roman v. City Empls. Union Local 237*, 300 A.D.2d 142 (1st Dept 2002). Plaintiff was terminated effective October 19, 2023, and he was no longer a member of the UFT after that date. Plaintiff's claims against the UFT are therefore untimely.

*Third*, the Complaint fails to state a claim against the UFT, including for breach of the duty of fair representation. The Complaint consists of impermissibly vague and conclusory allegations and does not plausibly allege any conduct on the part of the UFT that is discriminatory, arbitrary, or taken in bad faith. *See Vaca v. Sipes*, 386 U.S. 171, 190 (1967).

*Fourth*, the Complaint is duplicative of other actions filed by Plaintiff, including *Celli v. Katzman*, 2022 U.S. Dist. LEXIS 58850 (S.D.N.Y. Mar. 30, 2022) and *Celli v. Engelmayer*, 2023 U.S. Dist. LEXIS 53157 (E.D.N.Y. Mar. 28, 2023). In these actions Plaintiff was specifically warned that "future filing of repetitive, vexatious and frivolous litigation may result in the imposition of an injunction prohibiting [Plaintiff] from making future filings…without leave of the Court." *Id.* The instant Complaint contains substantially similar allegations, and Plaintiff has engaged in a pattern of harassing conduct, including towards the various defendants in the many actions he has commenced, court personnel, clerks, judges, and attorneys, including sending 937 emails to the undersigned to date.

The UFT respectfully seeks leave to move to dismiss the Complaint as to the UFT pursuant to FRCP 12(b)(2), (5), and (6), and proposes the following briefing schedule: (i) Defendants' motions to dismiss to be filed by March 21, 2025; (ii) Plaintiff's response to be filed by April 11, 2025; and (iii) Defendants' replies, if any, to be filed by May 2, 2025.

Respectfully submitted,

**BLITMAN & KING LLP**

Paul K. Brown

PKB:ppn

cc: Lucio Celli, Plaintiff *Pro Se* (*via CM/ECF* and *via first-class mail*)
Counsel of Record (*via CM/ECF*)

4905-9707-5988, v. 2