**Lucio Celli**
89 Widmer Road
Wappingers Falls, NY 12590
Lucio.celli.12@gmail.com

**January 22, 2025**

**Hon. Robert Lehrburger**
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Pre-motion to amend complaint once the 21 days are up, as the Defendant refused to sign waivers for first class mail.**

*Case Title: Lucio Celli v. New York City et al.*
*Case No.: 2024-cv-09743*

---

**Dear Magistrate Judge Lehrburger,**

The Defendant refused to sign the waiver for service, therefore, I must hire a process server, per FRCP 4. The Defendants know that this is premature. I am still within the 90 days of service and it will be completed by the first week in March.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**TO THE HONORABLE COURT, DEFENDANT, AND COUNSEL OF RECORD:**

**NOW COMES** Plaintiff **Lucio**, who respectfully moves this Court for leave to file a First Amended Complaint pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure. In support thereof, Plaintiff states as follows:

# I. INTRODUCTION

Under **Federal Rule of Civil Procedure 15(a)(1)**, a plaintiff has the absolute right to amend the complaint once as a matter of course before the defendant files a responsive pleading or a motion to dismiss is granted with prejudice. The rule is interpreted liberally to allow amendment, ensuring that cases are decided on their merits rather than on procedural technicalities.

Additionally, Plaintiff's 90-day period to serve the complaint has not yet expired under **Federal Rule of Civil Procedure 4(m)**. Courts have consistently held that plaintiffs are entitled to the full 90-day service period before dismissal may be considered. See **Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991)** (holding that dismissal for failure to serve is premature before the

expiration of the service period); **Tuke v. United States, 76 F.3d 155, 156 (7th Cir. 1996)** (noting that a plaintiff has the full time period provided under Rule 4(m) to effectuate service).

Plaintiff also intends to serve a **Motion to Enforce Judge Engelmayer's Order** under **Federal Rule of Civil Procedure 4.1**. Failure to enforce a federal court order constitutes a crime under **18 U.S.C. § 1509**, which prohibits obstruction of orders issued by federal courts.

## II. LEGAL STANDARD

### A. Right to Amend Under Rule 15(a)

Rule 15(a) of the **Federal Rules of Civil Procedure** provides:

- "(1) A party may amend its pleading once as a matter of course within:
  (A) 21 days after serving it, or
  (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

The Supreme Court and lower courts consistently hold that leave to amend should be "freely given when justice so requires." **Foman v. Davis, 371 U.S. 178, 182 (1962).**

### B. Plaintiff Has 90 Days to Serve Under Rule 4(m)

Federal Rule of Civil Procedure 4(m) states that a plaintiff has **90 days** from the date of filing to serve the complaint before dismissal for lack of service may be considered. Courts have confirmed that a case **cannot be dismissed for lack of service until this 90-day period has expired**. See. KOGAN, -v-FACEBOOK,INC, et al, 19 Civ. 2560 (PAE)

### C. Obligation to Enforce Federal Court Orders Under Rule 4.1 and 18 U.S.C. § 1509

- Under **FRCP 4.1**, federal court orders must be enforced in accordance with the law.
- Under **18 U.S.C. § 1509**, obstruction or failure to enforce a federal court order is a **federal crime**.

## III. FACTUAL BASIS FOR AMENDMENT

Plaintiff's amended complaint will include the following key factual allegations, which are essential to Plaintiff's claims:

1. **Judicial Interference in Legal Representation**

- o Judge Engelmayer issued an order that prevented Plaintiff from proving that Engelmayer, Randi Weingarten, and Judge Cogan interfered in Plaintiff's legal representation.
- o This interference directly caused Plaintiff to suffer financial harm, including a loss of $80,000 in wages.
- o The order is preemptive because it was issued pursuant to a criminal statute, which should not have applied to Plaintiff's claims.

2. **Employer Retaliation and Collusion**
    - o Plaintiff was informed by an aide to Friedman that Plaintiff's employer regretted the treatment Plaintiff suffered but was forced to withhold money due to pressure from the United Federation of Teachers (UFT) and Randi Weingarten.
    - o This retaliation stemmed from a controversy involving a personal image ("penis picture") and was intended to punish Plaintiff financially.
3. **Unexplained Financial Losses in Litigation**
    - o When appearing before Judge Cogan (a former attorney for the UFT), Plaintiff discovered that $200,000 in owed compensation was missing.
    - o Additional financial losses include $40,000 to $50,000 in retroactive pay.
    - o Plaintiff's entitlement to retroactive pay is supported by the UFT's own legal brief, HR policies from the Department of Education (DOE), and the City's collective bargaining agreement (CBA).
4. **Criminal Wage Theft and Federal Violations**
    - o District Attorney DuBeck stated that the actions of the UFT and DOE—along with other parties involved—constituted wage theft under New York State law.
    - o Assistant U.S. Attorneys (AUSAs) confirmed that these acts also constitute a federal crime.
5. **Denial of Essential Medical Treatment**
    - o The UFT actively interfered with Plaintiff's ability to access HIV prescription medication.
    - o As a result, Plaintiff developed HIV drug resistance, exacerbating Plaintiff's medical condition and causing irreparable harm.

## IV. ARGUMENT

1. **Plaintiff Has a Right to Amend as a Matter of Course**
   Plaintiff has not yet exercised the right to amend the complaint once as a matter of course. The original complaint was filed on **[date]**, and no responsive pleading has been filed, nor has 21 days elapsed since service of a Rule 12 motion. Under **FRCP 15(a)(1)**, Plaintiff is entitled to amend as a matter of right.
2. **Plaintiff Still Has Time to Serve Under Rule 4(m)**
   The 90-day service period under **FRCP 4(m)** has not yet expired, and Plaintiff is within the permitted timeframe to complete service. See **Schnabel, 922 F.2d at 728**.
3. **Defendant Will Suffer No Prejudice**
   Amending the complaint at this early stage will not unduly burden or prejudice Defendant, as discovery has not commenced, and no substantive rulings have been issued.

# V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Grant Plaintiff leave to file the attached **First Amended Complaint** pursuant to Rule 15(a)(1);
2. Recognize that the 90-day service period has not yet expired under Rule 4(m);
3. Take judicial notice that the enforcement of Judge Engelmayer's order is required under FRCP 4.1 and failure to do so may constitute a crime under 18 U.S.C. § 1509.

A proposed order is submitted herewith.

---

**Sincerely,**
Lucio Celli