**Lucio Celli**
89 Widmer Road
Wappingers Falls, NY 12590
Lucio.celli.12@gmail.com

**February 20, 2025**

**Hon. Robert Lehrburger**
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Notice, I will file in the 2d Cir. to request a transfer out of the 2d Cir because the entire circuit is biased, as my claim deals with Engelmayer's order and Judge Lehrburger plans on committing the crime of 18 USC § 1509**

*Case Title: Lucio Celli v. New York City et al.*
*Case No.: 2024-cv-09743*

Dear Magistrate Lehrburger:

I plan on filing the following petition in the 2d Cir and I request that Your Honor does not make any ruling until the 2d Cir. issues one. Obviously, Clerk Wolfe will commit another crime, but we have to pretend. I will also ask for your recusal under mandamus

---

Plaintiff-Appellant Lucio Celli, respectfully moves this Court to transfer the above-captioned case to another Circuit pursuant to 28 U.S.C. § 2106 and the Court's inherent authority to ensure fair and impartial adjudication. This motion is based on the grounds that the judges of the Second Circuit, as well as the tribunal overseeing this matter, have demonstrated actual bias or at minimum the appearance of bias, thereby depriving Plaintiff-Appellant of a fair tribunal in violation of due process under the Fifth Amendment to the U.S. Constitution.

LEGAL STANDARD

The U.S. Supreme Court has long recognized that due process requires a fair tribunal, free from bias or even the appearance of partiality. In re Murchison, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process."). Further, federal courts have the authority to reassign or transfer cases when impartial adjudication is in question. See Liteky v. United States, 510 U.S. 540, 555 (1994) (explaining that judicial bias warrants recusal when it stems from an extrajudicial source or displays deep-seated favoritism or antagonism making fair judgment impossible).

Under 28 U.S.C. § 455(a), a judge must recuse themselves when "his [or her] impartiality might reasonably be questioned." Similarly, 28 U.S.C. § 144 provides that a party may seek reassignment upon filing a timely affidavit establishing personal bias or prejudice by a judge. Where multiple judges of a Circuit exhibit bias, a litigant is entitled to seek transfer to another tribunal to ensure fundamental fairness.

ARGUMENT
	1.	Evidence of Bias by the Second Circuit Judiciary and Tribunal
Plaintiff-Appellant has been subjected to repeated adverse rulings by judges of the Second Circuit that demonstrate an unmistakable pattern of bias. These include, but are not limited to:
	•	[Specific rulings, procedural irregularities, or factual instances of bias—insert details here]
	•	[Statements or conduct demonstrating favoritism towards the opposing party or hostility toward Plaintiff-Appellant]
	•	[Any prior relationships between the judges and the opposing party or counsel, if applicable]
The cumulative effect of these actions creates, at minimum, the appearance of bias, thereby violating Plaintiff-Appellant's right to a fair and impartial tribunal.
	2.	Transfer Is Necessary to Preserve Due Process and Public Confidence in the Judiciary
The U.S. Supreme Court has emphasized that courts must not only be impartial but must also appear to be impartial to maintain public trust. See Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868, 883 (2009) (holding that due process requires recusal where "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable"). Given the Second Circuit's demonstrated bias against Plaintiff-Appellant, transferring this case to another Circuit is necessary to restore confidence in the fairness of the proceedings.
	3.	The Court Has Authority to Order a Transfer to Another Circuit
Federal courts have inherent authority, as well as statutory authority under 28 U.S.C. § 2106, to transfer a case when the interests of justice so require. See United States v. Liddy, 542 F.2d 76, 79 (D.C. Cir. 1976) (reassigning case to another judge due to bias). This Court should exercise its authority to transfer the case to another Circuit that can adjudicate the matter fairly and without prejudgment.

CONCLUSION

For the foregoing reasons, Plaintiff-Appellant respectfully requests that this Court transfer the case to another Circuit to ensure a fair and impartial adjudication.