UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

**Motion to Engelmayer's Order creates the fact that Federal Courts have exclusive jurisdiction because Judge Engelmayer made a ruling under a federal criminal statute and it denied me of due process before my employer and 80k in backpay.**

# Introduction

Plaintiff, Lucio Celli, respectfully moves this Honorable Court to take jurisdiction of this complaint on the grounds that New York State Court lacked jurisdiction. The Defendants knew that federal court had exclusive jurisdiction because the exclusive jurisdiction arises out of federal statute and the the evil administration of the federal statute which governs terms of probation. The root of this petition totally stems from federal court provides the exclusive jurisdiction of the federal courts as they pertain to federally regulated crimes. This motion is made pursuant to [relevant New York procedural rule] and is supported by the following memorandum of law

# Legal Argument

## I. Federal Courts Have Exclusive Jurisdiction Over Certain Crimes

Under the United States Constitution and federal statutes, certain crimes are exclusively within the jurisdiction of federal courts. The Supremacy Clause of the U.S. Constitution, Article VI, Clause 2, establishes that federal law is the supreme law of the land, and state courts must yield to federal jurisdiction where it is exclusive. It is the plaintiff's position that Judge Franks knew and ignored the fact that Judge Franks rendered a decision in the plaintiff's Art 75/Art. 78 petition for New York City, Department of Education and Timothy Taylor, arbitrator for New York State Department of Education.

Issue 1: Judge Engelmayer prevented me from defending myself, which a due process right for public employees with the fact that I provided the transcript where Judge Engelmayer said that he had to allow me to defend myself

Issue 2: the deprivation of procedural safeguards were done to prevent me from creating a record that Randi Weingarten interfered and denied me a fair trial, my lawyer admitted to conspiring, and limit the facts with evidence of what Weingarten and  UFT did me to because I complained about bathroom with the union official who was part of denying me that grievance.

## II. Background

1. On December 28, 2024, Plaintiff filed a complaint against Defendant alleging discrimination with retaliation based on protected classes and deprivation of procedural due process, in a termination hearing for public employees.
2. Mr. Yu[1] to and Art Taylor[2]
3. The complaint asserts that the alleged conduct occurred on August 9, 2023 and at 40 Foley Square, which is the court building that contains the Southern District of New York and Court of Appeals for the Second Circuit and involved [describe any federal interest or involvement, e.g., "federal funds or property"].
4. The nature of the allegations directly implicates federal interests and involves violations of federal statutes, specifically [mention any relevant federal statute, e.g., "18 U.S.C. § 641"].

### Relevant Statutes and Case Law

---

[1] I provided for Judge Franks and sent a emails of HR knowledge with the UFT's acknowledging the same facts with Yu making the state under NYS law for perjury
[2] There is where

1. **Federal Statutes**: Certain federal statutes explicitly grant exclusive jurisdiction to federal courts over specific crimes. For example, *18 U.S.C. § 3231* provides that federal district courts have original jurisdiction over all offenses against the laws of the United States.

2. **Case Laws**:

Federal Case Law:

a. The final Supremacy Clause read:[3]

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

b. Hines v. Davidowitz, 312 U.S. 52, 67 (1941); see also Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947) (endorsing preemption when a federal statute touches "a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject").

c. *First Interest*: the integrity of State sovereign

In Garcia v. San Antonio Metropolitan Transit Authority, for example, the Court overruled its earlier decision limiting Congress' ability to regulate the "states as states." Citing Wechsler and Choper, the Court observed "that the composition of the Federal Government was designed in large part to protect the States from overreaching by Congress." The Court reasoned that **"[s]tate sovereign interests** . . . are more properly protected by *procedural safeguards inherent* in the structure of the federal system…"" Further, procedural safeguards inherent in the structure of the federal system" are for additional protection."

d. ***Second Interest:*** the Ed Law 3020a deprives teachers of due process because the ten-day statute of limit has been acknowledged by the Supreme Court as a violation of Due Process Clause[4] because ANYTHING less than a year to appeal a decision is pure violation of this constitutional right.[5]

e. **Third Interest:** a federal law that aims to prevent organized crime from infiltrating legitimate businesses. The law has been used in a variety of contexts, including to

---

[3] Farrand's Records, *supra* note 1, at 22. The approved clause read: Resolved that the legislative acts of the United States made by virtue and in pursuance of the articles of Union and all Treaties made and ratified under the authority of the United States shall be the supreme law of the respective States as far as those acts or Treaties shall relate to the said States, or their Citizens and Inhabitants—and that the Judiciaries of the several States shall be bound thereby in their decisions, anything in the respective laws of the individual States to the contrary notwithstanding. 2 Farrand's Records, *supra* note 1, at 22.

