UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.



PLAINTIFF'S MOTION TO Enforce Engelmayer's Order Against the Defendants, as the order deprived me of Due Process in my 3020a and deprived of 80k in pay and pension credit.

Plaintiff, Lucio Celli, respectfully requests the Court, per Federal Rule of Civil Procedure 4.1 and 71, to issue an order to provide relief from Judge Engelmayer's restrictions on communications with his employer and arbitrator regarding his 3020a proceedings. This application stems from actions taken that have denied Mr. Celli due process as mandated by the order of Judge Engelmayer dated August 9, 2023. To substantiate this motion, Mr. Celli presents the following points:

**1. Introduction**

This motion seeks the Court's intervention to uphold its previous order that restricted communications with Mr. Celli's employer and the arbitrator during his 3020a proceedings. Specifically, it requests enforcement against third parties, namely the New York State Education Department (NYSED), United Federation of Teachers (UFT), and New York City Department of

Education (NYCDOE), who have a duty to adhere to or assist in the enforcement of the Court's rulings.

Despite being fully aware of the Court's order, individuals such as Taylor and Rosa from NYSED, along with certain NYCDOE officials, have actively disregarded these directives. This non-compliance has not only deprived Mr. Celli of the relief rightfully due to him but also hindered the justice process.

Furthermore, the refusal of Judge Frank to assume jurisdiction over this matter, without any legal justification, further compounds the injury to Mr. Celli and disrupts the efficacy of this Court's decisions.

Given these circumstances, it is imperative that the Court provides injunctive relief to ensure NYSED and NYCDOE adhere to Judge Engelmayer's order, thus preserving the integrity and authority of this Court's jurisdiction. Through this motion, Mr. Celli seeks a resolution that reaffirms his legal rights and ensures that due legal process is not just a concept, but a practical reality.

## 2. Background

Judge Engelmayer issued an order prohibiting me from communicating with my employer or arbitrator. This order was never modified by Judge Engelmayer. I was only given notice of this order without any additional details. Furthermore, my lawyer and probation officer prevented me from receiving more than just the notice. On August 9, 2023, I was still under the constraints of this order.

Therefore, my complaint is not frivolous, and Your Honor knows that I was only provided with notice

I pleaded the following:

    a) Judge Engelmayer's order reduced my rights to mere "notice," violating fundamental due process protections for public employees. This failure to provide a full and fair hearing runs counter to Supreme Court precedent—especially

Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985)—as well as the explicit mandates of Education Law §3020-a and the Collective Bargaining Agreement (CBA). Under both §3020-a and Article 21 of the CBA, public school teachers are entitled to a pre-termination hearing that allows them to respond to allegations. By denying me that hearing and disregarding grievances related to these violations, the UFT, acting jointly with the DOE, became a public actor complicit in depriving me of due process. Interpreting Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972), in a manner that undermines Loudermill's hearing requirement further endangers these procedural rights. When the statutory and contractual framework mandates more than simple notice, failing to honor these safeguards constitutes an unlawful deprivation of property without due process. Consequently, Judge Engelmayer's order must be challenged to protect the constitutional and statutory rights embodied in Loudermill, §3020-a, and the CBA.

b) **Mullane v. Central Hanover Tr. Co.**, 339 U.S. 306 (1950), in Mullane, the Court said that notice alone does not satisfy due process

### 3. Legal Standard

Federal Rule of Civil Procedure 4.1 provides the mechanism for the enforcement of a judgment for a specific act. This rule ensures compliance with court orders mandating specific actions by a party.

FRCP 4.1(b) Enforcing Orders: Committing for Civil Contempt. An order committing a person for civil contempt of a decree or injunction issued to enforce federal law may be served and enforced in any district. Any other order in a civil-contempt proceeding may be served only in the state where the issuing court is located or elsewhere in the United States within 100 miles from where the order was issued.

### A. Federal Rule of Civil Procedure 4.1

Under FRCP 71, "When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." This rule applies to orders that impose obligations or confer benefits on nonparties, ensuring that third parties are bound by and can enforce orders as necessary. See United States v. Hall, 472 F.2d 261, 265 (5th Cir. 1972) (recognizing that injunctions may bind nonparties who are sufficiently connected to the subject matter of the case).

### B. The All Writs Act

The All Writs Act, 28 U.S.C. § 1651, empowers courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Act provides broad authority to enjoin third parties whose actions threaten to interfere with the Court's jurisdiction or orders. See *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977).

### C. Courts' Power to Bind Nonparties

Nonparties can be subject to injunctions when their actions threaten to frustrate a court's orders or jurisdiction. See *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945) (holding that injunctions bind nonparties who are in active concert or participation with parties). Injunctive relief is appropriate where third parties have acted in concert with a party or where their conduct directly affects the relief granted. See also *In re Baldwin-United Corp.*, 770 F.2d 328, 338 (2d Cir. 1985) (authorizing injunctions to protect settlements from interference by third parties).

### 4. Argument

#### NYSED and NYCDOE Are Bound by the Court's Order Under FRCP 71

Judge Engelmayer's order imposes clear obligations on NYSED and NYCDOE to [INSERT SPECIFIC OBLIGATIONS]. As nonparties subject to the order, Taylor and Rosa of NYSED, as well as NYCDOE officials, are bound under FRCP 71 and must comply. See *United States v. Hall*, 472 F.2d at 265. Their actions in defying the order constitute interference that this Court is empowered to address through injunctive relief.

#### The All Writs Act Supports Injunctive Relief Against Third Parties

The All Writs Act authorizes courts to issue orders necessary to enforce their judgments and prevent obstruction by third parties. See *United States v. New York Tel. Co.*, 434 U.S. at 174. Here, Taylor and Rosa's refusal to comply and Judge Frank's failure to take jurisdiction have directly undermined the Court's ability to effectuate its judgment. Injunctive relief is necessary to prevent further obstruction.

#### Judge Frank's Failure to Provide Justification Violates Procedural Requirements

Judge Frank's refusal to take jurisdiction, without explanation, contravenes fundamental

principles of judicial procedure and has exacerbated the harm to Plaintiff. Courts are required to provide a reasoned basis for declining jurisdiction, particularly when enforcement of another court's order is at stake. See *Engel v. CBS, Inc.*, 886 F.2d 128, 132 (6th Cir. 1989). This failure underscores the need for this Court to intervene.

**The Requested Injunction Is Narrowly Tailored**

Plaintiff seeks narrowly tailored relief to enforce Judge Engelmayer's order and ensure compliance by NYSED and NYCDOE. The requested injunction is no broader than necessary to prevent further harm and preserve this Court's jurisdiction.

### 5. Relief Sought

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an injunction directing Taylor and Rosa of NYSED, as well as NYCDOE officials, to comply with Judge Engelmayer's order by providing me with another 3020a with a camera to prove that I was denied every single right to a fair trial by Randi Weingarten, Judge Cogan, and Judge Egnelmayer because they interfered with my legal representation and there are audios to support my claims;
2. Require NYCDOE to take immediate steps to in providing me hearing with due process and backpay;
3. Enjoin Judge Frank from refusing to take jurisdiction without providing justification as required by law;
4. Grant Plaintiff's attorneys' fees and costs incurred in bringing this motion;
5. If the Court grants my request, I will have the due process owed to public employees and 80k in backpay and maybe more; and
6. Grant such further relief as this Court deems just and proper.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the court grant this Motion to Enforce Court Order.