UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

2024-cv-09743

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.



# PLAINTIFF'S MOTION TO Enforce Engelmayer's order against the Defendants and to recoup lost wages and pension credit.

**PLAINTIFF'S MOTION FOR RECUSAL OF JUDGE [INSERT NAME]**

**INTRODUCTION**

Plaintiff, [Your Name], respectfully moves this Court for the recusal of Judge [Insert Name] pursuant to 28 U.S.C. § 455(a) and (b), as well as any applicable local rules governing judicial conduct and impartiality. Plaintiff asserts that recusal is necessary to preserve the integrity of these proceedings and to ensure fundamental fairness.

**LEGAL STANDARD**

Under **28 U.S.C. § 455(a)**, a judge must disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned." Additionally, **§ 455(b)** requires recusal where a judge has a **personal bias, financial interest, or prior involvement** in the case that compromises neutrality. Courts have consistently held that the appearance of bias, even absent direct proof of misconduct, can be sufficient grounds for disqualification. *Liteky v. United States*, 510 U.S. 540, 548 (1994); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988).

**GROUNDS FOR RECUSAL**

1. **Demonstrated Bias and Prejudice**

   Plaintiff has reason to believe that Judge Lehrburger has exhibited **bias and prejudice** in favor of specific individuals, including but not limited to Randi Weingarten, Clerk Wolfe, Judge Cogan, and Judge Engelmayer. Plaintiff contends that improper influence has been exerted upon these proceedings in an effort to conceal criminal conduct and interfere with the fair adjudication of Plaintiff's claims.

   There is proof of their misconduct and to cover up the fac that I was denied a right for a fair trial.

2. **Conflicts of Interest and Involvement in Related Matters**

   Plaintiff has obtained **evidence suggesting that individuals connected to this case**, including Kellman and Silverman, have engaged in conspiratorial conduct that implicates Judge Engelmayer and Judge Cogan. Specifically, Plaintiff alleges that **Kellman admitted to conspiring with Judge Engelmayer** and that **Silverman admitted to conspiring with Randi Weingarten and Judge Cogan**. Such entanglements **raise significant concerns regarding impartiality and fairness** in the adjudication of this matter.

3. **Interference with Other Civil Litigation**

   Plaintiff further contends that **Randi Weingarten is actively interfering with another one of Plaintiff's civil cases** to obstruct justice and cover up alleged misconduct. This conduct, if left unchecked, will **continue to compromise Plaintiff's rights** and the legitimacy of these proceedings. Judicial recusal is necessary to **ensure that the proceedings remain fair, impartial, and free from undue influence.**

4. **Appearance of Impropriety and Loss of Public Confidence**

   The law is clear that recusal is warranted where there is even **an appearance of impropriety**. The Supreme Court has emphasized that "justice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 14 (1954). Here, the **public perception of bias and partiality**—stemming from the judge's alleged involvement or associations with individuals affecting this case—**undermines the integrity of the judicial process**.

   Even if Judge Lehrburger believes they can remain impartial, the **reasonable perception of bias is sufficient to warrant recusal** under § 455(a). See *Liljeberg*, 486 U.S. at 860 ("[T]he disqualification decision must reflect the need to ensure public confidence in the judiciary.").

5. Judge Lehrburger believes that actions of the Defendants causing me to be HIV Drug resistant is frivolous
6. Randi Weingarten paid Judge Marrero (supposedly) to ignore and distort the fact-this is what I heard on the audio played by Combier—and Judge Lehburger is doing the same.
7. Judge Lehrburger is intentionally ignoring facts to law because he is helping Randi Weingarten to further harm my immune system:

## A. Defendant's Denial Violates the Americans with Disabilities Act (ADA)

Under the **ADA (42 U.S.C. § 12101 et seq.)**, insurance companies may not engage in **discriminatory practices** against individuals with disabilities. Courts have recognized that **denying coverage for necessary medical treatment can constitute a violation of the ADA** when it results in disparate treatment or effectively denies meaningful access to healthcare benefits.

- **Doe v. Mutual of Omaha Ins. Co., 179 F.3d 557 (7th Cir. 1999)** – Held that insurance policies must be administered in a non-discriminatory manner under the ADA.
- **Alexander v. Choate, 469 U.S. 287 (1985)** – Established that policies that have a discriminatory effect on disabled individuals can violate federal disability laws, even if the discrimination is unintentional.
- **Carparts Distrib. Ctr., Inc. v. Auto. Wholesaler's Ass'n of New England, Inc., 37 F.3d 12 (1st Cir. 1994)** – Clarified that insurance policies are subject to ADA protections when they disproportionately impact individuals with disabilities.

Defendant's **denial of coverage disproportionately affects individuals with disabilities** and constitutes an unfair barrier to accessing healthcare, in violation of the ADA.

