# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

LUCIO CELLI,

**Plaintiff,**

v.

NEW YORK CITY et al,

**Defendants.**



*Case No.: 2024-cv-09743*

MOTION FOR RELIEF UNDER MANDAMUS AND THE ALL WRITS ACT TO REQUIRE AUSA KARAMIGIOS TO PROVIDE AN EXPLANATION ON HOW JUDGE ENGELMAYER'S ORDER IMPEDED DUE PROCESS DURING ARBITRATION, AND TO ADDRESS THE ALLEGATIONS OF JUDGE COGAN MISUSING HIS OFFICE TO THE DETRIMENT OF THE MOVANT AND FOR THE BENEFIT OF HIS FORMER CLIENTS, THE UFT—to prove my complaint is not frivolious.

TO THE HONORABLE Judge Cranon and Magistrate Robert Lehrburger:

Plaintiff Lucio Celli, proceeding pro se, respectfully moves this Court for relief pursuant to the Writ of Mandamus (28 U.S.C. § 1361) and the All Writs Act (28 U.S.C. § 1651) and states as follows:

## I. INTRODUCTION

1. Plaintiff seeks to compel AUSA Durham (E.D.N.Y.) to direct AUSA Karamigios and AUSA Bensing to submit a letter confirming that, after August 9, 2023, Judge Engelmayer never modified or provided relief from his order, despite its direct impact on Plaintiff's rights in arbitration.

2. Judge Engelmayer previously stated: **"I have to allow Mr. Celli to defend himself."** This statement acknowledges Plaintiff's right to defend himself, yet no relief was provided.

3. Furthermore, it was known and understood that Plaintiff had a property right as a public employee, specifically as a tenured teacher, which was affected by the federal court's actions.

4. The New York City Department of Education (NYC DOE) employment practices fall under New York Education Law § 3020-a and the Taylor Law (Civil Service Law, Article 14), as incorporated in the collective bargaining agreement (CBA) between NYC DOE and the United Federation of Teachers (UFT).

5. The U.S. Department of Justice (DOJ) has a duty to enforce and protect civil rights, including the constitutional and statutory rights of public employees.

A writ of mandamus is appropriate where a petitioner demonstrates a clear right to relief, a duty owed by the court, and the absence of an adequate alternative remedy. **See** *Cheney v. U.S.*, Dist. Court for D.C., 542 U.S. 367, 380 (2004). Here, the Department of Justice (DOJ) is not a party to the action, and the requested relief does not affect the defendants in any manner. Instead, the motion seeks to aid the court in managing its proceedings efficiently, which aligns with the judiciary's inherent authority to control its docket and ensure the orderly administration of justice. **See** *Ex parte Peru*, 318 U.S. 578, 583 (1943) (recognizing courts' discretion in issuing extraordinary writs to preserve judicial process). Because the relief sought serves only to streamline the case without prejudice to any party, it is within the court's power to grant mandamus relief in furtherance of judicial economy.

6. AUSAs take an oath under an Executive Order to protect the Constitution, which includes ensuring that public employees are not unlawfully deprived of property rights.

7. Additionally, under the Government Ethics Act of 1978 (5 U.S.C. §§ 7321-7326), federal employees, including AUSAs, must adhere to ethical obligations, including upholding the rule of law and ensuring no person is deprived of due process.

8. Judge Engelmayer ordered AUSA Karamigios to find out if the DOE had prior knowledge of my arrest on 11/14/18 because the DOE had the arrest date prior to Judge Cogan emailing the DOJ, and the UFT were former clients.

## II. LEGAL STANDARD

9. Mandamus relief is warranted where:

a. The movant has a clear and indisputable right to relief;
b. The respondent has a clear duty to act; and
c. The movant has no other adequate remedy at law. See Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380 (2004).

10. The All Writs Act, 28 U.S.C. § 1651, authorizes courts to issue all writs necessary or appropriate in aid of their jurisdiction. See United States v. New York Tel. Co., 434 U.S. 159, 172 (1977).

11. A public employee who has a legitimate claim of entitlement to continued employment has a *constitutionally* protected property interest under the Fourteenth Amendment. **See** *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

12. A tenured teacher has a protected property interest in continued employment, and the government cannot deprive them of this right without due process. **See** *Perry v. Sindermann*, 408 U.S. 593, 602 (1972).

13. In *Matter of Abramovich v. Bd. of Educ.*, 46 N.Y.2d 450, 454 (1979), the New York Court of Appeals held that tenured teachers in New York have a statutory property right to their positions under Education Law § 3020-a and are entitled to due process before termination.

14. The Taylor Law (Civil Service Law, Article 14) protects collective bargaining rights, and courts have repeatedly recognized that NYC DOE teachers' employment conditions are governed by CBA provisions negotiated by the UFT. **See** *Matter of Bd. of Educ. v. New York State Pub. Empl. Rels. Bd.*, 75 N.Y.2d 660, 667 (1990).

15. The Second Circuit has affirmed that teachers governed by CBAs retain enforceable property rights to continued employment. **See** *Kuczinski v. City of New York*, 352 F. App'x 461, 463 (2d Cir. 2009).

16. The U.S. Department of Justice's Civil Rights Division enforces protections for public employees against unlawful deprivation of employment rights under 42 U.S.C. § 1983, which applies *to* violations of due process and constitutional rights by government actors. **See** *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (municipalities and their officials can be held liable for unconstitutional employment actions).

17. AUSAs are bound by Executive Order 10450, which requires all federal employees to uphold the Constitution and rule of law, including due process rights of public employees.

18. Under the Government Ethics Act of 1978 (5 U.S.C. §§ 7321-7326), federal employees, including AUSA Durham, AUSA Karamigios, and AUSA Bensing, have a legal duty to uphold public trust and ensure fair administration of justice.
19.

### III. Petition for Writ of Mandamus

Background

The New York City Department of Education (NYC DOE) employment practices are governed by New York Education Law § 3020-a and the Taylor Law (Civil Service Law,

Article 14), as incorporated in the collective bargaining agreement (CBA) between NYC DOE and the United Federation of Teachers (UFT). The U.S. Department of Justice (DOJ) has a duty to enforce and protect civil rights, including the constitutional and statutory rights of public employees.

A writ of mandamus is appropriate where a petitioner demonstrates a clear right to relief, a duty owed by the court, and the absence of an adequate alternative remedy.

## Legal Standards

Mandamus relief is warranted where:
- The movant has a clear and indisputable right to relief;
- The respondent has a clear duty to act; and
- The movant has no other adequate remedy at law.

The All Writs Act, 28 U.S.C. § 1651, authorizes courts to issue all writs necessary or appropriate in aid of their jurisdiction. A public employee who has a legitimate claim of entitlement to continued employment has a constitutionally protected property interest under the Fourteenth Amendment. A tenured teacher has a protected property interest in continued employment, and the government cannot deprive them of this right without due process.

The Taylor Law (Civil Service Law, Article 14) protects collective bargaining rights, and courts have repeatedly recognized that NYC DOE teachers' employment conditions are governed by CBA provisions negotiated by the UFT.

## IV. Arguments

The U.S. Department of Justice's Civil Rights Division enforces protections for public employees against unlawful deprivation of employment rights under 42 U.S.C. § 1983, which applies to violations of due process and constitutional rights by government actors. AUSAs are bound by Executive Order 10450, which requires all federal employees to uphold the Constitution and rule of law, including due process rights of public employees. Under the Government Ethics Act of 1978 (5 U.S.C. §§ 7321-7326), federal employees, including AUSA Durham, AUSA Karamigios, and AUSA Bensing, have a legal duty to uphold public trust and ensure fair administration of justice.

**Please Take Notice**, Judge Engelmayer's order makes my complaint non frivolous

## V. Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:
- Issue a Writ of Mandamus compelling AUSA Durham to direct AUSA Karamigios and AUSA Bensing to submit a letter confirming that Judge Engelmayer never modified or provided relief from his order after August 9, 2023;
- Recognize that Judge Engelmayer's statement confirmed Plaintiff's right to defend himself, which has been ignored;

- Acknowledge that Plaintiff's property right as a tenured teacher was known and understood by Defendants, yet no action was taken;
- Recognize DOJ's duty under 42 U.S.C. § 1983, Executive Order 10450, and the Government Ethics Act of 1978 to protect constitutional rights in employment matters;
- Issue relief under the All Writs Act, 28 U.S.C. § 1651, as necessary to protect the Court's jurisdiction and prevent injustice;
- Recognize Judge Engelmayer's order precluded plaintiff from any right beyond notice at arbitration which is a direct violation of civil and constitutional rights;
- Acknowledge that this motion does not affect the Defendants' rights in any way and is meant to preserve judicial economy;
- Grant any other relief this Court deems just and proper.


- Recognize that Judge Engelmayer's statement confirmed Plaintiff's right to defend himself, which has been ignored;
- Acknowledge that Plaintiff's property right as a tenured teacher was known and understood by Defendants, yet no action was taken;
- Recognize DOJ's duty under 42 U.S.C. § 1983, Executive Order 10450, and the Government Ethics Act of 1978 to protect constitutional rights in employment matters;
- Issue relief under the All Writs Act, 28 U.S.C. § 1651, as necessary to protect the Court's jurisdiction and prevent injustice;
- Recognize Judge Engelmayer's order precluded plaintiff from any right beyond notice at arbitration which is direct violation of my civil rights and constitutional rights;
- This motion does not affect the Defendants' rights in way, and it is meant to preserve judicial economy
- Grant any other relief this Court deems just and proper.

Respectfully submitted,

Lucio Celli
2/23/25