# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

PLAINTIFF'S MOTION TO RECOGNIZE THE EVIDENTIARY VALUE OF CERTIFIED TRANSCRIPTS of Engelmayer's Order UNDER FEDERAL RULE OF EVIDENCE 201 AND 803(8) TO PROVE DUE PROCESS VIOLATIONS at Arbitration before my Employer.

**NOW COMES** Plaintiff, Lucio Celli, and respectfully moves this Court to **recognize the legal and evidentiary value of the certified transcript from the August 9, 2023, hearing before Judge Engelmayer** and take **judicial notice** of its contents under **Federal Rule of Evidence 201**. This transcript **constitutes prima facie evidence that Plaintiff was denied due process rights, particularly notice, as a direct result of Judge Engelmayer's order.** Plaintiff further asserts that the legal precedent governing the admissibility of certified transcripts mandates that this Court recognize the **August 9, 2023 transcript as binding proof of the due process violations at issue in this case.**

---

## I. INTRODUCTION

The August 9, 2023, hearing transcript is a certified official record that *contains critical statements proving that Judge Engelmayer's order deprived Plaintiff of due process* by limiting Plaintiff's rights to notice and a meaningful opportunity to be heard.

Plaintiff submits that:

1. **Certified transcripts are legally admissible and presumed accurate** unless proven otherwise (**United States v. Rojas, 53 F.3d 1212 (11th Cir. 1995)**).
2. **Federal courts must give substantial weight to certified transcripts when reviewing claims of due process violations** (**NLRB v. Universal Camera Corp., 179 F.2d 749 (2d Cir. 1950), aff'd, 340 U.S. 474 (1951)**).
3. **A court cannot disregard or refuse to acknowledge a certified transcript that proves constitutional violations** (**United States v. Garth, 188 F.3d 99 (3d Cir. 1999)**).

    **Please Take Notice**, Magistrate Lehrburger's order denying to enforce, recognize the due process violation and couching my claims as frivolous benefits Randi Weingarten and the other Defendants

4. **Certified transcripts are admissible as public records under the Federal Rules of Evidence 803(8)** and **are not hearsay** (**United States v. Carrillo, 981 F.3d 928 (11th Cir. 2020)**).

Plaintiff's due process rights, specifically the right to notice, were directly obstructed by Judge Engelmayer's order**,** and the August 9, 2023, transcript proves this fact beyond dispute**.**

---

## II. LEGAL STANDARD: CERTIFIED TRANSCRIPTS AS EVIDENCE

*A. Certified Transcripts Are Admissible and Presumed Accurate*

Certified transcripts are considered **competent and legally admissible evidence** because they reflect an **official record of what transpired in a legal proceeding.**

- **United States v. Rojas, 53 F.3d 1212 (11th Cir. 1995)** – Held that a certified transcript is presumed accurate unless there is **clear and convincing evidence of error or tampering.**
- **United States v. Garth, 188 F.3d 99 (3d Cir. 1999)** – Held that a **certified transcript is competent evidence of what was stated in prior proceedings** and must be considered by the court.

Here, the **August 9, 2023, transcript is a certified and official record** of the hearing, making it **presumptively reliable and admissible evidence** of Plaintiff's **due process deprivation.**

B. **FEDERAL RULE OF EVIDENCE 201**: Judicial Notice of Adjudicative Facts

   **(a)** Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

**(b)** Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**(c) Taking Notice. The court: (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.**

C. **FEDERAL RULE OF EVIDENCE 803(8)** states: Public Records . A record or statement of a public office if: **(A)** it sets out: **(i)** the office's activities; **(ii)** a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or *(iii)* in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and

---

*B. Certified Transcripts Can Be Judicially Noticed Under Federal Rule of Evidence 201*

- **United States v. Long, 857 F.2d 436 (8th Cir. 1988)** – Held that courts **must take judicial notice of certified transcripts** under **Federal Rule of Evidence 201** as official records.

Since **the August 9, 2023, transcript is a certified court record**, Plaintiff requests that this Court **take judicial notice of its contents** as **evidence of due process violations** resulting from Judge Engelmayer's order.

---

*C. Certified Transcripts Prove Due Process Violations and Cannot Be Ignored*

Due process requires **notice and a meaningful opportunity to be heard** (**Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)**). **When a certified transcript proves a due process violation, courts must consider it as binding evidence.**

- **NLRB v. Universal Camera Corp., 179 F.2d 749 (2d Cir. 1950), aff'd, 340 U.S. 474 (1951)** – Held that a certified transcript of an administrative hearing **is binding evidence in reviewing due process claims.**

- **Shelley v. Kraemer, 334 U.S. 1 (1948)** – Held that courts **cannot enforce or legitimize unconstitutional actions**, including judicial orders that deprive a party of due process.

Since **the August 9, 2023, transcript proves Plaintiff was denied notice**, this Court **must recognize it as valid evidence of a due process violation.**

---

## III. ARGUMENT

*A. Judge Engelmayer's Order Directly Denied Plaintiff Notice, and the Certified Transcript Proves It*

Judge Engelmayer's order **limited Plaintiff's access to procedural due process, particularly notice**, preventing Plaintiff from:

1. **Receiving adequate notice of proceedings impacting Plaintiff's rights.**
2. **Challenging the legal basis of actions taken against Plaintiff.**
3. **Participating fully in proceedings where Plaintiff's legal rights were at stake.**

Since **due process requires adequate notice** (**Goldberg v. Kelly, 397 U.S. 254 (1970)**), **the August 9, 2023, transcript must be treated as conclusive proof of this violation.**

---

*B. The August 9, 2023, Transcript Must Be Recognized as Admissible Evidence of a Constitutional Violation*

- **Certified transcripts are official records and must be considered** (**United States v. Garth**).
- **Certified transcripts are admissible as public records under FRE 803(8)** (**United States v. Carrillo**).
- **A court cannot ignore a certified transcript proving due process violations** (**NLRB v. Universal Camera Corp.**).

Since **the August 9, 2023, transcript directly proves that Plaintiff's due process rights were violated**, this Court must:

1. **Recognize the transcript as admissible evidence.**
2. **Take judicial notice of its contents.**
3. **Acknowledge that Judge Engelmayer's order led to Plaintiff being denied notice.**

## IV. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Recognize the certified transcript from the August 9, 2023, hearing as valid, admissible evidence with Magistrate Lehrburger being totally erroneous.**
2. **Take judicial notice of the transcript under Federal Rule of Evidence 201 as an official record of due process violations.**
3. **Declare that the transcript proves Plaintiff was denied due process, particularly notice, as a result of Judge Engelmayer's order.**
4. **Acknowledge that Plaintiff's due process claims are substantiated by conclusive evidence.**
5. **Grant any additional relief this Court deems just and proper.**

**Respectfully submitted,**


DATED: 3/4/2025
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]