# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

## *2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.


Case No. 2024-cv-9743

Judge John Cronan


PLAINTIFF'S MOTION TO DECLARE JUDGE LEHRBURGER'S ORDER UNCONSTITUTIONAL AND UNENFORCEABLE for DUE PROCESS VIOLATIONS in FAVOR of WEINGARGTEN and COGAN and DISREGARD THEIR interference with my legal representation


   NOW COMES Plaintiff, Lucio Celli, moves this Court to declare that Judge Lehrburger's order is unconstitutional and unenforceable, as it further deprives Plaintiff of due process in federal court, in violation of the Fourteenth Amendment, the Supremacy Clause of the U.S. Constitution, and binding Supreme Court precedent. Plaintiff asserts that this Court must recognize Plaintiff's right to disregard an order that unlawfully suppresses fundamental constitutional protections. I was subjected to three illegal detentions by Weingarten, and Cogan with two of them with the help of Judge Engelmayer.

   Plaintiff further asserts that former judicial actions by Randi  Weingarten and Judge Cogan also deprived Plaintiff of every right to a fair trial, leading to systematic violations of due process, equal protection, and access to justice—as Silverman, esq, who was my lawyer, made an admission of collusion . Then, they attempted to cover up their conduct at arbitration and state court by ignoring Judge Engelmayer's order, which Magistrate Lehrburger has deemed frivolous

**I. INTRODUCTION**

Plaintiff has suffered severe constitutional violations at the hands of multiple judges and state actors, culminating in Judge Lehrburger's order, which further denies Plaintiff access to due process protections in federal court. Given that unconstitutional judicial orders are void ab initio, Plaintiff seeks an order from this Court declaring:

1. That Judge Lehrburger's order is unenforceable, as it violates the Due Process Clause of the Fourteenth Amendment and fundamental rights under the U.S. Constitution with his order further concealing miscarriage of justice by Weingarten and Cogan

2. That Plaintiff has the right to disregard any order that furthers a constitutional deprivation, per Cooper v. Aaron, 358 U.S. 1 (1958), Marbury v. Madison, 5 U.S. 137 (1803), and Ex parte Young, 209 U.S. 123 (1908).

3. That prior actions by Rhoda Weingarten and Judge Cogan deprived Plaintiff of all fundamental rights to a fair trial with the help of Judge Engelmayer,  rendering his rulings invalid under Shelley v. Kraemer, 334 U.S. 1 (1948), and United States v. Lee, 106 U.S. 196 (1882).

4. There are audios to prove my allegations with the misconduct of my lawyers or that of probation.

5. There are emails to prove my allegations

6. There are certified transcripts from federal court and arbitration to prove the fact that I was denied due process owed to public employees. See. United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227 (1958) – **Certified Transcripts as Official Records**

• Holding: Certified transcripts of judicial or administrative proceedings are admissible as official records and are considered prima facie evidence of the statements contained within them.

• Key Quote:

"Official transcripts of prior proceedings, when properly certified, constitute competent evidence and are presumed to be accurate absent a clear showing of error."


Application to Your Case: If you are relying on a certified transcript of a prior court hearing, it carries presumptive accuracy and must be accepted unless the opposing party can prove it is incorrect.

7. There is a strong appearance that Magistrate Lehrburger's view of fact predicated on outside influence that resembles what I heard on the audio played by Betsy Combier

## II. LEGAL STANDARD

A. The Right to Disregard an Unconstitutional Court Order

It is well established that no court order that violates constitutional rights is enforceable.

1. Cooper v. Aaron, 358 U.S. 1 (1958) – The Supreme Court held that state officials and judges cannot refuse to comply with constitutional mandates. Any order that deprives a litigant of constitutional protections is void and has no legal effect.

2. Marbury v. Madison, 5 U.S. 137 (1803) – "A law repugnant to the Constitution is void." Courts cannot enforce unconstitutional orders and litigants are not bound by them.

3. Ex parte Young, 209 U.S. 123 (1908) – Held that a court order that facilitates unconstitutional conduct is itself invalid and cannot be enforced.

Since Judge Lehrburger's order seeks to further deprive Plaintiff of due process protections, Plaintiff has the constitutional right to disregard it under these Supreme Court precedents.

B. Judicial Deprivation of Due Process Renders a Ruling Void

Plaintiff has been repeatedly denied the right to a fair trial by Judges Weingarten and Cogan, in violation of fundamental due process rights.

1. Shelley v. Kraemer, 334 U.S. 1 (1948) – The Supreme Court ruled that courts cannot enforce unconstitutional orders, especially when they deprive individuals of fundamental rights.

2. United States v. Lee, 106 U.S. 196 (1882) – Held that no government entity, including a court, can deprive an individual of their rights under the pretext of legal authority.

3. Walker v. City of Birmingham, 388 U.S. 307 (1967) – Confirmed that court orders that suppress constitutional rights must be challenged and cannot be passively accepted.

Randi Weingarten and Judge Cogan's actions deprived Plaintiff of basic procedural fairness, rendering their rulings unconstitutional and void. Any subsequent order—such as Judge Lehrburger's—that relies on those rulings is also invalid.

## III. ARGUMENT

A. Judge Lehrburger's Order Violates Due Process and Equal Protection

Judge Lehrburger's order continues a pattern of judicial misconduct and constitutional violations, denying Plaintiff the opportunity to:

• creating a judicial the record of how Weingarten and Cogan deprived me of all right to a fair trial and conceal the fact that I was deprived of due process owed to public employees and liberty without due process or probable cause

- Challenge prior due process violations in federal court.

• Seek enforcement of fundamental rights guaranteed under the U.S. Constitution.

• Receive an impartial and fair judicial review of legal claims.

Under Cooper v. Aaron, Marbury v. Madison, and Ex parte Young, a litigant cannot be forced to comply with a judicial order that is unconstitutional on its face.

B. Plaintiff Has the Right to Disregard Judge Lehrburger's Order

Since Judge Lehrburger's order furthers an unconstitutional deprivation, Plaintiff has the legal authority to challenge it and refuse to comply with its terms.

• Under Marbury v. Madison, any unconstitutional order is null and void.

• Under United States v. Lee, no judge or government entity may enforce an unlawful ruling.

• Under Shelley v. Kraemer, a court cannot participate in the deprivation of constitutional rights.

Thus, Plaintiff is not required to comply with Judge Lehrburger's order, and any attempt to enforce it constitutes a continuing violation of due process and equal protection.

C. Prior Judicial Actions by Judge Weingarten and Judge Cogan Rendered a Fair Trial Impossible

Plaintiff was subjected to gross judicial misconduct under Judge Weingarten and Judge Cogan, depriving Plaintiff of:

1. A neutral and impartial decision-maker (Tumey v. Ohio, 273 U.S. 510 (1927)).

2. A meaningful opportunity to be heard (Goldberg v. Kelly, 397 U.S. 254 (1970)).

3. A fair trial free from judicial bias (Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)).

Since Judge Lehrburger's ruling relies on prior unconstitutional rulings, it is itself invalid and must not be enforced.

**IV. REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Request a public hearing with it being streamed to prove all of my allegations
2. Declare that Judge Lehrburger's order is unconstitutional and unenforceable under the Fourteenth Amendment and Supreme Court precedent
3. . Recognize Plaintiff's right to disregard Judge Lehrburger's order pursuant to Cooper v. Aaron, Marbury v. Madison, and Ex parte Young.
4. Declare that prior rulings by Judge Weingarten and Judge Cogan deprived Plaintiff of every fundamental right to a fair trial, rendering subsequent orders based on those rulings unconstitutional.
5. Enforce Engelmayer's order against Defendants
6. Grant any further relief the Court deems just and proper to restore Plaintiff's constitutional rights.

**Respectfully submitted,**

DATED: 3/4/2025
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
917-275-3919
Lucio.Celli.12@gmail.com