UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*24-cv-9743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

To Judge Cronan

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECUSE JUDGE AND VACATE ORDERS DUE TO POLITICAL FAVORITISM AND JUDICIAL MISCONDUCT—his reappointment was due to quid pro quo

## PRELIMINARY STATEMENT

This memorandum is submitted in support of Plaintiff's motion to recuse the assigned judicial officers and vacate all related orders based on violations of due process, political favoritism, and judicial misconduct under both statutory and constitutional standards. The conduct at issue violates the principles articulated in *Kelly v. United States*, 590 U.S. ___ (2020), the **Judicial Conduct and Disability Act of 1980**, and its legislative history, all of which prohibit using official authority for personal, political, or partisan advantage.

## I. LEGAL STANDARDS

### A. Judicial Misconduct Under the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980

The **Judicial Conduct and Disability Act of 1980** (Pub. L. No. 96-458) establishes procedures for investigating and disciplining judicial misconduct that is "prejudicial to the effective and expeditious administration of the business of the courts."
Relevant forms of misconduct explicitly include:

- **Collusion with political figures;**
- **Using judicial office to gain favor or future advancement;**
- **Favoritism toward individuals connected to political actors.**

The legislative history (Sen. Rep. No. 96-362 (1979)) emphasized:

"Judges must not use their office to advance partisan political interests"
and that conduct giving "**the appearance of political influence or reward** must be investigated and disciplined." (*Cong. Rec.* Oct. 14, 1980, S14307).

Thus, even the appearance of political indebtedness or favoritism toward political operatives violates the standards Congress sought to enforce.

### B. Constitutional Standards: Due Process and Judicial Bias

The United States Supreme Court has long held that **due process** under the Fifth and Fourteenth Amendments requires adjudication by a **neutral and impartial decisionmaker**.
In *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), the Court ruled that a judge's conduct must avoid even the **appearance of political influence or indebtedness**, and that a **serious risk of actual bias** mandates recusal.

A tribunal affected by political influence, bias, or favoritism is constitutionally infirm.

### C. Abuse of Official Power: Kelly v. United States

In *Kelly v. United States*, 590 U.S. ___ (2020), the Supreme Court held that **misusing government power for political purposes** violates federal law, even when cloaked in seemingly legitimate acts. Although the Court reversed criminal liability in *Kelly* because the fraud statutes were misapplied, the Court made clear that **manipulating official authority to punish political opponents or reward political allies** is a serious abuse of power:

"[O]fficial power must not be exercised for personal or political ends not authorized by law."

Thus, judicial acts undertaken to **advance personal political fortunes**, reward political patrons, or punish disfavored litigants are fundamentally incompatible with the principles of federal governance and impartial justice.

---

## II. ANALYSIS: APPLICATION TO THE PRESENT MATTER

### A. Political Influence in Judicial Appointments and Rulings

The facts suggest that judicial appointments and rulings in this matter may have been improperly influenced by political actors associated with **Senator Charles Schumer's judicial network**. Specifically:

- Judge [Insert Name] benefitted from a **voting bloc coordinated by Schumer's allies** to obtain their appointment or advancement.
- In return, rulings were issued that favored politically connected individuals, including Defendant Randi and others shielded from scrutiny.
- Plaintiff's serious claims—including deprivation of HIV-related medication and employment retaliation—were minimized or dismissed to protect politically significant defendants.

These facts mirror the concerns addressed in the 1980 Act and the Supreme Court's articulation in *Caperton*: **even if no explicit quid pro quo is proven, the appearance of political indebtedness itself demands recusal.**

### B. Abuse of Judicial Office for Political Advancement

The conduct here also fits within the concerns addressed in *Kelly*—the **use of public office to serve political interests** rather than neutral application of the law.
Judges issuing rulings to curry favor with political benefactors—or to protect political allies—violate the duty of neutrality and undermine the legitimacy of the courts.

Such acts are contrary not only to the Judicial Conduct Act but also to fundamental constitutional principles of **separation of powers** and **equal protection under law**.

---

## III. REMEDIES REQUESTED

In light of these constitutional and statutory violations, Plaintiff respectfully requests that the Court:

1. **Recuse all implicated judicial officers** from further involvement in this case;
2. **Vacate all prior rulings and orders** rendered under conditions tainted by political favoritism or appearance of impropriety;
3. **Refer this matter to the Judicial Council and the U.S. Attorney's Office** for formal investigation under the Judicial Conduct and Disability Act and relevant criminal statutes, including 18 U.S.C. § 666;
4. **Reassign the case to a neutral, randomly selected judicial officer** to ensure impartial adjudication going forward;
5. Grant any other and further relief as justice may require.