# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

Lucio Celli,

　Plaintiff,

v.

New York City et al,

　Defendants.

2024-cv-09743

To the extent the instant motion is directed to the District Court, the request is denied as frivolous and vexatious.

SO ORDERED:

5/1/2025

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Judge Cronan and Judge Lehrburger—Recusal based on Lehrburger is a witness and he can pretend all he wants but the evidence "his on records" are grounds for 18 USC § 371 for defrauding the Court, like what Judge Marrero told Randi in the audio I heard --

MOTION TO have Dishonorable Lehrburger as a witnesses as reason for noncompliance ix his criminal conduct of Randi Weingarten and the UFT—he misrepresents what happened in criminal proceedings for Randi/UFT as Supreme Court said they can be used in a civil matter –under various ways this is one— and I have more—I invoke the Supremacy Clause –But, I have faith that you will commit a crime for Randi

## INTRODUCTION

This filing is submitted to assert my right to use prior criminal court findings or orders in related civil proceedings, as expressly recognized by the United States Supreme Court and under the principle of collateral estoppel (issue preclusion). I was denied a fair opportunity to challenge the underlying actions because of improper influence, judicial conflicts of interest, and obstruction by parties with a vested interest in suppressing my constitutional rights and economic entitlements.

I can wait until you commit this crime for Randi, as you did not address the misuse of your office for her

## II. BASIS IN LAW

*1. Use of Criminal Orders in Civil Court – Supreme Court Precedent*

The U.S. Supreme Court in:

- Allen v. McCurry, 449 U.S. 90 (1980), held that a criminal court's decision, if reached through a full and fair opportunity to litigate, can be used in a civil case.

Engelmayer didn't allow me because he helped her evade termination, like Wolfe impeded the AUSAs

- Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979), authorized the use of prior adjudicated facts from regulatory actions in subsequent civil trials through offensive collateral estoppel.
- Ashe v. Swenson, 397 U.S. 436 (1970), extended issue preclusion as a constitutional protection under the Double Jeopardy Clause when facts have been conclusively resolved.

Because I was not provided a fair chance to defend myself or contest facts in the prior proceeding, I assert that:

- Due process under the Fifth Amendment was denied,
- And that any attempt to suppress or discredit related criminal findings in my civil claims is unlawful.

## III. FACTUAL ALLEGATIONS OF FRAUD AND RETALIATION

- Randi [last name presumed withheld] engaged in misconduct aimed at evading professional accountability and improperly avoiding termination.
- Individuals including Wolfe, Swain, Sebiel, and possibly others, along with unnamed federal actors, aided this evasion by suppressing evidence, manipulating jurisdiction, and interfering with filings.
- These actions constitute fraud upon the court, as defined in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), where the Supreme Court

- held that courts may overturn judgments obtained through deception, collusion, or falsified records.
- Allegations that Randi bribed court actors to facilitate theft of my constitutional rights, employment wages, and pension must be formally reviewed under criminal conspiracy (18 U.S.C. § 371) and deprivation of rights under color of law (18 U.S.C. § 242).

## IV. CONFLICTS OF INTEREST AND JUDICIAL CONDUCT

Judges such as Cogan and Engelmayer failed to disclose or recuse themselves despite clear conflicts of interest—raising concerns under:

- 28 U.S.C. § 455(a), requiring judges to disqualify themselves in any proceeding where impartiality might reasonably be questioned.
- Liteky v. United States, 510 U.S. 540 (1994), which clarified that judicial bias requiring recusal may arise from deep-seated favoritism or hostility.

No jurisdictional transfer to these judges was authorized or consented to. The original jurisdiction of the district court was bypassed, apparently to insulate favored actors from exposure and liability.

## V. POLITICAL INFLUENCE AND SYSTEMIC RETALIATION

- There is credible concern that Senator Chuck Schumer and affiliated figures are aware of and/or complicit in the broader retaliation campaign against me.
- Retaliation for whistleblowing or protected speech may violate the Whistleblower Protection Act and First Amendment rights.

## VI. CONCLUSION

I respectfully demand the Court:

1. Allow the use of all criminal orders and findings relevant to this matter as admissible in civil proceedings.

2. Investigate the suppression of evidence, obstruction of access to fair proceedings, and all parties who engaged in retaliatory or unethical conduct.
3. Enforce recusal and conflict of interest rules, particularly for judicial officers who failed to maintain impartiality.

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic

filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]