# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

| | |
|---|---|
| Lucio Celli,<br><br>Plaintiff,<br><br>v.<br><br>New York City et al,<br><br>Defendants. | Denied. Plaintiff has already had an opportunity to amend and, in any event, the proposed claim would be futile.<br><br>SO ORDERED:<br><br>05/08/2025<br><br>HON. ROBERT W. LEHRBURGER<br>UNITED STATES MAGISTRATE JUDGE |

## MOTION TO AMEND COMPLAINT TO ADD SUPPLEMENTAL MONELL CLAIMS BASED ON CORPORATION COUNSEL'S VIOLATIONS OF THE NYC CHARTER AND DUTIES AS OFFICERS OF THE COURT

Plaintiff respectfully moves this Court, pursuant to **Federal Rule of Civil Procedure 15(a)(2)**, for leave to file an amended complaint to include supplemental claims under **42 U.S.C. § 1983** for municipal liability pursuant to **Monell v. Department of Social Services, 436 U.S. 658 (1978)**, arising from the **inaction and suppression of known constitutional violations by the New York City Law Department** ("Corporation Counsel") both before and after service of the original complaint.

### I. GROUNDS FOR AMENDMENT

1. **Corporation Counsel—including Moode and Radix—had actual knowledge of constitutional and statutory violations prior to and after being served**, including audio recordings, emails, and notices that clearly established that Plaintiff's wages had been unlawfully withheld, disciplinary procedures were unlawfully misrepresented, and material discovery had been suppressed.
2. **Under NYC Charter § 394**, Corporation Counsel is legally obligated to act to protect the rights of the people of the City and is prohibited from concealing or compromising claims absent lawful authority.
3. Despite these clear duties, **Corporation Counsel failed to inform the Court of known material falsehoods and legal violations**, including:
    - Perjured statements by their subordinates;

- - o The concealment of negotiated disciplinary procedures under the 3020-a framework;
    - o The possession of exculpatory audio recordings.
  4. As **officers of the court**, attorneys at Corporation Counsel are bound by ethical and constitutional obligations to act with candor and to uphold the integrity of judicial proceedings. See, e.g., **Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)** ("[A]n attorney, whether retained or court-appointed, is an officer of the court."); **United States v. Shaffer Equip. Co., 11 F.3d 450, 457 (4th Cir. 1993)** (recognizing the duty of candor and truthfulness as central to the attorney's role as officer of the court).
  5. Plaintiff therefore seeks to amend to include that **the Law Department's institutional failure to report, correct, and address known constitutional violations constitutes a municipal policy or custom** under *Monell*, justifying direct municipal liability.

## II. NO PREJUDICE AND JUSTICE REQUIRES LEAVE

  6. This request is timely and made in good faith. No trial date has been set, and discovery remains limited.
  7. Defendants will not be prejudiced, as the proposed amendments rely on exi§sting factual material already within Defendants' control or possession.
  8. Courts routinely grant leave to amend where, as here, the proposed additions are grounded in publicly known facts, supported by constitutional and statutory obligations, and necessary to conform pleadings to the evidence.

## III. The Court Can Confirm NYC' Misconduct, in part, before Your Honor's court, as proof of UFT's misconduct/criminal could be seen on emails where probation is cc'ed (mostly) and certain judges—besides Hon. Gleason

Probation was cc'ed with attachments of UFT's, DoE's, and Art. Taylor's obstruction of justice under NYS law

Then, the issue of Law Dept, in state court, helped conceal Randi Weingarten's criminal conduct in state court because it deals with her numerous and extensive crimes in federal court under 18 USC § 241, 18 USC § 371, obstruction of justice statutes and others, like 18 USC § 641. However, judge like Livingston and Donnelly can only confirm me sending them a paid receipt from NYS Court of 10/27/23 and not 11/21/23

Then, there is the issue of the emails sent to Your Honor to highlight the issue

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant leave to file the attached amended complaint and incorporate the additional Monell-based allegations

against the Corporation Counsel for their unlawful inaction and ethical misconduct in violation of their legal duties under the NYC Charter and as officers of the court.

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]

Case 1:24-cv-09743-JPC-RWL   Document 121   Filed 05/08/25   Page 4 of 4