# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

2024-cv-09743

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

> The Court has reviewed Case No. 25-cv-2031. The request for reconsideration is denied. Plaintiff has pointed to no error or any fact or law overlooked by the Court.
>
> SO ORDERED:
> 05/08/2025
>
> HON. ROBERT W. LEHRBURGER
> UNITED STATES MAGISTRATE JUDGE

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF MEMORANDUM ENDORSEMENT (DKT. 104) PURSUANT TO LOCAL CIVIL RULE 6.3 AND FED. R. CIV. P. 60(b)**

TO THE HONORABLE MAGISTRATE JUDGE ROBERT W. LEHRBURGER:

Plaintiff respectfully moves this Court for **reconsideration** of its Memorandum Endorsement dated May 5, 2025 (Dkt. 104), pursuant to **Local Civil Rule 6.3** and **Federal Rule of Civil Procedure 60(b)**, and states as follows:

I. GROUNDS FOR RECONSIDERATION

On May 5, 2025, this Court denied Plaintiff's emergency motion to stay proceedings, describing it as "vexatious and frivolous," and noted that the motion referenced **Case No. 25-CV-2030**, Hoey v. The 3M Company, which was deemed unrelated to the matter at hand.

**Respectfully, Plaintiff made a clerical error in the citation**, and the correct case number is **25-CV-2031—Lucio Celli v Pres Trump**, which is the instant case. Plaintiff sincerely apologizes to the Court for this inadvertent typographical mistake and requests that this be recognized as a good faith error — not a basis for labeling the motion as frivolous.

## II. SUBSTANTIVE BASIS OF THE MOTION MERITS CONSIDERATION

Plaintiff's original motion was grounded in well-established constitutional and procedural law, including:

- **Kelly v. United States**, 140 S. Ct. 1565 (2020) (abuse of public office for personal or political gain is impermissible);
- **Caperton v. A.T. Massey Coal Co.**, 556 U.S. 868 (2009) (appearance of bias warrants recusal or corrective action);
- **Napue v. Illinois**, 360 U.S. 264 (1959) (knowingly false or misleading government conduct violates due process);
- **United States v. Gallop**, 838 F.2d 105 (4th Cir. 1988) (reversal warranted where judicial irregularities impede appeal rights).

These legal authorities were not addressed in the Court's summary denial. Plaintiff respectfully asserts that the dismissal failed to engage with the substance of the motion, and reconsideration is appropriate to correct a manifest error of fact and to prevent clear injustice.

## III. DIFFERENTIAL TREATMENT OF IDENTICAL FILINGS

Plaintiff also notes that substantially identical motions were submitted to Hon. Judges Jesse M. Furman in related matters and were **not dismissed** as frivolous—to date nor were extraneous case citations introduced. This discrepancy further supports the need for careful review and a consistent, fact-based approach.

## IV. LEGAL STANDARD

Under **Local Civil Rule 6.3**, a motion for reconsideration may be granted where the court has overlooked controlling decisions or material facts. Similarly, **Rule 60(b)(1)** permits relief from a ruling for "mistake, inadvertence, surprise, or excusable neglect," and **Rule 60(b)(6)** allows relief for "any other reason that justifies relief."

Here, both the mis-citation of the docket number and the omission of substantive discussion of the cited constitutional case law meet the threshold for reconsideration.

## V. RELIEF REQUESTED

For the reasons above, Plaintiff respectfully requests that this Court:

1. **Grant reconsideration** of the May 5, 2025 Memorandum Endorsement (Dkt. 104);
2. **Strike or modify** the "vexatious and frivolous" designation as applied to Plaintiff's motion;
3. **Review and consider on the merits** the emergency stay request as filed under the correct case number;
4. **Grant any further relief** the Court deems just and appropriate.

Dated: May 5, 2025

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]