# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

**MOTION TO Judge Notice to CONFIRM THAT A CLAIM IS STATED UNDER THE ADA as future harm of HIV Drug resistance caused by Randi Weingarten and Sen. Schumer, per Supreme Court rules[1]** *Helling v. McKinney*, 509 U.S. 25, 33 (1993) and *Doe v. Pfrommer*, 148 F.3d 73 (2d Cir. 1998)—but it is God's gift to gay men and Randi paid you to deprive me a remedy, which is what my employer said and Officer Cudina said Engelmayer and Randi Weingarten want to retaliate against me by depriving me of everything—reason you are depriving me a fair hearing

Plaintiff respectfully moves this Court to recognize that the Complaint states a valid claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. § 1983 based on the exclusion of benefits and resulting future harm, and in support states as follows:

Under Fed Rul of Evidence of 201

This is why NYC's federal funds need to be terminated

---

[1] Which are a few and it appears to be nationwide

## I. INTRODUCTION

This motion addresses the wrongful denial of equal access to health benefits by state and local actors—including the New York City Department of Education and the United Federation of Teachers (UFT)—under false pretenses. Plaintiff, a non-disabled public employee, was denied lifesaving HIV medication due to misrepresentations that insurance coverage was controlled by the union, when in fact the program was publicly funded and under municipal authority. As a result, Plaintiff now faces HIV drug resistance, which constitutes irreparable and ongoing harm.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint need only "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Claims under the ADA and Rehabilitation Act require a showing that the plaintiff was (1) qualified, (2) denied the benefits of a public program or activity, and (3) discriminated against "by reason of" disability or perceived disability or a policy of exclusion. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).

## III. ARGUMENT

*A. The Denial of HIV Treatment Benefits Constitutes Exclusion from a Public Program*

Local and state actors may not create benefit schemes that result in the categorical exclusion of individuals based on classification, especially where the exclusion is based on misinformation or misrepresentation of legal entitlements. The denial of medication to a public employee based on false claims about benefit control violates *Olmstead v. L.C.*, 527 U.S. 581 (1999), which held that unjustified institutionalization and denial of services constitute discrimination under the ADA.

Further, in *Doe v. Pfrommer*, 148 F.3d 73 (2d Cir. 1998), the Second Circuit emphasized that denial of equal treatment in access to public programs or employment benefits may give rise to ADA and § 504 claims even where the individual is not initially disabled but suffers harm as a consequence of official policies.

*B. Future Harm from Denial of Care Is Legally Actionable*

Plaintiff now faces HIV drug resistance due to delayed or denied access to medication. The Supreme Court has recognized that future harm is a valid basis for relief under federal civil rights statutes. In *Helling v. McKinney*, 509 U.S. 25, 33 (1993), the Court held that deliberate indifference to conditions that pose a risk of future harm—there, second-hand smoke—can violate the Eighth Amendment.

Similarly, the Second Circuit in *Doe v. City of New York*, 205 F.3d 132, 136 (2d Cir. 2000), held that the stigma and medical risks associated with HIV justified equitable and monetary relief under the ADA and § 504, particularly where there was government failure to safeguard access to services.

*C. The City's and Union's Misrepresentations Constitute State Action Under § 1983*

By knowingly denying access to care based on false claims about program control, and by concealing that the drug plan was funded by municipal contributions, the City and UFT acted under color of state law. Their coordinated deception deprived Plaintiff of medical treatment and caused lasting injury. See *West v. Atkins*, 487 U.S. 42, 49–50 (1988); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (municipal liability for official custom causing constitutional harm).

IV.

CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court deny any motion to dismiss on grounds of failure to state a claim and find that the Complaint alleges a valid claim under the ADA, Rehabilitation Act, and § 1983 for denial of public benefits, deliberate indifference, and resulting future harm from HIV drug resistance.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court deny Defendants' motion to dismiss and allow the case to proceed to address the serious violations of Plaintiff's rights under the ADA, Section 504 of the Rehabilitation Act, and Section 1557 of the Affordable Care Act.

Respectfully submitted,

To **apply** *United States v. Georgia*, 546 U.S. 151 (2006), to your case and strengthen your motion, you can cite the following **supporting cases** that interpret or extend *Georgia*—especially where courts allowed **ADA Title II claims to proceed alongside constitutional violations**:

---

1. Tennessee v. Lane, 541 U.S. 509 (2004)

**Holding**: Title II validly abrogates state sovereign immunity where fundamental rights, such as access to the courts, are implicated.

**Application**: Courts have cited *Lane* to hold that Title II claims may proceed where denial of accommodations (like due process protections or fair hearings) implicates constitutional rights.

Use it to argue that DOE/UFT's misrepresentations about 3020-a rights and retaliation implicate access to due process and the courts, warranting ADA damages.

---

2. Gorman v. Bartch, 152 F.3d 907 (8th Cir. 1998)

**Holding**: Title II applies to public entities' treatment of individuals with disabilities in arrests and detention; failure to provide accessible transportation violated both ADA and constitutional rights.

**Application**: Supports your claim that **failure to accommodate disability-related needs by public actors—whether in transportation, medical access, or employment benefits—triggers Title II and constitutional scrutiny**.

---

3. Toledo v. Sanchez, 454 F.3d 24 (1st Cir. 2006)

**Holding**: A plaintiff may seek damages under Title II when the facts show that the public entity's conduct also violates constitutional rights.

**Application**: Mirrors *Georgia*, and courts cite it routinely for the principle that **sovereign immunity is abrogated where both ADA and constitutional violations are alleged**.

### 4. Bircoll v. Miami-Dade County, 480 F.3d 1072 (11th Cir. 2007)

**Holding**: Title II ADA claims require analyzing whether conduct also violates the Fourteenth Amendment.

**Application**: Shows lower courts interpreting *Georgia* to require a **claim-by-claim analysis of whether ADA violations also constitute constitutional harm**—exactly what you're asking the court to do.

### 5. Hale v. Mississippi, 2015 WL 12866967 (S.D. Miss. 2015)

**Holding**: Denial of HIV medication by prison medical staff stated a plausible ADA and constitutional violation.

**Application**: Directly supports your claim that **withholding HIV**

> Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." §12132 (2000 ed.). A " 'qualified individual with a disability' " is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." §12131(2). The Act defines " 'public entity' " to include "any State or local government" and "any department, agency, ... or other instrumentality of a State," §12131(1). We have previously held that this term includes state prisons. See Pennsylvania Dept. of Corrections v. Yeskey, 524 U. S. 206, 210 (1998). Title II authorizes suits by private citizens for money damages against public entities that violate §12132. See 42 U. S. C. §12133 (incorporating by reference 29 U. S. C. §794a).

- **Title II of the ADA** prohibits a public entity (including states and state agencies) from excluding a qualified individual with a disability from participation in, or denying the benefits of, services, programs, or activities.

- The Court emphasized that **refusal to accommodate disability-related needs in fundamental aspects** such as **mobility, hygiene, medical care, and access to programs** could simultaneously violate:

  - **Title II**, and
  - **Constitutional rights**, including **due process** and **cruel and unusual punishment** (Eighth Amendment, incorporated through the Fourteenth).

Due to denial of medical

## I. Argument

a. The admissions sought are relevant to the issues in this case and will aid in the efficient resolution of the matter.
b. The Defendants have failed to respond adequately to the requests for admission, necessitating this motion.

## II. Conclusion

For the reasons stated above, Movant respectfully requests that the Court grant the relief sought in this motion.

## III. Proposed Order

A proposed order granting the relief sought is attached hereto as Exhibit A.

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]