# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.


Motion (and Letter) to take Notice that Judge Seibel and Judge Taylor-Swain misused their office to steal and aide Randi Weingarten in her crimes under 18 USC § 241with Your Honor not allowing me to call witnesses, DA Bubeck to inform the Court that the UFT withheld my retro—that I have Adom audio recorded telling---CBA is "on payroll" which is the same statement that Mr. Brown said at PERB –**which is NOT WHAT IS PUBLICLY FILED--Intent to File Motion Invoking Crime–Fraud Exception and for Sanctions Under Fed. R. Civ. P. 11 as the Mr. Brown knowingly misrepresented what I am entitled and what Ms. Peterson told me but Your Honor to have her attend**

Pursuant to **Federal Rule of Civil Procedure 11(c)(2)** and Local Civil Rule 11.1, Plaintiff hereby provides formal **21-day notice** of my intent to file a motion seeking:

1. **An order compelling production of communications and documents currently withheld as privileged** under the **crime–fraud exception**,
   see *Clark v. United States*, 289 U.S. 1 (1933); *United States v. Zolin*, 491 U.S. 554 (1989), and Second Circuit authority (*In re Richard Roe, Inc.*, 168 F.3d 69 (2d Cir. 1999)).
2. **Rule 11 sanctions** against Defendants and their counsel for advancing factual contentions that lack evidentiary support, for asserting privilege to conceal ongoing fraudulent retaliation, and for causing unnecessary delay and expense.

**Grounds for the Motion**

- **Prima-Facie Crime–Fraud Showing**: Evidence already before the Court—including audio recordings, documentary admissions, and contradictory pleadings—establishes that counsel's communications were used *in furtherance* of a scheme to retaliate against me, deny medical benefits, and obstruct discovery. See *Jacobs*, 117 F.3d 82 (2d Cir. 1997).

- **Meritless Denials & Misrepresentations**: Defendants have repeatedly claimed I "failed to state a claim," yet the Court's own standards under *Twombly* and *Swierkiewicz* require acceptance of my detailed factual allegations. Their continued refusal to admit obvious facts and their invocation of privilege to hide misconduct violate Rule 11(b)(3) and (b)(4).
- **Need for In Camera Review**: Under *Zolin*, the Court may inspect the disputed documents to confirm their nexus to wrongdoing before ordering full production.

Because I have plainly **stated viable claims**—including retaliation, denial of constitutional rights, and civil-rights conspiracy—Defendants' obstruction cannot be justified as zealous advocacy.

**Requested Relief in the Anticipated Motion**

- Compel immediate production of all materials falling within the crime–fraud exception, or, in the alternative, conduct an in camera review.
- Impose monetary and non-monetary sanctions sufficient to deter future misconduct, including costs and fees under Rule 11(c)(4).
- Any additional relief the Court deems just.

**Next Steps**

Unless Defendants withdraw their frivolous privilege assertions and correct the factual misrepresentations within twenty-one (21) days of service of this notice, I will file the Rule 11 motion together with my crime–fraud brief and proposed order.

Thank you for your attention.

Respectfully submitted,

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]