UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,
Plaintiff,

v.

New York City et al,
Defendants.

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND PROTECTIVE ORDER BASED ON FUTURE HARM AND RETALIATION UNDER 2 CRR-NY § 336.5—Your Honor has firsthand account of the game the UFT and DOE has played with me as people retired before me and after me with NO PROBLEM –with me it took 4 or 5 months

Plaintiff Lucio Celli respectfully moves this Honorable Court, pursuant to Fed. R. Civ. P. 65 (governing preliminary injunctions and temporary restraining orders), Fed. R. Civ. P. 26(c) (governing protective orders), and Fed. R. Civ. P. 60(b)(6) (relief from judgment for any other reason that justifies relief), for a preliminary injunction and protective order enjoining Defendants from retaliatory conduct likely to result in irreparable future harm under 2 CRR-NY § 336.5. Plaintiff seeks this relief due to imminent threats of retaliation relating to Plaintiff's ongoing disability benefits and administrative examinations under the referenced regulation, which Defendants have weaponized as a retaliatory measure.

BACKGROUND

Plaintiff currently receives disability retirement benefits as regulated by 2 CRR-NY § 336.5. Defendants have indicated intentions to abuse the regulatory framework by mandating arbitrary and retaliatory medical examinations. This retaliatory abuse threatens the unjust discontinuance of Plaintiff's earned disability pension rights, explicitly protected by law and contract.

Additionally, this matter implicates the crime-fraud exception. Plaintiff has informed the Court that the United Federation of Teachers (UFT) knowingly misrepresented negotiations regarding accident reports to prevent Plaintiff from applying for accidental disability retirement. The Court and its officers, including Your Honor, were informed of the fraudulent conduct and became witnesses to the ongoing scheme involving manipulation of health insurance coverage—a scheme in which judicial actors participated by facilitating or ignoring the obstructive conduct. These material misrepresentations and omissions constitute fraud intended to deprive Plaintiff of statutory benefits and procedural protections.

Furthermore, Defendants' actions constitute an anticipatory breach of contract. "An anticipatory breach of contract by a promisor is a repudiation of [a] contractual duty before the time fixed in the contract for … performance has arrived" (10-54 Corbin on Contracts § 54.1 [2017]; see 13 Williston on Contracts § 39:37 [4th ed.]). An anticipatory breach of a contract—also known as an anticipatory repudiation—"can be either a statement by the obligor to the obligee indicating that the obligor will commit a breach that would of itself give the obligee a claim for damages for total breach or a voluntary affirmative act which renders the obligor unable or apparently unable to perform without such a breach." Princes Point LLC v. Muss Dev. L.L.C, 30 N.Y.3d 127, 133 (2017); see also Audthan LLC v. Nick & Duke, LLC, 2022 N.Y. Slip Op. 30546 (N.Y. Sup. Ct. 2022).

ARGUMENT

Under the standard set forth in Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008), Plaintiff must demonstrate: (1) likelihood of irreparable harm absent an injunction; (2) likelihood of success on the merits; (3) balance of equities tips in Plaintiff's favor; and (4) injunction is in the public interest.

1. Irreparable Harm: Plaintiff faces irreparable harm through the discontinuation or forfeiture of disability pension rights. Defendants' retaliatory threats, if executed, would cause permanent financial and emotional damage, undermining Plaintiff's constitutional rights to due process and equal protection.
2. Likelihood of Success: Plaintiff demonstrates a high probability of success on the merits by clearly showing Defendants' improper intent and retaliatory animus. Abuse of administrative discretion under 2 CRR-NY § 336.5 constitutes a violation of Plaintiff's Fourteenth Amendment due process rights, protected federally under 42 U.S.C. § 1983.
3. Balance of Equities: The equities favor Plaintiff, as Defendants will suffer no legitimate harm by refraining from retaliatory and discriminatory actions, whereas Plaintiff stands to lose essential retirement security and suffer significant personal harm.
4. Public Interest: Protecting public employees from retaliatory administrative actions serves a strong public interest, upholding fairness and integrity in the administration of public employee retirement benefits.

RELIEF REQUESTED

Plaintiff requests that this Court issue:

A preliminary injunction pursuant to Fed. R. Civ. P. 65 prohibiting Defendants from abusing or manipulating 2 CRR-NY § 336.5 to retaliate against Plaintiff;

A protective order pursuant to Fed. R. Civ. P. 26(c) ensuring any medical examination required under 2 CRR-NY § 336.5 be conducted by an independent and mutually agreed-upon medical professional;

An evidentiary hearing pursuant to the Court's inherent authority and Fed. R. Civ. P. 43(c), to determine the existence and extent of retaliatory intent, abuse of authority, and participation in a fraudulent scheme to deny Plaintiff benefits in violation of federal and state law;

Such other relief as may be warranted under Fed. R. Civ. P. 60(b)(6) or as the Court deems just and proper.

SUPPORTING DOCUMENTS

In support of this motion, Plaintiff will submit the following:

1. Declaration of Lucio Celli under 28 U.S.C. § 1746 detailing material facts, including retaliatory threats, fraudulent misrepresentations by UFT, the Court's involvement, and resulting harms.
2. Exhibits including documentary evidence of fraud, communications with the UFT, health insurance interference, and attempts to seek judicial intervention.
3. Proposed Order for injunctive relief, protective terms, and scheduling of an evidentiary hearing.

Respectfully submitted,