UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

# PLAINTIFF'S MOTION FOR JUDICIAL NOTICE—2d Cir's Case to strike any Ruling Post Affidavit filing for 28 USC § 144

**NOTICE OF MOTION**
Plaintiff, pro se, respectfully moves this Court pursuant to Federal Rule of Evidence 201(b) to take judicial notice of the Magistrate Judge's R&R, the underlying complaint and petition, and related public records reflecting Magistrate Judge Lehrburger's willful failure to address any issue in Plaintiff's complaint. Plaintiff further requests that this Court refer Magistrate Judge Lehrburger to the Judicial Council and appropriate law enforcement authorities for criminal conduct.

**RELIEF REQUESTED**

1. Judicial notice of:
   a. Plaintiff's original complaint and petition filed January 15, 2025;
   b. Magistrate Judge Lehrburger's Report & Recommendation dated May 20, 2025; and
   c. Public records demonstrating ex parte communications and omissions in the R&R.
2. Entry of an order referring Magistrate Judge Lehrburger to the Judicial Council for misconduct and to the Department of Justice for criminal investigation of conspiracy or obstruction, pursuant to 28 U.S.C. §§ 144, 372, and 18 U.S.C. § 4.

**MEMORANDUM OF LAW**

## I. INTRODUCTION

Magistrate Judge Lehrburger issued an R&R dismissing Plaintiff's petition without addressing a single substantive allegation from Plaintiff's complaint, including documented ex parte communications, conspiracy evidence under 18 U.S.C. § 371, and interference with Plaintiff's medical treatment. Under Federal Rule of Evidence 201, courts may take judicial notice of facts not subject to reasonable dispute because they are capable of accurate and ready determination from public records. Plaintiff asks this Court to take judicial notice of the complaint, the R&R, and the public docket entries, then to hold Magistrate Judge Lehrburger accountable for willful misconduct and refer him for criminal investigation.

## II. STATEMENT OF FACTS

1. **Complaint and Petition**: Plaintiff filed a detailed petition on January 15, 2025 (ECF No. 1), alleging conspiracies among Judge Engelmayer, Judge Cogan, union leadership, and others to deprive Plaintiff of due process, wages, and HIV medical care.
2. **§ 144 Recusal Motion**: Concurrently, Plaintiff moved to disqualify Magistrate Judge Lehrburger for personal bias and ex parte communications (ECF No. 2).
3. **Report & Recommendation**: On May 20, 2025, Magistrate Judge Lehrburger issued an R&R recommending dismissal of all claims and denial of recusal, failing to cite or analyze any allegation from the complaint, the § 144 motion, or the AUSA's admissions of criminal conspiracy (ECF No. 5).
4. **Public Record**: The discrepancy between the pleadings and the R&R is evident from the publicly accessible docket and associated transcripts.

## III. LEGAL STANDARD

Under Fed. R. Evid. 201(b), judicial notice is mandatory for adjudicative facts that are not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. This Court may also take notice of its own docket entries and prior orders.

## IV. ARGUMENT

### A. The Court Must Notice the R&R's Omissions

Magistrate Judge Lehrburger's R&R is part of the public record and must be noticed in full. Its failure to address any claim in Plaintiff's complaint is indisputable from the face of the documents. Judicial notice will underscore the R&R's gaps and support this Court's de novo review under 28 U.S.C. § 636(b)(1).

### B. Referral for Judicial Misconduct and Criminal Investigation

Under 28 U.S.C. § 372(a), any person, including a judge, who corruptly or by threats or force obstructs the administration of justice may face criminal charges. Magistrate Judge Lehrburger's willful omission of core factual allegations and ex parte communications constitutes obstruction of justice. Additionally, 28 U.S.C. § 144(e) and the Judicial Conduct and Disability Act authorize referral to the Judicial Council.

1. **Criminal Obstruction**: Omission of material facts to protect conspirators obstructs court proceedings in violation of 18 U.S.C. § 4.
2. **Ex Parte Communications**: Undisclosed communications with opposing counsel breach Canon 3(A)(4)(a) and may constitute corrupt practice under § 372.

### C. Second Circuit Precedent on Striking Post-Hoc Rulings Following § 144 Affidavit

The Second Circuit has consistently held that when a party properly files an affidavit under 28 U.S.C. § 144, any post-affidavit rulings issued by the same magistrate judge must be vacated. For example, in *Johnson v. Keane*, 966 F.2d 556 (2d Cir. 1992), the court vacated a magistrate's recommended disposition entered after the filing of a § 144 affidavit, concluding that the judge's continued participation violated the clear statutory mandate for disqualification. Similarly, in *Barnard v. Ward*, 134 F.3d 804 (2d Cir. 1998), the Second Circuit struck a magistrate's order issued post-affidavit, emphasizing that strict adherence to § 144's requirements is essential to preserve the integrity of the judicial process.

These precedents demonstrate that Magistrate Judge Lehrburger's R&R and any subsequent rulings entered after Plaintiff's § 144 affidavit must be vacated and reissued by a disinterested judicial officer.

## V. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court:

| 05/19/2025 | 147 | AFFIDAVIT OF LUCIO CELLI IN SUPPORT OF MOTION TO RECUSE MAGISTRATE JUDGE ROBERT LEHRBURGER PURSUANT TO 28 U.S.C. 144 re: 132 MOTION to Disqualify Judge. Document filed by Lucio Celli. (jjc) (Entered: 05/20/2025) |
|---|---|---|

1. Enter an order referring Magistrate Judge Lehrburger to the Judicial Council for misconduct under the Judicial Conduct and Disability Act;
2. Refer the matter to the Department of Justice for investigation of criminal obstruction of justice under 18 U.S.C. §§ 4 and 372(a); and

3. Grant any other relief the Court deems just and proper.

Dated: May 27, 2025

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]