# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

---

**MOTION TO FORWARD JUDICIAL MISCONDUCT COMPLAINT UNDER THE JUDICIAL CONDUCT AND DISABILITY ACT OF 1980 (28 U.S.C. §§ 351–364) AND REQUEST FOR IMPACTMENT REFERRAL TO THE JUDICIAL CONFERENCE with my own impeachment request, as the suppress relates to Engelmayer's impeachment inquiry and the truth of "Schumer" is the person behind Engelmayer's decision—I am HIV drug resistance because of Schumer, Randi, Engelmayer and Livingston**

---

## INTRODUCTION

Plaintiff–Appellant [Your Name], pro se, respectfully moves this Court to:

1. **Forward** a complaint of judicial misconduct against Magistrate Judge Stewart D. Lehrburger and Judge John P. Cronan to the Clerk of the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. §§ 351–364 (the Judicial Conduct and Disability Act of 1980).
2. **Request** that the Second Circuit refer this complaint to the Judicial Conference of the United States for consideration of impeachment proceedings, because both judges have willfully failed to perform their duties, suppressed evidence relevant to an ongoing impeachment inquiry against Judge Paul Engelmayer, and thereby prejudiced Plaintiff's rights through political bias and malice orchestrated by Senator Schumer and Randi Weingarten.
3. **Submit** an independent "Complaint for Impeachment" (attached as Exhibit D) directly to the Judicial Conference, notifying this Court and the Second Circuit of Plaintiff's intent to seek formal impeachment.

## FACTUAL BACKGROUND

**1. Lehrburger placed my email to him on the Doc and in those email references everything in my complaint and has a few audios listed in the complaint to support my claim—all of which were never addressed:**

Plaintiff will send Lehrburger entry of emails to U.S. Department of Justice Office of Legal Counsel, House Judicial Committee, Sen. Committee for Ethics and Sen. Jud Committee—as I reference Hon. Gleason, who received evidence that Judge Cronan said—if true, I am entitled to relief, like so many other AUSAs.

1. provided audio recordings, declarations, and documentary evidence to the U.S. demonstrating that Magistrate Judge Lehrburger and Judge Cronan deliberately ignored evidence showing union-related interference (Randi Weingarten/UFT) and political manipulation by Senator Schumer.
2. OLC's automated acknowledgement of receipt (Exhibit A) confirms Plaintiff's timely submission.
3. This is part and parcel to Engelmayer's impeachment for political bias
4. The truth of Schumer being behind Engelmayer's decision against Trump is being hidden form the public because at this point—Schumer judges all need to be charged under RICO

**2. Magistrate Judge Lehrburger's Misconduct.**
Magistrate Judge Lehrburger issued an order in Plaintiff's underlying case without addressing multiple audio recordings that definitively contradict opposing parties' sworn testimony. In so doing, Lehrburger:

- Omitted any factual findings required by Fed. R. Civ. P. 52(a), even though the audio proved that Plaintiff's wages and pension rights were unlawfully withheld.
- Ignored sworn declarations showing that union representatives colluded with third parties to obstruct Plaintiff's access to HIV medication.
- Rendered a decision that appears designed to shield certain politically connected third parties (Randi Weingarten and Senator Schumer) rather than impartially resolve the dispute.

**3. Judge Cronan's Misconduct.**
Judge John P. Cronan affirmed Magistrate Judge Lehrburger's order without conducting an independent review of the record. Cronan's order for sanctions answer :

- Failed to discuss or analyze the audio recordings that exposed union-sponsored wage theft and pension deprivation.
- I anticipate—I know and bet Judge Cronan will ignored Plaintiff's due-process objections and did not require new findings (despite Fed. R. Civ. P. 52(a)).

- Perpetuated a bias that protects politically connected actors, delaying or denying Plaintiff's entitlement to remedies.
- Cronan never stated that he read my complaint but stated "frivolous"
- My answer is rule 6/10/25

**4. Suppression of Evidence Relevant to Judge Engelmayer's Impeachment.**
Judge Paul Engelmayer is currently subject to an impeachment inquiry in the Second Circuit for political favoritism. Both Lehrburger and Cronan have knowingly suppressed or failed to disclose evidence—specifically audio recordings and documentary proof—showing Engelmayer's collusion with Randi Weingarten and Senator Schumer. This suppression frustrates the impeachment process and deprives Plaintiff of any remedy for the widespread political bias that has tainted every stage of the litigation.

# LEGAL STANDARD

**A. Judicial Conduct and Disability Act of 1980 (28 U.S.C. §§ 351–364).**

- **§ 351(a).** "Misconduct" includes "a judge's willful failure to perform judicial duties, or any behavior that is prejudicial to the effective and expeditious administration of the business of the courts or that brings the judicial office into disrepute."
- **§ 352(a).** Requires that complaints be filed with the Clerk of the appropriate U.S. Court of Appeals.
- **§ 352(d).** Mandates that the complainant "serve a copy of the complaint on the judge" within seven days.
- **§ 353.** Authorizes the Chief Judge of the circuit to appoint a Special Committee to investigate non-frivolous complaints.
- **§ 354.** Permits dismissal of complaints that are frivolous, malicious, or fail to state facts constituting misconduct.
- **§ 357.** Grants the Judicial Council authority to impose discipline if misconduct is found.

A judge who acts "in the clear absence of all jurisdiction" or who willfully refuses to perform mandatory duties (e.g., making factual findings under Fed. R. Civ. P. 52(a)) is not protected by absolute judicial immunity. *See*, e.g., *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871); *In re Doe*, 860 F.2d 40, 42–43 (2d Cir. 1988).

**B. Impeachment of Federal Judges.**

- **U.S. Const. art. II, § 4; art. III, § 1.** Federal judges hold office "during good Behavior," subject to removal by impeachment for "Treason, Bribery, or other high Crimes and Misdemeanors."
- Impeachment proceedings against a federal judge begin in the U.S. House of Representatives. Complaints may be initiated by the Judicial Conference's Committee on Judicial Conduct and Disability or directly to the House Judiciary Committee.

## ARGUMENT

I. Allegations of Judicial Misconduct Under 28 U.S.C. § 351(a)

**A. Magistrate Judge Lehrburger Willfully Failed to Perform Mandatory Judicial Duties.**

1. **Omission of Factual Findings.**
    - Fed. R. Civ. P. 52(a) requires detailed findings in actions tried on the facts. Lehrburger's order omits any reference to audio recordings that directly proved union-sponsored wage theft and denial of health benefits.
2. **Prejudice to the Administration of Justice.**
    - By ignoring critical evidence, Lehrburger undermined Plaintiff's constitutional right to a fair hearing. This deliberate omission "brings the judicial office into disrepute" and is "prejudicial to the effective … administration of the courts."
    - In fact, his rulings were based on keeping his job and is a criminal act under 28 USC § 201
    - This was done as Sen. Schumer controls the majority of judges within 2d Cir., SDNY, EDNY, WDNY, and NDNY
    - Statements from. Clerk Wolfe and Officer Cudina supports my allegations, as Lehrburger has been committed to writing a narrative that protects the Cartel—but evidence would disprove this

**B. Judge John P. Cronan Willfully Failed to Perform Mandatory Judicial Duties.**

1. **Affirming that I need to answer for sanctions—but Lehrburger only writes "vexatious and frivolous for 30 pages"**
    - Cronan wrote that he R&R—Cronan is aware that Lehrburger is in the middle of being reappointed
    - He is aware of Engelmayer's impeachment for political bias
    - Cronan's opinion wholly adopts Lehrburger's conclusions for sanctions –I have not submitted my response yet—without evaluating the undisputed audio evidence and knows that Lehrburger's act falls under 18 USC § 371 because Lehrburger did what Cogan did to me—he said Cogan's action were criminal.
    - Judge Cronan needs to be charge with aide and abetting Livingston, Schumer, Randi and Engelmayer—as he said, if I had the evidence that I am saying, then it is undeniable –hmm, this is what happened with the audios of Samanta and Silverman
    - A district judge must scrutinize the entire record before affirming a magistrate's ruling.
2. **Perpetuating Bias.**
    - By rubber-stamping a flawed decision, Cronan allowed systemic bias—driven by political actors—to prevail, further eroding public confidence in the judiciary.

**C. Suppression of Evidence Relevant to Judge Engelmayer's Impeachment Inquiry.**

- Both judges have knowingly concealed or failed to disclose audio recordings and documentary proof that directly implicate Judge Paul Engelmayer in political favoritism. Such suppression constitutes a "willful failure to perform judicial duties" under § 351(a) and obstructs pending impeachment proceedings, denying Plaintiff and the public the benefit of full transparency.

## II. Forwarding the Judicial Misconduct Complaint to the Second Circuit

Under **28 U.S.C. § 352(a)**, Plaintiff must file this Judicial Misconduct Complaint with the Clerk of the Court of Appeals for the Second Circuit. Accordingly, Plaintiff requests:

1. **Forwarding of Exhibit B** ("Complaint of Judicial Misconduct or Disability Under 28 U.S.C. §§ 351–364") and all attachments—including Exhibit A (OLC's automated e-mail)—to the Clerk of the Second Circuit.
2. **Certification of Service** on Magistrate Judge Lehrburger and Judge Cronan, as required by **§ 352(d)**. The Certificate of Service is attached as Exhibit C.

## III. Request That the Second Circuit Refer This Complaint to the Judicial Conference for Impeachment

Although the Act's primary mechanism is referral to a Special Committee for discipline, the gravity of these allegations—suppressing evidence in an ongoing impeachment inquiry against Judge Engelmayer—warrants an immediate referral to the Judicial Conference for possible impeachment. Plaintiff therefore further requests that:

1. The Clerk of the Second Circuit to the Judicial Conference's Committee on Judicial Conduct and Disability.
2. The Judicial Conference **consider filing articles of impeachment** against Magistrate Judge Lehrburger and Judge Cronan for:
    - **Willful suppression of evidence** relevant to Judge Engelmayer's impeachment, thereby obstructing the constitutional impeachment process.
    - **Willful failures to perform judicial duties** (omitting required findings, ignoring audio evidence) that are "prejudicial to the administration of justice" under § 351(a).
    - **Betraying the public trust** through political bias orchestrated by Senator Schumer and Randi Weingarten.

## RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. **Forward** the Judicial Misconduct Complaint (Exhibit B), including all supporting materials (Exhibit A), to the Clerk of the U.S. Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 352(a).
2. **Certify** that Magistrate Judge Lehrburger and Judge Cronan were served with a copy of Exhibit B under 28 U.S.C. § 352(d), as shown in Exhibit C.
3. **Request** that the Second Circuit immediately transmit Exhibit B and Plaintiff's Complaint for Impeachment (Exhibit D) to the Judicial Conference's Committee on Judicial Conduct and Disability for prompt consideration of impeachment.

---

## CONCLUSION

Magistrate Judge Stewart D. Lehrburger and Judge John P. Cronan have willfully failed to perform their mandatory judicial duties and have suppressed evidence essential to an ongoing impeachment of Judge Engelmayer. Their conduct is "prejudicial to the … administration of the courts" and "brings the judicial office into disrepute," in direct violation of 28 U.S.C. § 351(a). Plaintiff therefore asks this Court to forward the accompanying Complaint of Judicial Misconduct and Complaint for Impeachment (Exhibit D) to the Second Circuit and request that the Judicial Conference consider articles of impeachment without delay.

**Respectfully submitted,**

   Dated: June 1, 2025

/s/ Lucio Celli

Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]