```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
LUCIO CELLI,                                                           :
                                                                       :
                              Plaintiff,                               :
                                                                       :
                -v-                                                    :    24 Civ. 9743 (JPC) (RWL)
                                                                       :
NEW YORK CITY, et al.,                                                 :    ORDER TO SHOW CAUSE
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff has moved for the undersigned's recusal and/or disqualification, Dkt. 182. A judge is required to recuse himself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted). Because recusal "necessarily results in a waste of the judicial resources which have already been invested in the proceeding," *In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 933 (2d Cir. 1980), a judge is "as much obliged not to recuse himself when it is not called for as he is obligated to when it is." *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988).

Plaintiff's motion is denied. An objective, disinterested observer would not entertain doubts about the undersigned's impartiality. Plaintiff has not set forth any facts that would cause a reasonable person to find that the undersigned's "impartiality might reasonably be questioned,"

28 U.S.C. § 455(a), or that raise a legitimate question of whether the undersigned has personal bias, prejudice, or an interest in the action, *id.* § 455(b).

Plaintiff has also requested a two-week extension of time to file a response to the Court's Order to Show Cause. Dkt. 187. The Court construes this as a motion for an extension of time both to file objections to Judge Lehrburger's May 27, 2025 Report and Recommendation, Dkt. 157, and to respond to the Court's Order to Show Cause why a filing injunction should not be imposed, Dkt. 158. The request is granted. Plaintiff's deadlines to file any objections to the May 27 Report and Recommendation and to respond to the Court's Order to Show Cause is extended to June 24, 2025. Plaintiff is advised that no further extensions of these deadlines will be granted.

The Court notes that Plaintiff has filed a voluminous amount of frivolous motions and submissions in recent weeks. Plaintiff is cautioned that abusing the Court's official processes with baseless filings may result in sanctions. *See Miller v. Apple, Inc.*, No. 25 Civ. 1172 (JPC) (RFT), 2025 WL 1554589, at *10-11 (S.D.N.Y. June 2, 2025) (imposing a sanction on a *pro se* plaintiff for abusive filing practices).

The Clerk of Court is respectfully directed to close Docket Number 182.

SO ORDERED.

Dated: June 3, 2025  
New York, New York

                                            JOHN P. CRONAN  
                                          United States District Judge