# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

---

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST THE PRO SE OFFICE FOR DOCUMENT TAMPERING AND MISCONDUCT at No 65**

---

## STATEMENT OF RELIEF REQUESTED

Pursuant to Federal Rules of Civil Procedure 11(c), 26(g), 37(e), and the Court's inherent authority (see *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)), Plaintiff Lucio Celli, pro se, respectfully moves this Court for sanctions against the personnel of the Pro Se Office (the "Pro Se Office") for knowingly tampering with, altering, and suppressing official court filings and docket entries in this action. Such misconduct was undertaken to conceal Judge Paul Engelmayer's prior misdeeds in collusion with union official Randi Weingarten, thereby obstructing Plaintiff's access to relevant evidence and undermining the integrity of these proceedings.

Specifically, Plaintiff seeks:

1. **Monetary sanctions** payable to the Court in an amount sufficient to compensate Plaintiff for the costs incurred in uncovering and rectifying the missing or altered documents.
2. **A finding of contempt** and referral to the United States Attorney's Office for the Southern District of New York for criminal investigation under 18 U.S.C. § 1519 (destruction, alteration, or falsification of records in federal proceedings).
3. **An order** directing the Pro Se Office to restore the official docket to its original, unaltered state; to refile all tampered documents without alteration; and to certify compliance under oath.
4. **Any further relief** this Court deems just and proper.

## PRELIMINARY STATEMENT

1. **Factual Summary.** In the course of litigating this matter, Plaintiff discovered on May 27 and 28, 2025, that multiple docket entries and filed exhibits—specifically, the audio file identified as Docket No. 69 and the email chain identified as Docket No. 70—were inexplicably missing or replaced with unrelated documents. Upon inquiry, Plaintiff learned that staff within the Pro Se Office had (a) removed the audio exhibit file proving conversations that reflect Judge Engelmayer's collusion with Randi Weingarten; (b) replaced the certified email exhibit with an unrelated SDNY order; and (c) back-dated or re-stamped filings to create the false impression that Plaintiff failed to timely submit critical evidence.
2. **Purpose of the Motion.** Plaintiff brings this motion because the Pro Se Office's intentional deletion and alteration of these records constitutes (i) spoliation of evidence under Rule 37(e); (ii) a false certification under Rule 11(b)(3) that the filings were complete and accurate; (iii) a violation of Rule 26(g)(1)(B) by improperly certifying nondisclosure of relevant documents; and (iv) an abuse of the Court's process warranting invocation of the Court's inherent authority. By concealing Judge Engelmayer's wrongdoing and obstructing Plaintiff's ability to present unabridged evidence, the Pro Se Office has engaged in exactly the sort of "camouflage [of] the truth" that Rules 11 and 37(e) prohibit.
3. **Legal Basis.** Under Rule 11(c)(1), sanctions are warranted when an officer of the court makes a filing "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Here, undisputed proof shows that Pro Se Office personnel manipulated filings to protect Judge Engelmayer and Randi Weingarten from scrutiny. Under Rule 37(e), the Court may impose sanctions for "intentional" destruction or alteration of documents. And under its inherent power, this Court may sanction any party, attorney, or "non-party acting in concert" for conduct that "threatens the integrity of the judicial process" (*Chambers*, 501 U.S. at 44).

## BACKGROUND

4. **Case History.** Plaintiff's amended complaint alleges that Judge Engelmayer knowingly allowed perjured evidence (Officer Cudina's false police report) to remain uncorrected, depriving Plaintiff of due process. In support, Plaintiff submitted (a) an audio recording of phone calls—filed as Docket No. 69—demonstrating Judge Engelmayer's collusion, and (b) an email chain—filed as Docket No. 70—showing union representatives coordinating false statements. These materials were timely filed via the Pro Se Office on May 20, 2025.
5. **Discovery of Tampering.** On May 27, 2025, Plaintiff accessed the Court's PACER system and noted:
    - **Docket No. 69 (Audio Exhibit):** The link now shows "file not found" or a 0 KB file.

- - o **Docket No. 70 (Email Chain Exhibit):** Replaced with an unrelated, redacted Order from a different SDNY case, bearing no relation to Plaintiff's filings.
 6. **Attempts to Resolve Without Court Intervention.** On May 28, 2025, Plaintiff submitted a letter to the Pro Se Office detailing the missing or replaced exhibits. Although the Pro Se Office acknowledged receipt, no corrective action was taken. When Plaintiff followed up on May 30, 2025, Pro Se staff stated that "all filings appear normal" and refused to identify who had altered the records or why.

## LEGAL STANDARD

*I. SANCTIONS UNDER RULE 11 (FED. R. CIV. P. 11)*

 7. **Rule 11(c) Requirements.** Rule 11(b)(3) requires that "factual contentions [be] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." Rule 11(c)(1) authorizes sanctions when filings are presented for an "improper purpose" such as harassment or needless delay. Although Rule 11 traditionally targets attorneys and parties, courts have extended its reach to non-attorney officers of the court who submit or certify falsified documents (*Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1187 (9th Cir. 2002); *Hay v. City of Turlock*, 201 F.3d 1105, 1116 (9th Cir. 2000)).
 8. **Improper Certification.** Rule 11(c)(2) imposes a 21-day "safe-harbor" requirement prior to seeking sanctions. Although Plaintiff served a safe-harbor letter on May 28, 2025, the Pro Se Office failed to cure or withdraw the false filings within that period. The lack of any correction compels Rule 11 sanctions.

*II. SANCTIONS FOR SPOLIATION UNDER RULE 37(e)*

 9. **Rule 37(e) Elements.** Rule 37(e)(2) authorizes sanctions when ESI that should have been preserved "is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored."
    - o **Intentional Loss or Alteration.** Pro Se Office personnel intentionally deleted or replaced the audio and email exhibits.
    - o **Reasonable Steps to Preserve.** Plaintiff used proper methods—timely electronic submission—so the Pro Se Office was obligated to maintain these filings intact.
    - o **Irreparable Harm.** The missing exhibits are central to proving collusion and perjury; their original timestamps and chain of custody cannot be reconstructed merely by re-submission.
 10. **Spoliation Sanctions.** Under Rule 37(e)(2)(A), if the Court finds that the Pro Se Office "acted with the intent to deprive" Plaintiff of the information, it may (i) "presume that the lost information was unfavorable to [the Pro Se Office]" and (ii) "declare that certain facts are established." Under Rule 37(e)(2)(B), the Court may impose monetary sanctions. Because the audio and email exhibits are critical, Plaintiff requests (a) an adverse inference presumption that they contain evidence of Judge Engelmayer's collusion, (b) monetary sanctions to reimburse Plaintiff's costs investigating and

    remedying the spoliation, and (c) prohibition on the Pro Se Office disputing the authenticity of any duplicates Plaintiff later submits.

### III. SANCTIONS UNDER THE COURT'S INHERENT AUTHORITY

11. **Standard for Inherent-Power Sanctions.** Under *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991), the Court may impose sanctions when "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." This authority extends to any "party, attorney, or non-party acting in concert with a party or attorney." (*Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citing *Chambers*).)
12. **Bad Faith and Abuse of Process.** By intentionally deleting and substituting Plaintiff's filings, the Pro Se Office thwarted the judicial process and forced Plaintiff to expend time and resources to reconstruct the record. Such egregious misconduct is a paradigmatic "bad faith" abuse of process.

### IV. ADDITIONAL AUTHORITY: 18 U.S.C. § 1519 AND CRIME-FRAUD EXCEPTION

13. **Criminal Tampering Under 18 U.S.C. § 1519.** Section 1519 prohibits anyone who "knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record … with the intent to impede, obstruct, or influence" any federal proceeding. The Pro Se Office's tampering with official court records falls squarely within § 1519's scope. Plaintiff respectfully requests that the Court refer this matter to the U.S. Attorney's Office for criminal investigation.
14. **Crime-Fraud Exception.** Under the crime-fraud exception, any communications or documents prepared to further a crime or fraud lose their privileged status (*In re Grand Jury Subpoena*, 419 F.3d 329, 337 (5th Cir. 2005)). Because Pro Se Office staff tampered to conceal Judge Engelmayer's wrongdoing, any internal communications or work product are not protected by privilege.

---

## ARGUMENT

### I. RULE 11 SANCTIONS ARE PROPER

15. **Safe-Harbor Satisfied.** On May 28, 2025, Plaintiff delivered a safe-harbor letter to the Pro Se Office identifying Docket Nos. 69 and 70 as missing or altered. (See Exhibit 1 (Safe-Harbor Letter).) Under Rule 11(c)(2), the Pro Se Office had 21 days to withdraw or correct the offending filings. They did nothing.
16. **Improper Purpose and Factual Misrepresentations.** By replacing the audio exhibit (Docket 69) with a 0 KB file, and substituting the email chain (Docket 70) with an unrelated SDNY order, Pro Se Office staff knowingly certified false factual contentions. Their conduct was designed "to harass" Plaintiff's case and "needlessly increase the cost of litigation" (Fed. R. Civ. P. 11(b)(1)), and clearly violates Rule 11(b)(3) since there was no colorable legal basis to erase or redact critical evidence.

17. **Sanctions Under Rule 11(c)(4).** The Court "may impose an appropriate sanction" including "nonmonetary directives" or "an order to pay a penalty" (*Fed. R. Civ. P. 11(c)(4)*). Given the gravity of concealing judicial misconduct, Plaintiff requests:
a. **Monetary sanctions** of $3,200 in costs to compensate Plaintiff for fees (court reporter, PACER printing, mailing).
b. **A penalty** of $5,000 payable to this Court's registry.
c. **An order** requiring Pro Se Office staff to remove any claim of privilege over internal communications regarding these filings.

## II. RULE 37(e) SANCTIONS ARE WARRANTED

18. **Evidence Was "Reasonably Accessible" Then Destroyed.** Plaintiff's audio and email exhibits were lodged electronically with the Clerk on May 20, 2025. Pro Se Office personnel were obligated to preserve each such filing as they bear on the merits. Their failure to do so constitutes willful spoliation.
19. **Adverse Inference and Monetary Sanctions Under Rule 37(e)(2).** Under Rule 37(e)(2)(A), because the Pro Se Office "acted with the intent to deprive" Plaintiff of those exhibits, the Court should (i) presume that the missing recordings contain evidence of Judge Engelmayer's collusion, and (ii) declare those facts established in Plaintiff's favor. Under Rule 37(e)(2)(B), the Court may impose monetary sanctions; here, $4,000 is necessary to cover Plaintiff's costs of reconstructing and re-submitting the audio and email exhibits (court reporter, digital forensics).

## III. INHERENT-POWER SANCTIONS ARE APPROPRIATE

20. **Bad Faith and Willful Misconduct.** The Pro Se Office's deliberate deletion and substitution of filings "sufficiently egregious" to "independently justify" sanctions (*Spaulding v. Zimmerman*, 116 F.3d 1258, 1267–68 (8th Cir. 1997); *Chambers*, 501 U.S. at 46).
21. **Sanctions Under Inherent Authority.** Under *Chambers*, the Court may award "attorney's fees" or "other fees as a penalty" to deter bad faith. Plaintiff requests:
a. **Inherent-power monetary sanctions** of $7,500.
b. **A directive** that Pro Se Office personnel submit a sworn statement identifying who altered which files and how.
c. **An order** requiring the Clerk's Office to implement internal safeguards (e.g., PDF immutability, audit logs) to prevent future tampering.

## IV. REFERRAL FOR CRIMINAL INVESTIGATION UNDER 18 U.S.C. § 1519

22. **Elements of § 1519.** Section 1519 criminalizes knowingly altering or falsifying any record "with the intent to impede, obstruct, or influence" a federal proceeding. The Pro Se Office's tampering with official court records satisfies § 1519's intent requirement.
23. **Precedent Supporting Referral.** In *United States v. Aguilar*, 515 U.S. 593 (1995), the Supreme Court held that falsifying evidence to mislead a federal proceeding undermines the judicial process and warrants prosecution. Here, Pro Se Office staff "did exactly what Congress meant to punish" by concealing filings to cover up judicial misconduct.

Plaintiff requests that the Court certify and refer this matter to the U.S. Attorney's Office under Local Criminal Rule 50.1(c).

## RELIEF REQUESTED

24. **Monetary Sanctions.**

    - **Rule 11(c):** $8,200 total, comprised of $3,200 in Plaintiff's documented costs and a $5,000 penalty payable to the Court.
    - **Rule 37(e)(2)(B):** $4,000 to cover reconstruction expenses (court reporter and forensic fees).
    - **Inherent-Power Sanctions:** $7,500 to deter future misconduct.
    - **Total:** $19,700, jointly and severally against Pro Se Office personnel responsible for the tampering.

25. **Certificate of Contempt and Criminal Referral.** A finding that the Pro Se Office is in civil contempt for failing to preserve official court records, and an order directing referral to the U.S. Attorney for the Southern District of New York under 18 U.S.C. § 1519.
26. **Restoration and Certification.** An Order requiring the Pro Se Office to:
    a. **Locate and restore** any backup or shadow copies of Docket Nos. 65. to the official docket in unaltered form.
    b. **File a supplemental declaration** under penalty of perjury certifying (i) the chain of custody for each restored document, and (ii) the identity of all individuals who accessed or altered the files.
    c. **Implement a written protocol**—approved by this Court—to ensure that no future filings are modified without (i) explicit written consent from the filer and (ii) a supporting court order.
27. **Adverse Evidentiary Presumptions.** Under Rule 37(e)(2)(A), the Court should deem established that (i) Judge Engelmayer colluded with Randi Weingarten to suppress evidence, and (ii) the missing audio recordings captured perjured statements by Officer Cudina. The Pro Se Office should be precluded from disputing the authenticity of any duplicate copies Plaintiff submits.
28. **Any Further Relief.** All other relief the Court deems just and proper to remedy this abuse of process and protect the integrity of these proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court GRANT his Motion for Sanctions, award the requested monetary sanctions, find the Pro Se Office in contempt, refer the matter to the U.S. Attorney under 18 U.S.C. § 1519, restore the unaltered record, and grant any further relief deemed appropriate.

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]