[4] 5th and 14th Amendment

[5] I do not care about this, as I WANT finish shame because I have PURE shame for Rhonda "**Randi**" Weingarten

prosecute organized crime and to restrict protest activity—Weingarten deprived me of this right in federal. State, and Local levels:

8 U.S.C. §§ 3563(b) and 3553(a)(1)-(2). For supervised release cases, conditions must involve "no greater deprivation of liberty than is reasonably necessary" for the purposes of deterrence; protection of the public; and providing needed correctional treatment to the defendant

> **Civil Rico**: Weingarten[6] is the evil mob boss and the grand leech for the cash cow milkers and believes that she is above the law and Sen. Schumer's judges and his AUSA Peace provided her with this right.

> Norman v. Niagara Mohawk Power Corp., 873 F.2d 634, 636 (2d Cir. 1989) ("by reason of" requires causal connection between proscribed conduct and plaintiff's injury); Ocean Energy H, Inc. v. Alexander & Alexander, Inc., 868 F.2d 740, 744 (5th Cir. 1989) (must employ traditional causation analysis in determining whether RICO plaintiff injured" by reason of" § 1962 violation); Grantham & Mann, Inc., v. American Safety Prods., Inc., 831 F.2d 596, 606 (6th Cir. 1987) ("by reason of" language imposes causation requirement of conduct that violated § 1962 and directly or indirectly injured plaintiff's business or property).

> I was depriving of every single right under the US Constitution and New York State's Constitution with Judge Engelmayer obstructing the facts and OPENLY retaliating against and used Weingarten's mental game of using what the NYPD did to me as means to recreate what occurred.[7]

> Please Take CLOSE Notice, the twins of pure evil robbed my parents of 20k to cover up the fact that my "arch-enema"[8] Weingarten and Judge Engelmayer with AUSA Peace

---

[6] Weingarten **ONLY** cares about her face, the power, and her seat at the table because she does not give a damn about the kids or her members—all empty words that come out of her mouth, I told everyone that I do not if her wife makes the top five in her life.

[7] The NYPD brought black men in a line up and I picked out a white Hispanic. I told the cops, none of these men of even close to what I picked out in the photo array. The cops told me that it was in my mind, or I forgot. Due to what was going on between Randi and I: I wrote how I felt about this situation because the UFT would not deal with the fact that a principal nearly slapped me and what they were doing brought to that place. It my fault for being too emotionally weak and I cannot change the past.

[8] **Definition**: a person that is your enemy but also a true and pure piece of shit with her mother who need to swallow her, and she needed to tasty the pure evil. Instead of allowing the dark mistress of Sen. Schumer's eye to born.

What Weingarten done and deprived all fall under RICO:" In Sedima, S.P.R.L. v. Imrex Co., Inc.: 473 U.S. 479 (1985), the Court explain, in order to have standing to sue[9],

- **Legal Context:** The case involves the Racketeer Influenced and Corrupt Organizations Act (RICO), specifically addressing the requirements for a private civil action under 18 U.S.C. § 1964(c).

- **Issue:** Whether a private plaintiff must allege a "racketeering injury" and whether a defendant must be previously convicted of a predicate act to be liable under RICO.

The Court's Decision explained:

> No Prior Conviction Requirement: The Supreme Court held that a private action under § 1964(c) does not require the defendant to have been previously convicted of a predicate act or a RICO violation. Due to the fact that the Court found no support in RICO's history, language, or policy considerations for such a requirement.
>
> **No "Racketeering Injury Requirement**: Weingarten did injury and they all under the Hatch Act or Civ. Ser. Law § 107 and there might be the predicts act under Hobbs or the intimidation of my mother or deprivation of liberty without due process under 18 USC § 371 or having Judge Cogan and Art. Taylor.[10]
>
> The Court also ruled that a plaintiff does not need to establish a "racketeering injury" distinct from the injury caused by the predicate acts themselves. The statute's language does not support an additional requirement beyond the harm caused by the predicate acts.

2. **No "Racketeering Injury" Requirement:**

- The Court also ruled that a plaintiff does not need to establish a "racketeering injury" distinct from the injury caused by the predicate acts themselves.

---

[9] The case involves the Racketeer Influenced and Corrupt Organizations Act (RICO), specifically addressing the requirements for a private civil action under 18 U.S.C. § 1964(c).

[10] I am not a lawyer and I know how Weingarten works—I have used the rule cited in the Federal Rules of Evidence as means to counter the fact that

- The statute's language does not support an additional requirement beyond the harm caused by the predicate

f. ***The Holy Trinity of Public Corruption:*** Sen. Schumer, Sen. Gillibrand and Randi Weingarten[11]

   Citing Garcia, Justice Souter's dissent (joined by Justices Stevens, Ginsburg, and Breyer) stressed "the importance of national politics in protecting the States' interests," and concluded that "the Constitution remits [conflicts of sovereign political interests] to politics." Similarly, Justice Breyer's dissent (joined by Justices Stevens, Souter, and Ginsburg) cited Professor Kramer's work to support the proposition that "Congress, not the courts, must remain primarily responsible for striking the appropriate state/federal balance.[12]

State Case Law:

a. _Commencement date is control by **CLPR § 304** and **CLRL § 306**_: After defining the term "filing" as the delivery of certain litigation papers to the clerk of the court or other person designated by the clerk, CPLR 304 specifies that, "[a]t the time of filing, the filed papers shall be date stamped by the clerk of the court who shall file them and maintain a record of the date of the filing and who shall return forthwith a date stamped copy, together with an index number, to the filing party." In addition, CPLR 306-a(a)provides that an index number shall be assigned "[u]pon filing." This express statutory language — which requires an immediate temporal link between **(1) the litigant's physical act of filing, (2) the court's date stamping of filed papers and (3) the assignment of an index number — evinces the Legislature's intent to treat litigation papers as "filed**" within the meaning of CPLR 304 only upon the physical receipt of those papers by the court clerk or the clerk's designee. ***See*** *Matter of Grant v. Senkowski*, 95 N.Y.2d 605, 608-9 (N.Y. 2001)

b.

c. **NYS Court of Appeals recognized that Congress preempted the states from regulating qualified facilities because they applied the Supreme Clause**.

---

[11] In context with conjecture and not facts: I believe Weingarten duped them because of comments made to me.
[12] I and I adding local government to their list

In Consolidated Edison Company v. Public Service Commission of New York, 63 N.Y.2d 424, 483 N.Y.S.2d 153, 472 N.E.2d 981 (1984) appeal dismissed, 470 U.S. 1075 (1985), the New York Court of Appeals recognized that Congress preempted the states from interfering in federal statutes that provide districts with exclusive district. Based upon the **Supremacy Clause** of the United States Constitution (see U.S. Const, art VI, cl 2), Federal law will prohibit the enforcement of State regulation in several circumstances. Preemption will arise if the Federal statute contains express language indicating Congressional intent to preempt the field sought to be regulated by State law (see Jones v Rath Packing Co., 430 U.S. 519, 525). In the absence of express preemption, such may be implied from the comprehensive and pervasive nature of the Federal legislation that indicates an intention by Congress to leave "no room for the States to supplement" Federal law, or if the Federal law concerns a dominant Federal interest (see Rice v Santa Fe Elevator Corp., 331 U.S. 218, 230). Preemption may also be found when compliance with both Federal and State law is an impossibility (see Florida Avocado Growers v Paul, 373 U.S. 132, 142-143). Indeed, if the State law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress", as expressed in the conflicting Federal statute, it must fall ( Hines v Davidowitz, 312 U.S. 52, 67; see, also, Capital Cities Cable v Crisp, 467 U.S. ___, ___, 104 S Ct 2694, 2700).

d.   Although a state court is bound by the decisions of the Supreme Court of the United States on issues of federal law, the state court is not bound by decisions of lower federal courts on issues of federal law, where there is a lack of uniformity among them. *See Oceanview Home for Adults, Inc. v. Zucker, et al.,* No. CV-22-1940, 2023 WL 3235674 (N.Y. App. Div., 3d Dept., May 4, 2023) ("Although we are bound by the decisions of the Supreme Court of the United States on issues of federal law (*see People v. Kin Kan*, 78 N.Y.2d 54, 59-60, 571 N.Y.S.2d 436, 574 N.E.2d 1042 [1991]), that is not the case with respect to decisions of lower federal courts where there is a lack of uniformity (*see Flanagan v. Prudential–Bache Sec., Inc.,* 67 N.Y.2d 500, 506, 504 N.Y.S.2d 82, 495 N.E.2d 345 [1986], *cert denied* 479

3.   The U.S. Supreme Court and lower federal courts have consistently held that federal courts have exclusive jurisdiction over crimes that are federally regulated. In [insert relevant case name, e.g., "Gonzales v. Raich"], the Court emphasized the federal government's exclusive authority over certain criminal matters.

## III. Application to the Present Case

The charges against the Defendant involve [describe the nature of the crime, e.g., "interstate drug trafficking"], which is a matter of federal concern and is governed by federal law. As such, the federal courts have exclusive jurisdiction over these charges. The New York State court, therefore, lacks the authority to adjudicate this matter.

## IV. Precedent and Policy Considerations

Allowing state courts to exercise jurisdiction over federally regulated crimes would lead to inconsistent enforcement of federal laws and undermine the uniformity intended by Congress. Federal courts are better equipped to handle such cases, given their expertise and resources dedicated to federal criminal matters.

## Conclusion

For the foregoing reasons, the Defendant respectfully requests that this Court take rightful jurisdiction over this matter against Defendants because they knew and understood the fact that NYS Courts for lacked jurisdiction due to Judge Engelmayer's order. Federal courts have exclusive jurisdiction over the alleged offenses, and this Court should exercise jurisdiction because a federal court order provided for a federal forum.

Respectfully submitted,

Lucio Celli

Dated: February 17, 2025