## B. Defendant's Denial Violates the Affordable Care Act (ACA)

Under the **Affordable Care Act (42 U.S.C. § 18001 et seq.)**, insurance companies are prohibited from **arbitrarily denying coverage for essential health benefits, including prescription drugs.** Defendant's refusal to provide coverage for a medically necessary prescription directly violates ACA mandates, including:

- **42 U.S.C. § 300gg-3** (ACA's prohibition on discrimination based on health status)
- **42 U.S.C. § 300gg-4** (Prohibiting insurers from denying benefits based on medical conditions)

Relevant case law supporting Plaintiff's position includes:

- **Cruz v. Zucker, 195 F. Supp. 3d 554 (S.D.N.Y. 2016)** – Found that state Medicaid programs must provide coverage for all medically necessary treatments as part of essential health benefits under the ACA.

- **Planned Parenthood of Gulf Coast, Inc. v. Gee, 862 F.3d 445 (5th Cir. 2017)** – Reinforced the ACA's requirement that insurers must provide equal access to essential healthcare services, including prescriptions.
- **Wit v. United Behavioral Health, 58 F.4th 1080 (9th Cir. 2023)** – Established that insurance companies must adhere to medical necessity standards when making coverage decisions.

Defendant's denial fails to comply with **ACA mandates** and is therefore unlawful.

## C. Defendant's Conduct Constitutes Bad Faith

In addition to violating **federal law**, Defendant's refusal to cover the prescribed medication, despite clear evidence of **medical necessity**, constitutes **bad faith** under [INSERT STATE LAW OR PRECEDENT]. Courts have held that an insurer acts in bad faith when it:

1. **Unreasonably denies a valid claim** (see **Gruenberg v. Aetna Ins. Co., 9 Cal.3d 566 (1973)**);
2. **Fails to properly investigate a claim** (see **Egan v. Mutual of Omaha Ins. Co., 24 Cal.3d 809 (1979)**); and
3. **Refuses to provide a reasonable explanation for denial** (see **State Farm Fire & Cas. Co. v. Superior Court, 45 Cal.App.4th 1093 (1996)**).

Defendant's **failure to provide a reasonable justification** for the denial of Plaintiff's claim constitutes **bad faith** and warrants judicial intervention.

### III. LEGAL STANDARD

**A. Judicial Bias and Due Process Violations:**
Under the Due Process Clause, a judge must be neutral and impartial. The Supreme Court has held that judicial bias or even the appearance of bias violates due process. See Tumey v. Ohio, 273 U.S. 510 (1927); In re Murchison, 349 U.S. 133 (1955).

- **Caperton v. Massey Coal Co.**, 556 U.S. 868 (2009): The risk of actual bias arises when a judge's impartiality is compromised by financial interests, relationships, or personal motivations.
- **Williams v. Pennsylvania**, 579 U.S. 1 (2016): A judge's prior actions or affiliations that create a reasonable question of impartiality require recusal.

**B. Structural Error Doctrine:**
A biased judge creates structural error, which requires automatic reversal of decisions and reassignment to a new judge. See Arizona v. Fulminante, 499 U.S. 279 (1991).

**C. Second Circuit Precedent:**
In the Second Circuit, the appearance of impropriety or favoritism undermines public confidence

in the judiciary and requires recusal. See United States v. Antar, 53 F.3d 568 (2d Cir. 1995); In re IBM Corp., 618 F.2d 923 (2d Cir. 1980).

## IV. ARGUMENT

### A. The Judge's Conduct Violates Due Process and Constitutes Structural Error

1. **Evidence of Actual Bias:**
The judge's statements demonstrate a predisposition against Plaintiff, violating the Due Process Clause. The explicit comment, "frivolous"—when my complaint is grounded upon Engelmayer's order and other facts-- underscores the judge's lack of neutrality.
2. **Favoritism Toward Political Allies:**
The judge's statement disproportionately favor Senator Schumer's ally, Randi Weingarten, creating both actual bias and an appearance of impropriety. See Caperton, 556 U.S. at 885; Tumey, 273 U.S. at 523.
3. **Structural Error:**
Bias on the part of a presiding judge is structural error, which requires automatic reversal of all rulings made in this case. See Fulminante, 499 U.S. at 309-310.

### B. The Judge's Actions Create an Appearance of Impropriety

1. **Disparaging Remarks Toward Plaintiff:**
The judge's derogatory comments, labeling Plaintiff "crazy" and "stupid," are incompatible with the impartiality required of the judiciary and undermine confidence in these proceedings. See Antar, 53 F.3d at 574.

### C. Interference with Plaintiff's Defense Creates Additional Structural Error

1. **Usurping Plaintiff's Defense Strategy:**
By dictating Plaintiff's defense and subjective intent, the judge has effectively deprived Plaintiff of the constitutional right to present a complete defense under

Mathews v. United States, 485 U.S. 58 (1988).

## CONCLUSION

Given the serious nature of the allegations and the legal standard requiring even the **appearance of impartiality**, Plaintiff respectfully requests that Judge [Insert Name] **recuse themselves from this matter** and that the case be reassigned to a different judge.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Grant Plaintiff's Motion for Recusal;**
2. **Reassign this case to an impartial judge; and**
3. **Grant such other relief as the Court deems just and proper.**

Respectfully submitted,

2/24/25

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic