# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

**MOTION TO ENFORCE THE ORDER OF JUDGE ENGELMAYER with Certf ed Transcript of August 9, 2023 and proof that the SDNY Pro Se Office is Tampering with the doc**ket *and the need for Trump to have AUSAs of EDNY do thier Job as this Part of Engelmayer's politicial impeachment inquiry and the truth of the Kingpin Schumer need to made public*
COMES NOW Plaintiff Lucio Celli, respectfully moves this Court to enforce the order issued by Judge Engelmayer against the Defendant(s), who received notice and subsequently failed to comply. I make this application for reconsideration.[1] In support of this Motion, the undersigned states as follows:

## I.    FACTS

1. Terms of Probation Including Employer/DOE and the Arbitrator: AUSA Bensing stated, "Your Honor, I believe that Special Condition 7, that he shall not make any phone calls or send any written correspondence to any prosecutor or government personnel, would encompass DOE". **See** Exhibit A: page 55, lines 4-7

2. Judge Engelmayer on Allowing Defense at Arbitration: Judge Engelmayer acknowledged the importance of your right to defend yourself, stating, "If such a person isn't appointed, then I will

---

[1] I know the Court will ignore

ask you, Ms. Bensing, in consultation with the probation department, figure out what modification we need to make because Mr. Celli can't be left both unrepresented and shackled from being able to speak in his DOE matter". **See** Exhibit A: page 57, lines 20-25

3. Judge Engelmayer's Order for Mr. Santana to Post on the Docket: Judge Engelmayer directed Mr. Santana, "I am asking, since you are the only counsel associated with him at this point, whether you can intervene with the union to try to get a union person to assist him in that matter... I am asking you to do that and write and file a letter on the docket of the case letting me know whether you were able to get union representation for him". **See** Exhibit A: page 58, lines 16-22

4. Arbitrator Taylor and Mr. Yu (DOE): Arbitrator Taylor and Mr. Yu informed me that I was not entitled to a hearing and proceeded with arbitration without my presence, thus denying me the right to adequately defend my position or contest any claims made against me.

5. **UFT Misrepresentation**: The United Federation of Teachers (UFT) misrepresented the facts when they asserted that the 3020-a procedures were altered and claimed that I could not grieve matters not explicitly stated in the collective bargaining agreement (CBA). This misrepresentation was detrimental to my case. Furthermore, an audio recording was submitted to the Public Employment Relations Board (PERB) to substantiate these claims, which confirms the alteration of procedures and the misleading statements made by the UFT.

6. **Violation of Terms, Conditions, and Privileges**: Arbitrator Taylor and Mr. Yu violated the terms, conditions, and privileges of my employment as defined by the CBA. Their actions not only denied me a fair hearing but also disregarded the established procedures that govern grievances within the CBA framework. This constitutes a breach of the obligations owed under the collective bargaining agreement.

7. Exceeding Authority: The failure of Arbitrator Taylor to provide me with a hearing and to adhere to the procedural requirements of the CBA constitutes exceeding his authority. Relevant case law supports this assertion:

   a) Misco, Inc. v. United Steelworkers of America, 484 U.S. 29 (1987): The Supreme Court recognized that an arbitrator cannot ignore the terms of a CBA, which include following established procedural requirements. Arbitrator Taylor's actions contradicted this principle.

   b) Sheet Metal Workers' International Association v. SEIU Local 32BJ, 501 F.3d 222 (3rd Cir. 2007): The court held that an arbitrator's decision that alters the terms laid out in the CBA without adhering to its dispute resolution processes exceeds the arbitrator's authority, emphasizing the necessity of following the CBA.

   c) National Labor Relations Board v. Southeastern Pennsylvania Transportation Authority, 101 F.3d 598 (3rd Cir. 1996): The court stated that an arbitrator's award can be vacated if it fails to adhere to the procedures outlined in the CBA for grievance determination, which is applicable in my case.

   d) Chicago & North Western Transportation Co. v. United Transportation Union, 402 F.2d 302 (7th Cir. 1968): This decision reaffirms that failing to follow procedural rules established by the CBA renders an arbitrator's decision unenforceable, which is precisely what occurred with Arbitrator Taylor.

   United Paperworkers International Union v. Misco, 484 U.S. 29 (1987): This case reiterated that arbitrators must operate within the bounds defined by the CBA. Arbitrator Taylor's failure to provide a hearing signifies a clear departure from these bounds.

8. Discriminatory Practices under Title VII: Under Griggs v. Duke Power Co., 401 U.S. 424 (1971), a prima facie violation of Title VII of the Civil Rights Act of 1964 may be established by policies or practices that are neutral on their face and in intent but that nonetheless discriminate in effect against a particular group. The Teamsters v. United States, 431 U.S. 324 (1977) case

highlights that a seniority system, while seemingly neutral, must not discriminate in effect unless actual intent to discriminate can be proved. Under § 703(h) of the Civil Rights Act, it is crucial that any differences in the terms, conditions, or privileges of employment must not arise from an intention to discriminate. The actions by Taylor and Yu, having adverse impacts on my employment, may fall under this discriminatory practice if they resulted in a disparate impact against me in violation of the CBA provisions.

## II.    ARGUMENT

1. Federal court orders are designed to compel compliance not only directly from the parties to the litigation but also from any third parties who, in active concert or participation, aid or abet violations of the order. The Federal Rules of Civil Procedure expressly provide that "every order granting an injunction and every restraining order … is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." This ensures that a decree cannot be circumvented simply by employing intermediaries or willing co-conspirators.

2. In Regal Knitwear Co. v. National Labor Relations Board, 324 U.S. 9, 65 S.Ct. 478, 89 L.Ed. 661 (1945), the Supreme Court underscored this principle. The Court made it clear that an injunction or restraining order, once properly noticed, binds not only the defendants but also third parties acting in concert with them. This doctrine is rooted in the common law understanding that a court's decree binds all persons in privity with the defendants or under their control, thereby preventing any attempt by the defendants to nullify the Court's order through the use of aiders and abettors who were not direct parties to the original proceeding.

3. In the instant matter, the Defendants had actual notice of Judge Engelmayer's order—as evidenced by the certified copy dated August 9, 2023—and yet have persistently engaged with third parties in order to evade the order's requirements. By relying on individuals and entities who are in active concert with them, the Defendants have sought to undermine the integrity and authority of this Court's directive. In light of the clear precedent set forth in *Regal Knitwear*, federal court orders such as the one issued by Judge Engelmayer must be enforced against all responsible parties, regardless of whether they appear as formal parties to the

action. This Court's enforcement must extend to any third parties knowingly assisting in the violation, an action that is imperative to uphold the rule of law.

### III.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that Defendant's failure to comply with Judge Engelmayer's order constitutes a violation of this Court's directive;

b. Issue an order enforcing compliance, including, if necessary, the issuance of a writ (such as a writ of mandamus or any other appropriate writ) compelling Defendant to perform [the specific directed action];

c. Award such sanctions or relief as this Court deems just and proper to deter future noncompliance; and

d. Grant any further relief as may be warranted by the circumstances.

Respectfully submitted,

DATED: 2/28/2025
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]

N895celC


              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK
                                        x

UNITED STATES OF AMERICA,                        New York, N.Y.

4                 v.                              19 Cr. 127 (PAE)

LUCIO CELLI,

Defendant.


                                        x

8                                                August 9, 2023
                                                 12:30 p.m.
9

Before:

HON. PAUL A. ENGELMAYER,

U.S. District Judge

13

APPEARANCES

BREON PEACE
          United States Attorney for the
       Eastern District of New York BY:
       KAYLA BENSING
Assistant United States Attorney

JAIME SANTANA
          Attorney for Defendant
19
       ALSO PRESENT:  ERICA CUDINA, USPO SDNY
20

21

22

23

24

25
       N895celC

(Case called)

THE DEPUTY CLERK: Counselors, starting at the front table, please state your appearance for the record.

MS. BENSING: Kayla Bensing, from the EDNY, joined by Erica Cudina of probation.

THE COURT: Good afternoon, Ms. Bensing, and good afternoon Officer Cudina, you may both be seated.

MS. BENSING: Thank you.

MR. SANTANA: For Mr. Celli, Good morning, Judge. Good to see you again. And my apologies, I appreciate the Court's patience.

THE COURT: Good afternoon, Mr. Santana and good afternoon, Mr. Celli. You may be seated. Good afternoon, as well, to the members of the public who are here.

As I understand it, Mr. Santana, is one of the members a family member of Mr. Celli?

THE DEFENDANT: No. Friend.

THE COURT: Very good. All right.

And I note that there are several interns from the probation department who are here watching this proceeding. Welcome and thank you for joining us.

All right. There is, at the outset, a motion that was filed in the last hour or so from Mr. Santana moving to withdraw as counsel. Mr. Santana, it's way too late in the day to make a motion and expect it to be granted at the beginning

N895celC

of the hearing. I will be happy to entertain that motion at

the end of the conference, but to receive the motion at 11:00

in the morning of a 12:00 conference doesn't cut it.

MR. SANTANA: Understood.

THE COURT: So, as to the issue at hand, what brings

us here is not, happily, a report of a violation, or at least a

violation specification brought by the probation department,

but I understand concerns that the probation department has

developed. Let me turn to Ms. Bensing and ask if you wouldn't

mind summarizing what brings us together.

MS. BENSING: Yes, your Honor.

So, I believe, starting in the winter of this year,

the defendant began sending numerous concerning e-mails and

voice mails, actually, the most concerning of which I think

were to certain DOE officials. It is my understanding that the

defendant has an ongoing employment dispute with the DOE and as

part of that is representing himself in connection with that

employment dispute. I don't know the specifics of this, your

Honor, so I may be misrepresenting, but that is my

understanding.

So, one of the concerns that the government and

probation has is that he is required, by the supervised release

conditions, not to call or send any written correspondence,

including e-mails, to any prosecutor or government personnel,

and shall not have any third-party do so on his behalf, with

N895celC

the exception of counsel. He has been sending quite disturbing

and vulgar communications to DOE officials which I think would

count as government personnel. However, the government's

concern in bringing a violation based on those communications

is that if he has some sort of legitimate employment dispute

that he I think is entitled to have process under that, but he

is not represented in that and so I think that that has led to

a misuse of e-mail, which does likely constitute a violation of

his supervised release conditions, but that is sort of where

that piece of it is. And then, separately, I think that he has

been sending additional inappropriate communications to the

probation department, as well as others.

THE COURT: OK. Look. I have received, myself, a

number of those e-mails and I printed out the five or so that I

had immediately accessible and it certainly accurately can be

said that these go well beyond the process of advocating within

the framework of his dispute with DOE. It is not clear, among

other things, why all the various people who are listed on

these, are being listed.

I know that the probation department has stayed its

hand from bringing a violation report. Tell me why.

MS. BENSING: Well, your Honor, like I said, I think

there is a desire by all parties to have the defendant succeed

on supervised release and I think we are hoping to set in place

something that is within the bounds of the current conditions

N895celC

of supervised release and perhaps that would include increased

mental health treatment, as well as decreased access to the

Internet, which is already authorized by the conditions.  I

think Special Condition 8 sets forth that the defendant's

ability to access the Internet or have third-parties access the

Internet on his behalf shall be restricted, as required by the

probation department.  But I think having a court appearance

before your Honor and making it very, very clear, that

continued inappropriate e-mails will result in a formal

violation; a violation hearing, should the defendant choose to

proceed to a hearing; and additional repercussions including

possible additional jail time, will be requested by the

government.

THE COURT: Let me just ask you, though, this insofar

as there appears to be some unresolved dispute that the

defendant is having with DOE, what can the defendant do?  I

take it you are not contending that the defendant is disabled

from representing himself there.  It would be ideal if he was

represented by counsel but I don't know that he can be required

to do so.

MS. BENSING: So I think that this is one thing that I

had wanted to explore with his attorney and that's when I came

to learn that the attorney-client breakdown had occurred so I

don't have a great solution to propose today to your Honor, but

I think that involving his federal attorney in some way in

        N895celC

 terms of figuring out a way that he can participate in the DOE

 process without sending really inappropriate and harassing

 e-mails to those officials.

THE COURT:  Right.  Let me turn to Officer Cudina.

What would you like to add?

MS. BENSING:  Your Honor, I'm going to be candid with

the Court.  Mr. Celli was just assigned to me at the end of

8    June and I am just learning of all of this and the parameters

around everything, but what I can say is that --

THE COURT:  I didn't hear the first.

OFFICER CUDINA:  Just the parameters of it all and

kind of getting up to speed with all that has occurred since he

has been on, serving his second term of supervised release in

November.  I went through all of our notes that we have from

the other officers and generally it's the same type of behavior

that occurs; he has this period of sending a flurry of e-mails,

and then there is like a lull and he is spoken to by the

officer, spoken to by the supervisor and reminded and

repeatedly reminded.  And what I have noticed is that most of

these e-mails are being sent late at night or in the middle of

the night.  So I was talking with the government about possibly

restricting his e-mail access or his computer Internet access

to maybe several hours during the daytime to see if that will

help and just, you know, really exploring with Mr. Celli

seeking pro-social activities that he can participate in.

N895celC

Because when I was speaking to his therapist, he made it clear

that when he does talk about those things in sessions, he can

see a different side of Mr. Celli than what he portrays when he

does have these manic episodes.  And even before this hearing,

Mr. Celli candidly told me that he wants to complete, he is

going to do better and try better, and I really hope that he

means that.

THE COURT: Right.

OFFICER CUDINA: Because, again, like Ms. Bensing

said, we all have the same goal. He has an 18-month term we

would like to see him complete and progress and move on with

his life.

THE COURT: At this point as I understand it Mr. Celli

is about halfway through the 18-month period?

OFFICER CUDINA: That is correct.

THE COURT: Essentially, if he can keep out of

violations for another nine months, the period will end, he

won't be under any probation supervision.

OFFICER CUDINA: That is correct, your Honor.

THE COURT: And you are saying to me that one of the

things that probation is contemplating is exercising its

authority, under Special Condition 8, to limit Internet access

to some period of time that excludes the late night hours that

seem to correlate with the manic outbursts.

OFFICER CUDINA: Exactly, your Honor. I think that

     N895celC

would be a good thing to explore and try and we can adjust from

there if we need to, but at least we have that ability to try

that other option.

THE COURT: What has the history been recently of

probation's being in touch with defense counsel?

OFFICER CUDINA: It's been very minimal, your Honor.

THE COURT: In other words, until recently, probation wasn't aware that there had been a relationship issue between Mr. Celli and Mr. Santana, you have been dealing solely with Mr. Celli.

OFFICER CUDINA: According to Mr. Celli he repeatedly told his previous officers and myself that Mr. Santana wanted nothing to do with him, didn't want to represent him. However, I read a note that a conversation was had with another officer and Mr. Santana recently and he said that wasn't the case. So, I also think that there was a bit of a breakdown in communication between Mr. Santana and the probation office. It has been a little bit of a battle.

THE COURT: I take it all the more reason for probation to stay its hand and not bring a violation if there has been some communication about the role of counsel.

OFFICER CUDINA: Correct. And also, your Honor, Mr. Celli repeatedly asked to come before your Honor multiple times, and we felt that coming here today and kind of regrouping and setting things straight maybe again --
       N895celC

THE COURT: Right.

OFFICER CUDINA: -- would help avoid any violations being filed so he can complete successfully.

THE COURT: I think it was a smart decision to suggest to come before me. May I ask you just more broadly, putting aside the e-mail communications that probation understandably

contends are violations of the conditions of supervised

release, even though no formal violation charge has been

brought, are there any other violations or is Mr. Celli

otherwise in compliance?

OFFICER CUDINA: He is, your Honor.

THE COURT: He is?

OFFICER CUDINA: He is, your Honor.

THE COURT: In compliance?

OFFICER CUDINA: Yes. He is going to therapy. He

successfully completed drug treatment at Lexington Center on

17    June 2, and he continues to go, on his own accord, for

continuing care, which is monthly meetings.

THE DEFENDANT: Weekly.

OFFICER CUDINA: Weekly. I'm sorry.

So, he is doing that willingly. He is negative, he is

not using any drugs, so in all other aspects he remains

compliant.

THE COURT: This is not the situation that I

frequently see of a full spectrum non-compliance. The issue

       N895celC

here is the continuing occasional e-mail rants.

OFFICER CUDINA: And also, Mr. Celli honestly said

that he doesn't take his medication as prescribed. So I think

that's not all the time, but I think that's a key player here.

I think if he gets on board with taking his medication

regularly, as prescribed, and if there are issues with the

medication, as I told him before, that he needs to consult with

his doctor before he makes any change or stops taking anything.

 THE COURT:  What is the state of his medical care?

What type of professional or professionals does he see?

OFFICER CUDINA:  He sees -- I'm not sure.

THE DEFENDANT:  Psychiatrist.

OFFICER CUDINA:  His therapist at KB Forensics.  That

person does not prescribe his medications, he sees a separate

psychiatrist for that.

THE DEFENDANT:  Rathorn.

THE COURT:  Mr. Celli, I appreciate your attempts to

help Officer Cudina but it is difficult for court reporter and

I.

THE DEFENDANT:  Sorry.

THE COURT:  No worries.  I will turn to you shortly.

Go ahead.

OFFICER CUDINA:  So he has a separate psychiatrist, he

has a separate therapist at a different location, and then he

goes separately to a drug program for that.

      N895celC

 THE COURT:  Do you understand that there is a regular

 schedule or pace at which he is supposed to see the therapist

 and the psychiatrist?

 OFFICER CUDINA:  Yes.

 THE COURT:  Is he compliant with that, to your

 knowledge?

 OFFICER CUDINA:  Yes.

 THE COURT:  Anything else you want to bring to my

attention? Beyond my taking stock of the situation and

speaking to Mr. Celli today, is there anything you are looking

for the Court to do today.

OFFICER CUDINA: Just aside from basically what I

said, your Honor, already, just making sure everyone is clear

on their role and what is expected of them and that Mr. Celli

is aware of what can occur if this behavior continues.

THE COURT: Understood. Thank you. Very helpful and

thank you for joining the case. This is an unusually

challenging one to join late in the day and I appreciate your

getting up to speed.

OFFICER CUDINA: Thank you, Judge.

THE COURT: Mr. Santana.

MR. SANTANA: Yes.

THE COURT: What can you report to me.

MR. SANTANA: Thank you, Judge.

Judge, just for clarification, I know the Court is now
        N895celC

in receipt of my request to withdraw, but just so the Court is

aware, as the government indicated the government already knew

there was an issue with respect to my relationship and

Mr. Celli. In addition to that, whether it was Officer Jeffrey

Steimel or Jason Lerman, I know one of them had the case for a

very brief period of time, there was communication between

myself and them as well during which I made it clear I'm going

to be withdrawing from the case, this is an impossible

situation.

Your Honor, I am in a bit of a bind because in terms

of my role by nature, of course, I would want to advocate on

behalf of my client but I am not going to be dishonest to the

Court and my obligation is to be honest with respect to the

actual status of our relationship and there is no relationship.

THE COURT: When did a functional relationship cease?

MR. SANTANA: Oh, quite some time ago. Months ago,

Judge. Months ago. And Mr. Celli has made it very clear he

does not want me to represent him. As the Court is aware, I

cannot, as an officer of the Court, participate, submit,

encourage, suggest anything that is frivolous, illegal,

anything to that effect, and Mr. Celli has unfortunately never

understood that. So while I would like to be able to stand

here and say positive things and advocate on his behalf in good

faith, I am not able to do that and I would never be dishonest

to the Court.

        N895celC

 THE COURT: Bottom line is to the extent Mr. Celli may

 have an explanation for what he has been trying to do, you are

 simply factually out of touch with him and so unable to render

 it.

 MR. SANTANA: Judge, between the outrageous e-mails,

 between voice mails being received by him, the verbiage I

 wouldn't even repeat to this Court, it is beyond a relationship

 that cannot be repaired, your Honor, and I am sure he will tell

 you he is asking for counsel as well.

THE COURT: Well, there are several issues here but

let me ask you, do you have any understanding of what the
employment dispute that remains between Mr. Celli and the DOE
is?

MR. SANTANA: Vaguely, Judge.

I know at the inception of this case, with respect to
my involvement and communication with Mr. Celli you may recall,
Judge, I even spoke to how he had an opportunity to potentially
still remain employed by DOE. I know he had an upcoming
hearing, we were all for that. I don't know what has
transpired since then in terms of his official position, if he
still has one with DOE. I certainly am not an employment
attorney.

THE COURT: You have never represented him in his
dealings with DOE?

MR. SANTANA: Never, Judge.
     N895celC

 THE COURT: Your sole role has been in connection with
 his criminal matter and, really, the supervised release stage
 of it?

                MR. SANTANA: That is correct, your Honor.

 THE COURT: Let me come back to Officer Cudina. Your
 memo to me that triggered this hearing says that Mr. Celli
 currently resides with his family in Wappingers Falls and
 remains employed by the New York City Department of Education
 despite his current suspension. Your memo was dated July 26.
I take it that is still true?

                OFFICER CUDINA: That is true, your Honor.

| 12 | | THE COURT: Is he salaried? Does he get by paid the |
| 13 | DOE? | |
| 14 | | OFFICER CUDINA: Yes. |
| 15 | | THE COURT: Do you know what the salary is? |
| 16 | | OFFICER CUDINA: I do not off the top of my head; no, |
| 17 | sir. | |
| 18 | | THE COURT: Mr. Santana, I appreciate that your |
| 19 | request | to withdraw comes with it a suggestion that Mr. Celli |

have counsel appointed for him.  Mr. Celli would need, of

course, to fill out the CJA affidavit.  I'm not prejudging the

outcome of that, but if he is a veteran teacher being employed

by DOE and staying at somebody else's home, he is going to have

some difficulty attesting to his entitlement to his

qualification for court appointment.

    N895celC

 Let me ask Officer Cudina: Do you have any idea what

 Mr. Celli's salary is.

 OFFICER CUDINA: Not at this moment no, your Honor.

 THE COURT: Do you, Mr. Santana, know?

 THE DEFENDANT: $120,000.

 THE COURT: Mr. Celli, I hear, said $120,000.

 THE DEFENDANT: No.  128.

THE COURT: 128.

Look. Mr. Santana, I appreciate the reference to the availability of CJA counsel but it requires somebody to truthfully fill out that affidavit in a way that suggests eligibility. You are a retained counsel. It is not obvious to me that Mr. Celli is going to be a in position to fill out an affidavit truthfully that says that he can no longer retain counsel. In other words, the successor to you as retained counsel may have to be, if there is going to be any counsel, retained counsel. And I'm sorry about that because there is a value in having a thoughtful lawyer by Mr. Celli's side that's been repeatedly proven in the case, even though it has been a hardship duty for those counsel to deal with the abuse, but I think the easy recourse to CJA counsel factually may not follow here. Do you have a reason to believe that is not so? You were the one that proposed CJA but you were retained. Do you think your client is going to qualify or for it?

MR. SANTANA: Judge, in terms of his income, I

    N895celC

definitely understand your Honor's point and he just confirmed the exact salary he still receiving. I certainly was not aware he was still fully on the books, so to speak. But, yes, I understand, your Honor, he would ultimately have to retain counsel, assuming they rejected him, of course.

THE COURT: Does either the government, probation, or Mr. Santana have anything to raise before I engage with Mr. Celli?

MS. BENSING: Your Honor, just to be very clear about
what we are asking for today, it would be certainly that we
figure out the counsel situation but also just making clear
that the probation department will be restricting even further
his Internet access, and should the e-mails continue it is my
understanding that the probation department will take away
Internet access from him completely.

THE COURT: OK, but look. Under the special
conditions I don't believe that there is, in the first
instance, a required role for me in figuring out the parameters
of the restrictions. The probation department, in the first
instance, is authorized to restrict access, and for heaven's
sake, given the record here including the e-mails I reviewed,
there would be good reason to take some steps in that
direction. If the defense contends that the restrictions by
the probation department are excessive, there is an opportunity
to bring that to the Court's attention, but since no such new

N895celC

restrictions have been put in place yet, it is premature. If
what you are asking me to say is, is there a factual basis for
such a restriction? Based on what I have seen there sure is.
I have read the e-mails that are, regrettably, of a similar
quality of e-mails I have seen throughout this case and they
would suggest a need for some action in that direction by
probation.

MS. BENSING: Yes, your Honor. And I wasn't actually
asking the Court to do anything, just making a good record. It

is my understanding that the recipients of those e-mails have

been quite disturbed, which I completely understand, your

Honor.

THE COURT: As do I. So you are asking me just to

have a communication with Mr. Celli that underscores that some

restriction is apt to happen by the probation department, and

continued e-mails of the nature that brought us here together

17    may result in a number of consequences, including losing e-mail

access altogether, or violation specifications being brought.

MS. BENSING: Exactly. Thank you, your Honor.

THE COURT: Anything else from anybody, from the

government before I engage with Mr. Celli?

MS. BENSING: Not from the government, your Honor.

THE COURT: From probation?

OFFICER CUDINA: Maybe I am just thinking out loud,

your Honor. I don't know if this could be something said in
          N895celC


 court or determined in court, but just kind of figuring out --

 because it seems like his frustrations are coming from the

 whole DOE matter and probation is involved in that, and now my

 chief is on these e-mails and all these people are on these

 e-mails and it almost feels like a bit harassing and maybe

 just, you know, I don't know if we can put that on the record

 or not, but kind of determining what is appropriate for him to

 or who he should include in his e-mails that is appropriate.

 THE COURT: It is a little hard for me to know because

nobody has come to me with any explanation of what the

controversy is with DOE. I will hear from Mr. Celli, but his
account of events may or may not be the final word on that. It
certainly is the case that he shouldn't be, in resolving
whatever legitimate dispute there is remaining with DOE,
certainly shouldn't be including this range of participants who
have nothing to do with that.

OFFICER CUDINA: All right. Thank you, your Honor.

THE COURT: Mr. Santana, anything further from you?

MR. SANTANA: Judge, just briefly. I appreciate it.
In the event I do remain on this case, assuming of course CJA
rejects Mr. Celli --

THE COURT: Wait, wait, wait. Pause on that.

MR. SANTANA: Sure.

THE COURT: Are you going to be seeking to withdraw

from the case regardless of whether a new counsel is appointed?
     N895celC

 MR. SANTANA: Yes.

 THE COURT: One question is whether there is a value

 in your staying on, if only to help Mr. Celli through the

 process of finding successor counsel, whether retained or

 otherwise. Is there any sense to that or is that not going to

 work?

 MR. SANTANA: If I am being honest, Judge? No. I

 don't foresee anything working between Mr. Celli and I.

 THE COURT: So, in effect, your application is going

to be that at the end of today's hearing I relieve you because

there is no productive role you can play, even

administratively.

MR. SANTANA: Correct.

THE COURT: OK. So your point is then what?

MR. SANTANA: Well, ultimately, that would be it,
Judge. Respectfully, that would be my hope, that that is your
Honor's decision, of course, and then that would make any
further concerns I had moot of course, Judge.

THE COURT: All right. Look. I will reserve on that
until I have engaged with Mr. Celli earlier.

Mr. Celli, good afternoon to you. It is good to see
you.

THE DEFENDANT: Good afternoon, your Honor.

THE COURT: Let me start with a positive, although
there is a real issue that brings us together today in terms of
        N895celC

 your e-mails. What Officer Cudina reported to me, most of all
 about your being clean and having successfully navigated drug
 treatment, is enormously to your credit. I am very happy to
 hear that.

                    THE DEFENDANT:  Thank you.

 THE COURT:  I hope you are feeling better as a result
 of being drug-free.

 I also note that, according to the probation
 department, you have been reliable in attending your therapist
and psychiatric appointments and that's all to the good, and I
note beyond that, that the probation department is not claiming
any other violations or other than the significant exception of

all these e-mails and that's to the good as well. And I say
that because, Mr. Celli, I see a lot of violation cases and
there are a lot of situations where the person under
supervision is violating every which condition of supervised
release. You have got an issue here but it's confined to a
particular corner of your behavior. That's all to the good. I
am seeing progress in that respect and I am glad about that.

              THE DEFENDANT: Thank you.

THE COURT: So look. Here is the issue, Mr. Celli. I
have been a recipient of the e-mails, I have got five of them
in front of me, I have read them. They are essentially, as
everybody here described, they are accusatory, sometimes
threatening, sometimes profane rants. You know you can't do

      N895celC

that. And the probation department, it seems to me, has been
very thoughtful in bringing us together today before they bring
any charge against you. You should be pleased that the
probation department is staying its hand so far in that way. I
hope you appreciate that the probation department is very much
on your side.

THE DEFENDANT: Yes.

THE COURT: Look, Mr. Celli, is there anything that,
at the risk of inviting a long speech, which I am not intending
to do, is there anything you would like to say to me? I have a
few thoughts to share with you but is there anything you would
like to say to me?

THE DEFENDANT: Well, Mr. Santana told me at the very

beginning he would not do anything for me, and my brother wrote

an e-mail to probation saying --

THE COURT: Slowly, for the court reporter.

THE DEFENDANT: So, my -- the breakdown occurred in

December. He told me that he is not going to do anything, that

his representation ended on November 21st. I don't know what

he is talking about frivolous and all of this. He told me not

to e-mail him. Only recently I have. I don't know what he is

talking about.

THE COURT: Let me just say this. Your communications

with Mr. Santana are not the basis of any concern by the

probation department. Mr. Santana and you appear to have had a

            N895celC

breakdown a long time ago. Had Mr. Santana moved to be

relieved before this Court a long time ago, in all likelihood I

would have granted that a long time ago. I will be interested

in your view as to whether he is right that there has been a

complete breakdown, but the concerns that the probation

department and the court are raising are really not about your

communications with Mr. Santana.

THE DEFENDANT: I will get to that. So, once he told

me that, I tried to look for a lawyer because, obviously, I

couldn't afford one. I couldn't find one to retain, I couldn't

find one to pay per hour. No one would take on the duty of

contacting the AUSA on my behalf or government agents, not even

per hour.

THE COURT: You are telling me you have tried to get a

lawyer to succeed Mr. Santana and you can't find one, not

because of money?

THE DEFENDANT: Yes.

THE COURT: How hard have you tried?

THE DEFENDANT: I have called many lawyers because now

that I have access to the Internet, I have called many. I kept

on getting the same answer.

THE COURT: Which is?

THE DEFENDANT: I'm not interested.

THE COURT: Do you have an understanding of why

they're not interested? Is it because of --
        N895celC

 THE DEFENDANT: I'm going to tell you what Mr. Perez

 told me. Mr. Perez said no lawyer would take on that duty.

 THE COURT: Because of your conduct towards lawyers in

 the past? Or something else.

 THE DEFENDANT: No. These lawyers don't even know me.

 I have no idea why. But he told me a long time ago, and I

 tried to figure out a way to bypass him by getting another

 lawyer because I needed a lawyer to contact people. They

 didn't want to do it. I told Mr. Santana that he needed to

inform you. He told me he wouldn't. So, you know, he can't

leave me without.

THE COURT: Let me ask you this. Mr. Santana

represents that there has been a breakdown in your

relationship; is that correct?

THE DEFENDANT: Yes, and I am just telling you the

reasons why.

THE COURT: Do you oppose Mr. Santana's application to

withdraw as your attorney?

THE DEFENDANT: No.

THE COURT: So the issue will then be, assuming I

grant the application, how to go about getting you a new lawyer

if there are going to be any more issues that recur. Now,

hopefully there won't be. Hopefully, after this conference,

you will keep it together, hopefully the restrictions that the

probation department is going to place will reduce any

N895celC

temptation or ability for you to engage in more threatening or

improper e-mailing, but if anything were to occur, I would want

you to have a lawyer. May I ask you, is there a family member

of yours who could take the lead in trying to secure a lawyer

for you? It may be that the way you present on the phone to a

prospective lawyer is driving them away.

THE DEFENDANT: I just said I have special conditions

and I need a lawyer.

THE COURT: Right. Here is the question. Is there

somebody -- your brother, your mother -- is there somebody who

could make the phone calls for you to try to pave the way to

your getting a lawyer?

THE DEFENDANT: How else are they going to present

that? I mean, it is just straightforward.

THE COURT: Look. I don't know. I --

THE DEFENDANT: No.

THE COURT: I'm saying to you, Mr. Celli, and I don't

mean any disrespect, you are high maintenance, you are not an

easy ask. And you are smiling and I am smiling, too. It may

be that the better way to retain a lawyer is to have somebody

who could start the conversation in a way that makes it a

little more likely that the lawyer would be interested in

taking on the representation. Let me suggest that you try,

because at the end of the day, if you don't qualify for court

appointment, I can't just appoint somebody and you may need

        N895celC

 just a different approach in reaching out to a lawyer, a lawyer

 who would be helpful for you if you wind up in a pickle where

 you find up in a violation.

 THE DEFENDANT: Oh, and what he said is frivolous?

 The DOE had prior knowledge of my arrest and they're

 withholding evidence. And I provided probation with a copy of

 the audio from HR saying that they did send me a letter prior

 to my arrest.

 THE COURT: Let me ask you this, Mr. Celli. Briefly,

what the issue you have going with the DOE right now?

Succinctly.

THE DEFENDANT: The issue at the present time is the

fact that the arbitrator worked for the UFT NYSUT and the

person who threatened to expose my rape, so that's issue number

one.

THE COURT: Are you disputing your status or your pay?

Or are you still disputing the events of some years ago arising

out of those incidents?

THE DEFENDANT: Well, it would be all of it because

that's what the 3028 would be about. Under New York State law,

I forget, it is Article 23, something about conviction, you get

to present the background of the conviction.

THE COURT: Let me try it this way. Is DOE trying to

take away your job title and your money?

THE DEFENDANT: Yes.
     N895celC

 1

 2     that?

 3
THE COURT: And are you represented in connection with


 THE DEFENDANT: I was until the NYSUT attorney didn't

 want to do her job.

 THE COURT: Was that a court-appointed attorney?

 THE DEFENDANT: Union attorney.

 THE COURT: A union attorney.

 Is the union no longer supplying an attorney for you?

 THE DEFENDANT: No, because there is another issue

with them.

THE COURT: All right. Look, Mr. Celli, is there

anything else you want to say to me?

THE DEFENDANT: No. It is just, you know, those facts

and the fact that, you know, the pre-knowledge, they took me

off of payroll so that they didn't have to pay me retro even

though that other people in the same situation were paid. And
then, as I wrote many times, AUSA Short said to file a criminal
complaint and it is not frivolous when I have someone telling
me.

THE COURT: Mr. Celli, let me offer this thought. I
can't weigh in on the disputes that you are having with DOE.

THE DEFENDANT: Yes.

THE COURT: It is simply very far out of my line. Nor
can the probation department. Nor can the government. This is
ultimately a criminal proceeding and we are at the supervised

        N895celC

 release stage and, happily, at the back end of the supervised
 release stage. What I would say is to the extent that you have
 an ongoing dispute or disputes with the DOE, one thing you
 should not be doing is copying all the people from your
 criminal case or people not involved in it, other judges,
 basically almost any of the people on these e-mails you should
 not be copying all of us. You should be, if you don't have a
 lawyer -- and I would hope that the union can supply you one --
 but to the extent you ever have any need to communicate with
 the DOE, you should be communicating just with the people who
 are responsible within the DOE for handling your case. You
 should not be creating a long list of people to air your
 grievances to but only the people who are responsible for that
 matter. And to the extent you have any communications with any
 of them, you should be writing those communications in a very
 measured way, you should not ever have anything that even looks

close to looking like a threat, looks like profanity, looks

like anything personal.  You should always pause before,

between composing a first draft and hitting the send button.  I

would suggest that you have your family, if you don't have a

lawyer review anything you send before sending it, but there

are some easy approaches here that will allow you to take up

with the DOE the issues you have with them without getting into

problems here.  The problems here come when you add Judges and

prosecutors and court personnel to your communications and then

          N895celC

 when you add all of the threatening language and the profanity.

 Do you understand what I have said?

 THE DEFENDANT:  Yes.

 THE COURT:  OK.

 MS. BENSING:  Your Honor, before the Court rules on

 the motion to be relieved as counsel, I just wanted to raise

 one issue for the Court.  A number of the conditions of

 supervised release require him to have a counsel essentially,

 your Honor.  For example, Special Condition 4 requires a

certain restrictions other than his counsel taking certain

actions.  I think it is the same thing with Special Condition

5, Special Condition 7.

So I just want to, certainly from the government's

perspective, I think those special conditions do require

participation of an attorney.

THE COURT:  I'm not sure I read it that way,

Ms. Bensing.  These things say if he has an attorney, the

attorney has the authority to undertake certain communications
but they don't require the appointment of an attorney.

MS. BENSING: That's true, your Honor.

THE COURT: Mr. Celli has the ability to retain an
attorney. I'm offering some practical suggestions as how to go
about doing so. If he does not retain an attorney it means
that certain communications on his behalf can't be made but
they don't require this Court to appoint somebody.

        N895celC

MS. BENSING: Understood, your Honor. As long as the
defendant and the Court is clear that, absent an attorney
taking those actions, he cannot take those actions.

THE COURT: Right. I mean, look. Right? I mean,
that's right, he cannot communicate -- look, Mr. Celli. To be
clear, you can't be telephoning, e-mailing, contacting judges
or court personnel. That doesn't limit what you can do with
respect to DOE. Obviously you can't be abusive, but that's
outside the scope of this case right, Ms. Bensing?

MS. BENSING: Well, your Honor, I believe that Special
Condition 7, that he shall not make any phone calls or send any
written correspondence to any prosecutor or government
personnel, would encompass DOE.

THE COURT: I have to say I'm not sure I thought about
it that way. I mean, granted, we didn't focus on the issue of
his proceeding before DOE at the time and I guess at the time
he had union counsel, which seemed to obviate the issue, but I
can't say that I understood government personnel necessarily in

the way that you do. I mean, I was thinking of the government

personnel as in outside the scope of DOE.

MS. BENSING: I understand, your Honor, and if that's

the case I think the concern is that a number of the recipients

of these e-mails -- certainly I think that it would be

appropriate for the probation department to have some

supervision over the sending of harassing and threatening

      N895celC

 e-mails in the context of this case.

 THE COURT: Well, look. He cannot send threatening

 e-mails to anybody but you are making a different point which I

 didn't understand to be within the scope of what the probation

 department was bringing to my attention today, which is that

 during such time when he doesn't have the assistance of a

 lawyer in dealing with DOE is he allowed to reach out to them

 in an appropriate, not threatening way. And there may be

 ambiguity in the word "government personnel" here, but it may

be when we put in place those terms he had assistance with

respect to DOE but it was a non-issue, but at least for the

time being he is representing to us that he doesn't have a

union representative, he doesn't have anyone to speak on his

behalf. What are you proposing?

MS. BENSING: Well, your Honor, I think from the

government's perspective and from probation's perspective,

government personnel does encompass the DOE and that was one of

the bases that we were considering possible violation charges.

THE COURT: How do you recommend he get counsel?

MS. BENSING: Your Honor, what I had proposed to

Mr. Santana before I understood him to have had that breakdown,

is that Mr. Santana try to work with the union to ensure that

the defendant is represented in connection with his DOE

dispute. I haven't been able to have those conversations with

his criminal defense attorney for the reasons stated on the
                N895celC

 record today.

 THE COURT: Mr. Santana is the criminal defense

 attorney.

 MS. BENSING: Right. So I attempted to have that

 conversation, Mr. Santana said he would get back to me, we sort

 of go back and forth as to why; I never heard back, your Honor.

 THE COURT: I see. In other words, the problem is if

 Mr. Santana is really saying he is not comfortable even

 reaching out to the union, the question is who is going to do

so? It is outside of probation's writ.

Mr. Santana, let me ask you this question. I'm in

problem-solving mode here. Ms. Bensing has spotted a legal

issue which involves if Mr. Celli is having difficulty getting

somebody to represent him in his dealings with the DOE and

usually that would be the union, right, we wind up with a

situation where he is unrepresented in front of DOE, I can't

appoint somebody, that is way outside of what I can do apart

from his not qualifying for appointment. Is there some reason

why you can't, before you are excused, at least assist him with

the union? I mean, otherwise, he is being left high and dry.

MR. SANTANA: Sure. Understood, Judge, and I

definitely understand the Court's concern.

First, Judge, I think I have touched on the fact that

obviously representation with respect to the union

labor-related matters, that is outside the scope my experience.

N895celC

However --

THE COURT: I'm not asking you to represent him in

those matters. That is clearly outside of your experience and

your scope. I am simply saying that while I appreciate that

there has been a breakdown, your leaving the case at this point

creates a significant problem for Mr. Celli. And so, while I

am not asking you to continue to advocate for him here, I am

asking, since you are the only counsel associated with him at

this point, whether you can intervene with the union to try to

get a union person to assist him in that matter.

MR. SANTANA: Sure.

THE COURT: And the reason is that that appears, as

the helpful exchange I had with Ms. Bensing a moment ago

suggests, that may be essential to protecting his interests in

this criminal case.

MR. SANTANA: Sure, sure.

Judge, I was going to say I have absolutely no problem

doing that, although just so we are all on the same page

respectfully, Judge, of course, I can't say for certain if it

is going to stop at me just attempting to ascertain the reason

as to why they are not representing him. I have seen in many

situations where I have said to myself, let me just see what
happens and it goes on and it goes on and it goes on.  So I
want Mr. Celli, and of course the Court, to understand that I
have no problem doing that --
    N895celC

 THE COURT: Look.  Here is the point.  I want you to

 try and I want you to try hard, because there is a human being

 in need here and if he goes unrepresented there, we may all be

 careening into an avoidable problem.  You are the person in

 this room, more than anybody, who has it within your power to

 help avoid that problem by being a force for good in trying to

 get the union back on track representing him.  I am asking you

 to do that and write and file a letter on the docket of the

 case letting me know whether you were able to get union

representation for him.  If that union representation is

secured, you can expect I will promptly excuse you from further

representation.

MR. SANTANA: Understood.

THE COURT: I'm not expecting you to do anything else

in this case beyond that.

MR. SANTANA: Understood, Judge.

THE COURT: If you fail to do that, I will have to

then seek suggestions from the government and the probation

department about whether I'm obliged to modify the conditions

of supervised release to allow Mr. Celli, in a not threatening

way, to represent himself in the DOE proceedings.  But I don't

think it is fair to Mr. Celli to leave him in a situation where

the conditions of supervised release, coupled with his

practical inability to get representation, leave him unable to

represent himself in an employment dispute whose merits I can't
        N895celC

 prejudge.

 MR. SANTANA:  Understood, Judge, and I will make sure

 myself and my office, that we get on that collectively.

 THE COURT:  Let's get on that urgently.

 MR. SANTANA:  Yes.  Absolutely.

 THE COURT:  Ms. Bensing, it looked like you were

 prepared to speak.

 MS. BENSING:  No.  I was just in agreement with the

 court, which is why I had stated at the outset that we had not

brought any sort of violation based on these communications

with the DOE officials because I understand --

THE COURT:  Right.

MS. BENSING:  And I also understand, I think we should

try to get in place either an understanding of the counsel

situation or a modification, as the Court has proposed.

THE COURT:  Right.  And I think the ideal solution

here is to have a counsel represent him or union represent him,

somebody represent him before DOE so that Mr. Celli never has

any reason to speak for himself, you can always go through a

representative.  If we can't get that person -- sorry, Officer

Cudina.  I am speaking with government counsel.  You can't be

speaking with her at the same time.

OFFICER CUDINA:  Sorry.

THE COURT: If such a person isn't appointed, then I

will ask you, Ms. Bensing, in consultation with the probation

      N895celC

 department, figure out what modification we need to make

 because Mr. Celli can't be left both unrepresented and shackled

 from being able to speak in his DOE matter.

 MS. BENSING: Yes, your Honor. And just as a

 procedural matter, I believe that a modification at this stage

 would have to be consensual between the parties but we can

 certainly attempt to achieve that.

 THE COURT: Because why?

 MS. BENSING: Because there is no pending violation

proceeding.

THE COURT: I see. So you could try to raise that

with Mr. Celli if we have to, and if that fails, if you needed

to bring a violation as a means of getting before me, I suppose

we would do that.

MS. BENSING: Yes, your Honor.

THE COURT: Look, Mr. Celli. As you can see, I am

trying to work this out in a way that respects your interests

in having somebody speak for you before DOE.

Do you understand that?

THE DEFENDANT: So the issue is that I'm supposed to

e-mail the City and the arbitrator. I was waiting until today.

And then I have to submit a brief on the 24th so I don't know

what to tell you right now.

THE COURT: Well, Mr. Santana, that is 15 days to the

24th.  Let's try to jump on that.
        N895celC

 MR. SANTANA:  Judge, I would just ask that Mr. Celli

 forward me an e-mail only consisting of the contact information

 for, I guess presumably it would be the union, and if he could

 just really, really limit it to just that information, I would

 appreciate that.

 THE COURT:  Mr. Celli, please communicate that to

 Mr. Santana.  He is trying to get you a union representative.

 THE DEFENDANT:  And what about the arbitrator so the

 arbitrator knows?

THE COURT:  You are telling me you have some due date

on August 24th; correct?

THE DEFENDANT:  And I'm supposed to e-mail the

arbitrator audio recordings.

THE COURT:  When is that due?

THE DEFENDANT:  By the end of this week.

MR. SANTANA:  Judge, I think if I can at least start

with a call to the union, perhaps they can get back on board,

so to speak, and maybe that will help iron out the situation

with respect to arbitration, maybe he will be granted an

extension.

THE COURT:  Mr. Celli, when you give the arbitrator's

contact information to Mr. Santana I'm going to ask Mr. Santana

to explain to the arbitrator that while Mr. Santana tries to

arrange for union representation, we are asking for the

deadline to be put off.

| | | N895celC | |
|---|---|---|---|
| 1 | | THE | DEFENDANT: OK. |
| 2 | | THE | COURT: Let's do it that way and see how that |
| 3 | works. | | |
| 4 | | THE | DEFENDANT: I will e-mail him tonight. |
| 5 | | THE | COURT: More broadly, Mr. Celli, you cannot, in |

your communications with anybody, engage in the threatening or

profane or personal communications that you have engaged in.

The probation department is on your side to an extraordinary

degree here, they have not brought a violation against you. I

am telling you they could have, I have read those

communications.

You should be very thankful to have Officer Cudina and

her colleagues assigned to this matter and staying their hands

in the responsible way that they have been doing. You can't

count on that forever because these are real apparent

violations on the face of them. I am not ruling, but it sure

looks that way. You should not, under any circumstances, be

communicating with any of the people other than DOE, and even

as to DOE, I don't want you communicating with them until and

unless it has been determined that there is no union

representative or lawyer who can do so on your behalf.

Do you understand that?

THE DEFENDANT: OK.

THE COURT:  Do you understand that you have got nine

months to go here with respect to the supervised release

      N895celC


 process, Mr. Celli?  If you can keep it together for nine

 months without any violations, your supervised release term

 will end.

 You understand that?

 THE DEFENDANT:  I understand that.  I'm just still

 upset with the fact that the DOE had prior knowledge.

 THE COURT:  My job here involves supervising your

 supervised release terms.

 THE DEFENDANT:  Right.

THE COURT:  I can't get in the middle of you and DOE,

but whatever they knew or didn't know, that doesn't authorize

any of the screeds that you have been sending to all of these

people including judges prosecutors, government officials, and

the like.

THE DEFENDANT:  I didn't send it to any judge.

THE COURT:  Yes.  I'm a judge.

THE DEFENDANT:  You said I could e-mail you, though.

THE COURT:  I didn't say you could e-mail me.

Mr. Celli, I have got these e-mails here that list me,

your former lawyer Mr. Silverman, people at Federal Defenders,

people at the Davis, Polk law firm, the Sher Tremonte law firm,

Columbia University, a host of people you have been sending

these things to.

THE DEFENDANT:  Yes.

THE COURT: You can't do that.

| | N895celC | |
|---|---|---|
| 1 | | THE DEFENDANT: OK. |
| 2 | | THE COURT: Period. Full stop. |
| 3 | | THE DEFENDANT: OK. |
| 4 | | THE COURT: And I want you to understand how serious |
| 5 | this is. | I don't want to be in the position of having to |

adjudicate a claim of a violation. I certainly don't want to

be in a position of having to punish you but at the end of the

day, if communications like this recur, that's where this is

headed. I know the probation department doesn't want to be in

the position of having to bring violation specifications

against you but that's where that is headed, too, if you keep

doing that.

THE DEFENDANT: OK.

THE COURT: Look. The other thing is the probation

department represents to me that you have told them that you

have sometimes gone off your medications.

THE DEFENDANT: Oh. No. It is not that I have gone

off my medication, it is the Klonopin, it is supposed to be

taken as needed. As I expressed to probation, it is that it is

highly addictive and I don't want to be -- I don't want to get

used to it so I try not to but I have been taking it more often

now, sometimes I forget though, but.

THE COURT: All I can tell you is you need to follow

whatever the doctor's orders are.  I understood from the

probation department that you had, as I understood it, said to
        N895celC

 them that you had not been taking it as much as the doctor had

 ordered.

 THE DEFENDANT:  The Klonopin; but the other

 psychotropics, I take them as prescribed.

 THE COURT:  Look, just follow what the doctor has

 said.  I'm not getting in the way of any doctor's

 recommendations to you but you should not be doing anything

 other than as your doctor has instructed.  OK?  Look, that is

 in your interest.

THE DEFENDANT:  OK.

THE COURT:  Ms. Bensing, is there anything else I can

say or do today?

MS. BENSING:  No.  Thank you, your Honor.

THE COURT:  Look, I want to take a moment and I have

earlier complimented Mr. Celli for the positive steps forward

and I want to say that again, Mr. Celli.  I am looking at two

steps forward, one step back here, that is a lot better than it

could have been.  I am hoping I don't have to see you again,

not because it isn't a pleasure but it is because you will only

be in some hot water.  I am hoping you can make the next move

of three steps forward and no steps back and that basically

means stopping all of those inappropriate communications.

Do I have your commitment that you will try?

THE DEFENDANT:  Yes.

THE COURT:  I also want to compliment the government
      N895celC

and especially the probation department.  This is a high degree

of difficulty supervision and I appreciate the very, very

thoughtful way, Officer Cudina, you and your colleagues have

approached this.  This is hard stuff.  And instead of

reflexively calling a foul, you very wisely stayed your hand

and brought it before me in the hope that we can stop the

inappropriate communications, the offensive communications, in

their tracks.  This is in the highest customs and traditions of

the probation department in that you are really trying to

achieve rehabilitation here and not looking at this solely

through a punitive lens and I commend you very much for that.

OFFICER CUDINA:  Thank you, Judge.

THE COURT:  Thank you.  We stand adjourned.

o0o

15

16

I hereby certify that the foregoing is a true and

accurate transcript, to the best of my skill and ability, from

my stenographic notes.

20

21

22

23

24

25

M Gmail

Lucio Celli <lucio.celli.12@gmail.com>

**Re: Engelmayer--enforce your order=--of course not--you were bribed by Randi**

1 message

**Lucio Celli <lucio.celli.12@gmail.com>**                                                          Fri, Feb 28, 2025 at 10:15 PM
To: CHARLES DIAMOND <CHARLES.DIAMOND@eeoc.gov>, robin.gold@usdoj.gov, shannon_kopplin@ethics.senate.gov, robert_wier@kyed.uscourts.gov, "Paul K. Brown (pkbrown@bklawyers.com)" <pkbrown@bklawyers.com>, "Jessica Faith (jfaith@schools.nyc.gov)" <JFaith@schools.nyc.gov>, Norman.Wong@usdoj.gov, preet.bharara@wilmerhale.com, Jennifer.Trowbridge@nysed.gov, Lindsey.Facteau@nysed.gov, Colleen.Fikes@nysed.gov, legal@nysed.gov, ospra@nysed.gov, info@osc.gov, hatchact@osc.gov, pboulay@osc.gov, certification@osc.gov, foiarequest@osc.gov, adad@nycourts.gov, migbm@nycourts.gov, ig@nycourts.gov, rfmurphy@nycourts.gov, EWR.Oversight@mail.house.gov, Michael Mulgrew <mmulgrew@uft.org>, "Vlasuk, Melanie (PERB)" <Melanie.Vlasuk@perb.ny.gov>, "Mitchell, Ellen (PERB)" <Ellen.Mitchell@perb.ny.gov>, mgoodetr@law.nyc.gov, "Minicucci, Lora (LAW)" <lminicuc@law.nyc.gov>, Arbitration@fmcs.gov, chambersnysbeibel@nysd.uscourts.gov, Catherine_Seibel@nysd.uscourts.gov, EthicsComm@nycourts.gov, vcriscitello@acus.gov, cigie.information@cigie.gov, tc-breon.peace@usdoj.gov" <breon.peace@usdoj.gov>, "alixandra.smith@usdoj.gov" <alixandra.smith@usdoj.gov>, "kristen.clarke@usdoj.gov" <kristen.clarke@usdoj.gov>, "Randi Weingarten, Office of the President" <rweingar@aft.org>, Brian Cogan <brian_cogan@nyed.uscourts.gov>, "ann_donnelly@nyed.uscourts.gov" <ann_donnelly@nyed.uscourts.gov>, "John_Roberts@supremecourt.gov" <John_Roberts@supremecourt.gov>, MELANIE DAVIS <melanie.davis@eeoc.gov>, VAM'GYEBI JR <Yaw.Gyebi@eeoc.gov>, KIMBERLY CRUZ <Kimberly.Cruz@eeoc.gov>, "CHARLOTTE BURROWS [she/her/hers]" <Charlotte.burrows@eeoc.gov>, "JOCELYN SAMUELS [she/her/hers]" <Jocelyn.samuels@eeoc.gov>, ANDREA LUCAS <Andrea.lucas@eeoc.gov>, KALPANA KOTAGAL <kalpana.kotagal@eeoc.gov>, KARLA GILBRIDE <Karla.gilbride@eeoc.gov>, "Beth A. Norton" <bnorton@uft.org>, Damian.Williams@usdoj.gov, nastsha.teleanu@usdoj.gov, carla.freedman@usdoj.gov, elizabeth.coombe@usdoj.gov, daniel.morton-Bentley@nysed.gov, betty.rosa@nysed.gov, michelle.jaeger@usdoj.gov, danielle.clarke@usdoj.gov, corey.amundson@usdoj.gov, rajit.dosanjh@usdoj.gov, christine.coombe@usdoj.gov, ProSe@nysd.uscourts.gov, prosecases@ca2.uscourts.gov, swainnysdcorresp@nysd.uscourts.gov, debra_livgston@ca2.uscourts.gov, Delice_Livingston@ca2.uscourts.gov, "Clarke, Danielle (BOP)" <d3clarke@bop.gov>, Kevin.Davidson@usdoj.gov, Breon.Escalona@usdoj.gov, Sean.Costello@usdoj.gov, Lane.Tucker@usdoj.gov, Gary.Restaino@usdoj.gov, Jonathan.Ross@usdoj.gov, Clay.Fowlkes@usdoj.gov, Martin.Estrada@usdoj.gov, Phillip.Talbert@usdoj.gov, Ismail.Ramsey@usdoj.gov, Tara.McGrath@usdoj.gov, Matthew.Kirsch@usdoj.gov, David.Weiss@usdoj.gov, Matthew.Graves@usdoj.gov, Roger.Handberg@usdoj.gov, Jason.Coody@usdoj.gov, Markenzy.Lapointe@usdoj.gov, Peter.Leary@usdoj.gov, Ryan.Buchanan@usdoj.gov, Jill.Steinberg@usdoj.gov, Shawn.Anderson@usdoj.gov, Clare.Connors@usdoj.gov, Joshua.Hurwit@usdoj.gov, Gregory.Harris@usdoj.gov, Morris.Pasqual@usdoj.gov, Rachelle.Crowe@usdoj.gov, Clifford.Johnson@usdoj.gov, Zachary.Myers@usdoj.gov, Timothy.Duax@usdoj.gov, Richard.Westphal@usdoj.gov, Kate.Brubacher@usdoj.gov, Carlton.Shier@usdoj.gov, Michael.Bennett@usdoj.gov, Duane.Evans@usdoj.gov, Ronald.Gathe@usdoj.gov, Brandon.Brown@usdoj.gov, Darcie.McElwee@usdoj.gov, Erek.Barron@usdoj.gov, Joshua.Levy@usdoj.gov, Dawn.Ison@usdoj.gov, Mark.Totten@usdoj.gov, Andrew.Luger@usdoj.gov, James.Joyner@usdoj.gov, Sayler.Fleming@usdoj.gov, Teresa.Moore@usdoj.gov, Susan.Lehr@usdoj.gov, Jason.Frierson@usdoj.gov, Jane.Young@usdoj.gov, Philip.Sellinger@usdoj.gov, Alexander.Uballez@usdoj.gov, trini.ross@usdoj.gov, Michael.Easley@usdoj.gov, Sandra.Hairston@usdoj.gov, Dena.King@usdoj.gov, McLain.Schneider@usdoj.gov, Rebecca.Lutzko@usdoj.gov, Kenneth.Parker@usdoj.gov, Christopher.Wilson@usdoj.gov, Clinton.Johnson@usdoj.gov, Robert.Troester@usdoj.gov, Natalie.Wight@usdoj.gov, Jacqueline.Romero@usdoj.gov, Gerard.Karam@usdoj.gov, Eric.Olshan@usdoj.gov, Stephen.Muldrow@usdoj.gov, Zachary.Cunha@usdoj.gov, Adair.Boroughs@usdoj.gov, Alison.Ramsdell@usdoj.gov, Trina.Hamilton@usdoj.gov, Thomas.Jaworski@usdoj.gov, Reagan.Fondren@usdoj.gov, Damien.Diggs@usdoj.gov, Leigha.Simonton@usdoj.gov, Alamdar.Hamdani@usdoj.gov, Jaime.Esparza@usdoj.gov, Trina.Higgins@usdoj.gov, Nikolas.Kerest@usdoj.gov, Delia.Smith@usdoj.gov, Jessica.Aber@usdoj.gov, Christopher.Kavanaugh@usdoj.gov, Vanessa.Waldref@usdoj.gov, William.Ihlenfeld@usdoj.gov, William.Thompson@usdoj.gov, Gregory.Haanstad@usdoj.gov, Eric.Heimann@usdoj.gov, "perb.sm.BuffaloAdmin" <buffaloadmin@perb.ny.gov>, "Coleman, Sarah (PERB)" <Sarah.Coleman@perb.ny.gov>, "Sergent, Brittany (PERB)" <Brittany.Sergent@perb.ny.gov>, "Burritt, Nancy (PERB)" <Nancy.Burritt@perb.ny.gov>, "Colgan, Sarah (PERB)" <Sarah.Colgan@perb.ny.gov>, william.corcoran@perb.ny.gov, john.jontin@perb.ny.gov, charles.barley@perb.ny.gov, kimberly.sanderi@perb.ny.gov, hanmpton.Dellinger@osc.gov, karen.gorman@osc.gov, Emilee.collien@osc.gov, Bruce.gorman@osc.gov, OSC.Ethics@ed.gov, Ethics.FinancialDisclosure@hhs.gov, myers.vanessa.j@dol.gov, kathleen.oram@eeoc.gov, ethicsoffice@ec.gov, ogc@fmcs.gov, jacqueline.henry@gsa.gov, MBX.OA.OGC.Ethics@oa.eop.gov, denis.mcdonough@va.gov, FEBNationalOps@opm.gov, aodb_Fraud_Waste_Abuse_Complaint@ao.uscourts.gov, CongressionalAffairs@oig.hhs.gov, Victimassistance.fraud@usdoj.gov, camaker.thomas-heyward@acs.nyc.gov, miraglia@bronxbp.nyc.gov, Peter.Torre@manhattanbp.nyc.gov, aswander@queensbp.org, dmaster@statenislandusa.com, JYee@nyccfb.info, chmcfaul@nyccsc.nyc.gov, patrick.synmoie@cityclerk.nyc.gov, PMoore@council.nyc.gov, mreyes@dcas.nyc.gov, sstar@ocb.nyc.gov, jmartin@comptroller.nyc.gov, oneakir@bronxda.nyc.gov, chavine@brooklynda.org, dubeck@dany.nyc.gov, JMCastellano@queensda.org, aowens@rcda.nyc.gov, sbiletsky@schools.nyc.gov, Rsavino@boenyc.gov, JVictor@eeec.nyc.gov, ntessler@health.nyc.gov, ksheridan@health.nyc.gov, soohoop@dss.nyc.gov, lgrestio@dss.nyc.gov, gadamas@cchr.nyc.gov, abrunsden@doi.nyc.gov, lmorsillo@doi.nyc.gov, bsilvest@law.nyc.gov, wernerj@omb.nyc.gov, bheinzen@cityhall.nyc.gov, VLevy@fisa-opa.nyc.gov, David.Goldfarb@nypd.org, eguzman@publicadvocate.nyc.gov, napacheco@records.nyc.gov, vbudzik@trs.nyc.gov, healthbenefits@olr.nyc.gov, Jennifer_rearden@nysd.uscourts.gov, Vladeck Elizabeth <evladeck@schools.nyc.gov>, Evelyn Bowles <EBowles@trs.nyc.us>, Mary Atkinson <matkinson@uft.org>, Erica Cudina <Erica_Cudina@nysp.uscourts.gov>, Joshua Sparks <Joshua_Sparks@nysp.uscourts.gov>, jsadowksi@nysd.uscourts.gov, squad5complaint@doi.nyc.gov, Christopher Garcia <cgarcia@krezfores.com>, Curtis Jackson <cjackson@krezfores.com>, Patrick Taylor <timothytaylor1@mac.com>, audit@comptroller.nyc.gov, OCAMailbox@comptroller.nyc.gov, generalcounsel@comptroller.nyc.gov, laborlaw@comptroller.nyc.gov, BLA@comptroller.nyc.gov, jstrauber@doi.nyc.gov, Policy@comptroller.nyc.gov, hdellinger@osc.gov, sullman@osc.gov, gethelp@advocate.nyc.gov, rhuff@advocate.nyc.gov, wesbrown@advocate.nyc.gov, eguzman@advocate.nyc.gov, nacamlin@advocate.nyc.gov, RulesCommittee_Secretary@ao.uscourts.gov, Robert_Conrad@ao.uscourts.gov, William_Meyers@ao.uscourts.gov, Joshua_Lewis@ao.uscourts.gov, Karen_Schroeder@ao.uscourts.gov, Robert_Dow@supremecourt.gov, Ethan_Torrey@supremecourt.gov, Nancy_Payne@ao.uscourts.gov, James_duffy@ao.uscourts.gov, Michael_henry@ao.uscourts.gov, David_Sellers@ao.uscourts.gov, cooney@nysenate.gov, hoylman@nysenate.gov, sd27schedule@nysenate.gov, berry@senatormayer.com, hkirk@nysenate.gov, estroff@nysenate.gov, smayer@nysenate.gov, palumbo@nysenate.gov, rhoads@nysenate.gov, stavisky@nysenate.gov, gonzalezscheduling@nysenate.gov, gonzalez@nysenate.gov, johanna@senatorjackson.com, jackson@nysenate.gov, mattera@nysenate.gov, parker@nysenate.gov, sparton@nysenate.gov, Liman@nysenate.gov, Early@nysenate.gov, Momot@nysenate.gov, weik@nysenate.gov, martinez@nysenate.gov, brouk@nysenate.gov, Fahy@nysenate.gov, flood@nysenate.gov, rolison@nysenate.gov, biskup@nysenate.gov, paquette@nysenate.gov, fuentes@nysenate.gov, SchedulingSD42@nysenate.gov, chan@nysenate.gov, may@nysenate.gov, addabbo@nysenate.gov, ashby@nysenate.gov, senatorjbailey@nysenate.gov, teambristport@nysenate.gov, pimentel@nysenate.gov, canzoneri@nysenate.gov, lanza@nysenate.gov, Ortt@nysenate.gov, grivera@nysenate.gov, breslin@nysenate.gov, griffo@nysenate.gov, gounardes@nysenate.gov, brisport@nysenate.gov, krueger@nysenate.gov, lanza@nysenate.gov, Ortt@nysenate.gov, scousins@nysenate.gov, Speaker@nyassembly.gov, benedetto@nyassembly.gov, benedetto@nyassembly.gov, BarclayW@nyassembly.gov, john.durham@usdoj.gov, Danielle.Sassoon@usdoj.gov, support@nyed.uscourts.gov, Lehrburger_NYSDChambers@nysd.uscourts.gov, Laura_taylor@nysd.uscourts.gov, Tammi_Hellwig@nysd.uscourts.gov, martin.scheinman@scheinmanneutrals.com, sonia.kaparakos@scheinmanneutrals.com, barry.peek@scheinmanneutrals.com, julie.torrey@scheinmanneutrals.com, Timothy Taylor <timothytaylor1@mac.com>, Robert_Lehrburger@nysd.uscourts.gov, John_Cronan@nysd.uscourts.gov, pro_se_filing@nysd.uscourts.gov, btarnault@bklawyers.com, dekornfeld@bklawyers.com, dbolver@bklawyers.com, fwturner@bklawyers.com, trbauman@bklawyers.com, jaclark@bklawyers.com, bjlaclair@bklawyers.com, lsmith@bklawyers.com, mttokarsky@bklawyers.com, nglambright@bklawyers.com, btking@bklawyers.com, drbrice@bklawyers.com, mrthibault@bklawyers.com, njlafler@bklawyers.com, rscorenthal@bklawyers.com, cebittman@bklawyers.com, klwagner@bklawyers.com

I change Souther or Eastern .....

On Fri, Feb 28, 2025 at 8:36 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
I do not know what is going on but doc. nos 57, 58, 61 and 62 have nothing to do with recusal

oRDER denying 57 Motion; denying 59 Motion for Recusal; denying without prejudice as moot 60 Motion to Intervene; denying 61 Motion ; denying 62 Motion ; denying 63Motion for Recusal; deferring ruling on 14 Motion for Permission for Electronic Case Filing. This order addresses several purported motions by Plaintiff Celli. 1. Plaintiff's application at Dkt. 14 for electronic filing privileges is DENIED. Plaintiff has already failed to follow court orders and has repeatedly file vexatious and frivolous items on the docket. Relatedly, the Court will NOT consider any communication from Plaintiff unless properly filed via the Pro Se Clerk office. 2. Plaintiff's applications at Dkts. 57, 58, 61, and 62 are DENIED as frivolous and vexatious. 3. Plaintiff's applications at Dkts. 59 and 63 are motions to recuse. The form used, however, is entirely generic, and Plaintiff has identified no facts that would provide a basis for recusal. Plaintiff's other filings reflect general displeasure with the Court's rulings, which is not a valid basis for recusal. Accordingly, the motions at Dkt. 59 and 63 are DENIED. 4. Plaintiff's application at Dkt. 60 is captioned as a motion to intervene. The body of the motion, however, reads more like a complaint and asks the Court to reverse the DOE and UFT's denial of prescription drug insurance coverage. Plaintiff already has been granted permission to file an amended complaint as of right by March 17, 2025. (See Dkt. 49.) To the extent Plaintiff's initial pleading does not already address the claims that are subject of Dkt. 60, Plaintiff may include them in his intended amended complaint if he has a good faith basis to do so. Plaintiff is once again reminded that the amended complaint may be a short and plain statement of his claims. The application of Dkt. 60 therefore is denied without prejudice as moot. 5. Plaintiff is also reminded again that he must send and file all communications with the Court via the Pro Se Clerk office and that all submissions must present a non-frivolous request for relief or response to a court order or another party's request for relief. Plaintiff has continued to violate that admonition - previously ordered on multiple occasions - by filing frivolous and vexatious documents; by sending numerous vexatious, ranting, profane emails to an email list of more than 400 recipients, including numerous judges and court staff; and repeatedly calling judicial chambers and leaving ranting voicemails. Plaintiff shall refrain from all such conduct. Finally, Plaintiff is reminded that violation of this or any other court order may result in sanctions, including monetary sanctions, contempt sanctions, and / or dismissal of the action with prejudice. The Clerk of Court is directed to terminate the motions at Dkts. 14, and 57 through 63. SO ORDERED. Copies transmitted this date to all counsel of record. The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. (Signed by Magistrate Judge Robert W. Lehrburger on 2/28/2025) (mml) (Entered: 02/28/2025)

On Fri, Feb 28, 2025 at 7:16 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
i will sent your order to Pres Trump and the Senate as Randi bribed you to cover up her criminal conduct
On Mon, Feb 24, 2025 at 11:03 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
But I do appreciate Judge Wier's time and effort that he put into my petition that he didn't have to address

On Mon, Feb 24, 2025 at 10:50 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:

On Mon, Feb 24, 2025 at 10:48 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
As you know facts and law support my claim and I provided you with evidence

Judge Wier ... took the time to consider my claims and that petition was truly frivolous—as i truly did research!

He dismissed it ... no one has the right to win ...people ONLY have a right for their claims to review without a biased eyes

You are not providing this and you Should just dismiss it now

I am not in control of insurance but my employer and union are the ones and i am at their mercy

You want to further harm my immune system

You know that you can dismiss it and get away with it ... you should just do it already and you will have proved my point

On Mon, Feb 24, 2025 at 12:53 AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
You should not be questioned

On Sun, Feb 23, 2025 at 11:30 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
With Livingston and admin&oversight ignoring your criminal conduct for Engelmayer, cogan's and Randi
On Sun, Feb 23, 2025 at 7:21 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
And it was a crime for AUSAs
On Sun, Feb 23, 2025 at 6:58 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
I was prevented from applying

On Sun, Feb 23, 2025 at 9:31 AM Lucio Celli <lucio.celli.12@gmail.com> wrote:

Was paid to help cover up Engelmayer's and Randi 's crimes Against me
On Fri, Feb 21, 2025 at 11:18 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:

On Thu, Feb 20, 2025 at 9:01 AM Lucio Celli < lucio.celli.12@gmail.com> wrote:
How much were you bribed
On Thu, Feb 20, 2025 at 4:39 AM Lucio Celli < lucio.celli.12@gmail.com> wrote:
And there is obvious evidence on the docket and i York trump because it is being done for Schumer and Randi with the fact that DOj has evidence of Randi's criminal and fact that karamifoua and be
ain't has helped to cover up Randi's crimes and cogan's
On Thu, Feb 20, 2025 at 4:34AM Lucio Celli < lucio.celli.12@gmail.com> wrote:
As i explain ed to the other AuSAs, they said it was a crime
I was denied free will and every single right by Randi and cogan

Now Lehrburger says ...pleasing Randi', engelmayerms and cogan's crime is frivilous because he was paid by rnaid

I am hiv drug resistance because they planned t
On Thu, Feb 20, 2025 at 4:30 AM Lucio Celli < lucio.celli.12@gmail.com> wrote:
The DOj doesn't need me ... as they have the audios to prove, for sure, the criminal conduct of Randi, engelmayer, and cogan with karanifous and bending knowing what they did to cover up
cogan's crime for the uft

How many times in the uft and Randi going to he allowed to commit wage theft ?

For 5 years Karagiosu and bending allowed Randi and cogan to criminally interfere in case? With With hard evidence

Not Schumer
On Thu, Feb 20, 2025 at 4:24 AM Lucio Celli < lucio.celli.12@gmail.com> wrote:
What is anyone going to do when i don't have any meds
On Thu, Feb 20, 2025 at 4:22AM Lucio Celli < lucio.celli.12@gmail.com> wrote:
Randi paid you she's been paying judges for the last 20 fucking years

I have trump to get me your Financial and those of Engelmayer
On Wed, Feb 19, 2025 at 8:26 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:

On Mon, Feb 17, 2025 at 10:12 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:

On Mon, Feb 17, 2025 at 9:56 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
they helped to cause my HIV drug resistance and they helped Engelmayer getaway 300 hundreds crimes ...and you were bribed to help to deprive me of HIV for the 2nd time
On Sun, Feb 16, 2025 at 11:39PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
The ig for the EEOC must know H
On Sun, Feb 16, 2025 at 11:25 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:

What he wrotte  for PERB in representing the UFT..IS WHAT DA Bubeck said is a CRIME ... he wrote the FACT that I am entitled to retro payment

This is what the City's CBA'S OFFICE said, it is what HR for the DOE SAID ...it is what my supervisor did for Ms. Price

Yet ...the motherfucker Mulgrew likes to use the whta the NYPD did as way to assume ...perb has audios of  UFT lying and committing wage theft

Please have him fix his misrepresentation to Mastragite Lehrburger

Welcome to my list of federal judges

I will be filing Title II as he helped the UFT at PERB as the AJL LIED about the 3020a

on 19cr127 and 24cv9742 you will find the fact that I emailed the federal judge directly

I told him at PERB he was NOT allowed to help; his clients commit a crime!! DA Bubeck is listed here

Please explain what the FUCK he doesn't understand

Your client deprived me of HIV and now I am  HIV drug resistance...they sent me a letter this week and told that they were going to  denied meds again

On Sun, Feb 16, 2025 at 8:22 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
I request for Your Honor to think about the appearance. Your Honor's order came out the same week as the UFT's denying meds

Randi loves to be vindictive and this is how Engelmayer, Randi, Wolfe, Livingston, and Schumer got me the first time ....

UFT's actions prove that they know how this case is going...I know them and I know when "its in the bag" ...
On Sun, Feb 16, 2025 at 3:15 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
They tampered with dockets and didn't docket since 2022

I can only email them … when their criminal hasn't been addressed and the continue tampering with docket

I believe there is a criminal statute for when clerks tamper with docket or enter judgments

You don't see this as a problem ...  Wolfe is the queen of tampering with the docket and making false entries… because no one looks and it's good cash money

On Sun, Feb 16, 2025 at 1:57 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
like I had a chance ...Randi is the master of case via Schumer and you are up for reappointment

I knew when I filed that I wasnt winning and WHOMEVER took the case ...it would be fixed for Randi

How can there be EVIDENCE of her denying me of fair trial and the audio of my lawyer's admission to not be played for the motherfucking public ..NO ONE IS FUCKING
stupid

it is obvious what is going it ....it just needs to be public displayed ...Wolfe that Perez would commit crime is he wrote an appeal for the wrong because I was denied
every fucking to a fair trial and I was denied free will ...the transcript provide an inference and the supervisor for AUSA Karagious said off of ( i heard her speak) it that I
was denied free will and the 2d cir would over turn it because that would be insane

you need ASHAMED of yourslef to cover the crimes by Engelmayer ....and the clerks of the pro se intake office
On Sun, Feb 16, 2025 at 1:44 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:

On Sun, Feb 16, 2025 at 1:42 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
I HAVE the constitutional right to inform each and EVERY judge in our county BECAUSE Randi each and every state ..these committed and want to get away over
300

You arfe KNOWINGLY and WILLFUY helping to cover over ..I DO MEAN over 300 ...you need to be ashamed you motherfuciker
\

BECAUSE ...I am going denied HIV meds ,..you need to be publicly humiliated
Engelmayer's 300 crimes for Randi and the ufty...you need to be to allow my motyher to intimdated. be

I have HIv drubg resistence beccause Engelameytr is a vicoiouis amid vindictive motherfucker took hiv med now he wants becasue yoy are fucking bastard
pro_se_filing@nysd.uscourts.gov
On Sun, Feb 16, 2025 at 12:11AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
They have tampered with court records… at least with Chief Judge Katzmann

Docket was fixed and clerks did their job and stopped  misusing them but not under Livingston

Let public corruption because it's good cash money

Viva

On Sat, Feb 15, 2025 at 10:30 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
They have it all planned as the uft continues

On Sat, Feb 15, 2025 at 10:29 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
The Schumer are helping him and Randi get away with depriving me of HIV meds again, as it will evident when I present the mailed letter to me and then the email sent to me

Schumer has a long history of fixing cases for the evil mob boss, which you sanction and LIED in the mail sent to…because if ..if ..if you did your job with little bit of integrity of a common crackhead …i would not have hiv drug resistance

You have covered his ethic's violation , as I sent you what is a ethics and if you would your job…you would have KNOWN--as I wrote it to all rep senators-- about the wages stolen from, the transcript  before, Friedman's aide, and … there is another fact cited and i gave to find the letter but you have it

Mail sent--I am enrolled with UFT Welfare fund and a card – i need this card to get my prescription
Email in response to my request—the uft welfare fund wrote back and they don't cover me

I bet you are going to allow these lowlifes get away with fixing cases for Randi … and cement the trio's group name as being holy trinity of public corruption

On Sat, Feb 15, 2025 at 5:52AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
So you don't get to be vindictive until after the 7 weeks

But i am 💯 you will get to be vindictive again

Its nice to have cases fixed your way

On Sat, Feb 15, 2025 at 4:31AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
She's above the law and wanted me to know I, according to Friedman's aide

If she didnt have Schumer and others in her back pocket, then she wouldn't have a superior demeanor about herself

Having fixed doesn't require thought … it makes you truly lucky and connected

On Sat, Feb 15, 2025 at 3:14AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
Sdny clerks is going to commit the same as edny clerks

Randi/cogan/ Engelmayer want to block and prevent me from exposing the truth

On Sat, Feb 15, 2025 at 2:51AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
Let's the light come … if Randi is allowed on about any decision that she wants because she has the right to be above the law

The government could good bang for its buck … if they allowed a crackhead on the bench and using a crack pipe with Mary had a little lamb

This is pure joke that this is still happening

As courts, supposedly are unbiased or uninfluenced by outsiders

On Sat, Feb 15, 2025 at 1:48AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
This is true in teaching … kids know with whom they are allowed to act up with

The aftermath of watergate is to make the gov officials will be held accountable and if i remember correctly a similar statement being made by The legislature

Randi, and the gang know that they would get away with everything as they control what is being done

Viva public corruption

On Sat, Feb 15, 2025 at 1:27AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
The Uft wouldn't send a letter stating that they cover and email me that i can't have a card for my Prescription  plan
People
How do i access my prescription without a card

I prefer the meds

On Sat, Feb 8, 2025 at 10:44AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
That's what truly matters at the moment… i will be right about Schumer's voting block

On Sat, Feb 8, 2025 at 10:20AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
But my list for Columbia law professors has been done for weeks

It is unacceptable for you to support and ignore the criminal conduct of Wolfe and Engelmayer

They robbed my parents … caused my hiv drug resistance

This is not justice … this is one big shit show under your watch … Dishonorable Livingston

On Sat, Feb 8, 2025 at 10:09AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
I will right now… Schumer and Randi will get way with depriving hiv meds for retaliatory motives with Kopplin the reason hiding every misused Schumer's person helping Randi with wage theft or pension theft

Robbing from my parents

On Sat, Feb 8, 2025 at 10:05AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
This is absolutely disgusting and disgraceful… that Schumer's

Engelmayer helped or caused with Randi over 300 crimes over 6 years

On Sat, Feb 8, 2025 at 10:02AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
Dishonorable … you are aware of Engelmayer's vicious retaliation and Wolfe's criminal conduct because she loves that cash money by Randi

No one should refer you as Honorable … you allowed Randi, Engelmayer , Wolfe to intimidate my mother and cause me to go into hiv drug resistance

On Sat, Feb 8, 2025 at 9:46AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
The full extent of your criminal conduct for Wolfe and Engelmayer with their criminal conduct for Randi Obviously

On Sat, Feb 8, 2025 at 9:40AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
America doesn't want his Schumer's justice or his type of democracy

Schumer's public statements… shows that our nation was built on the premise of anti what he and his criminals have done to me and only god knows to whom else

It must be nice point the finger at trump…. Schumer and Randi are the biggest threat to our democracy and have been committing crimes against the people because he has his army of criminals to hide his criminal conduct for himself and his supports, like Randi

On Sat, Feb 8, 2025 at 5:00AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
They will stop at nothing because they know what they done is wrong …
Conceal one act to cover another act to cover another

Schumer's true democracy and justice must come into the light and the public has the right to know … in Schumer's own words … obviously about trump but it applies to him and his judges

On Sat, Feb 8, 2025 at 4:02AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
With depriving me of hiv meds
On Sat, Feb 8, 2025 at 3:39AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
As long as Schumer is allowed to misuse his office and the people he recommends

But there's nothing wrong … just look at the dockets and see how everyone has ignored … The Schumer issue

Like they can all address it and decide to stay on and even Wolfe has obstructed this

On Sat, Feb 8, 2025 at 1:58AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
The show will continue,.. you need grasp them each time Schumer and Randi figure out a way to cover up their crimes

Pure joke and shit show
On Sat, Feb 8, 2025 at 1:08AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
Even Schumer said these types of behavior calls for accountability because the public needs to have trust

Just saying
On Sat, Feb 8, 2025 at 12:34AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
You criminally helped Sen. Schumer

On Fri, Feb 7, 2025 at 11:19AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
It must be hard to be wretched human being

Just pointing out the truth

On Thu, Feb 6, 2025 at 11:05PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
I have emailed you all …just saying …Taylor knowingly falsified 3020a decision and helped his former boss, Randi

There these federal judges that want to know the truth, as Randi made their institution a pure shit show and this company has knowledg

On Thu, Feb 6, 2025 at 10:10PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
Come out into the light and stop being a lowlife Predator
On Thu, Feb 6, 2025 at 9:38PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
He has earned this distinction and trophy due to his criminal involvement with Weingarten with making our democracy a total fucking joke

On Thu, Feb 6, 2025 at 3:51PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
Come on, you control the courts——supposedly

Prove it to us … by having the judge write Mary had  a little lamb ,..

This will prove what a true shit show this has been and no one should trust anyone with proving to all us that you are allowed to get any decision you wish

Grand Leech, please show us

On Thu, Feb 6, 2025 at 3:10PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
I know you want to answer but you can't …because of the other statements made to all these government emails…thinking that you made me look stupid …you fucked up thinking that you are superior to everyone else

I have stated NUMEROUS times, for about a decade, that you are not superior to anyone….you are politically connected and you use these connections in the manner that I heard or explained to me by Combier ….

Dont worry as long as you continue to use political connections and no one "looks back" you still win

On Thu, Feb 6, 2025 at 3:03PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
just to cover up her tracks

On Thu, Feb 6, 2025 at 2:51PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
So many missing documents and you do not want your coworker the extend of the crimes you have committed for Randi

Tsk, Tsk, Tsk …You're being a bad little boy

On Thu, Feb 6, 2025 at 12:35PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
After sending the email from 5 various email addresses… SDNY has received it

I have no idea… but this is not normal
On Thu, Feb 6, 2025 at 11:48AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
It appears that you are deliberately concealing information about Clerk Wolfe's of obstruction and mail fraud

Were you bribed by Weingarten?

On Thu, Feb 6, 2025 at 9:40AM Lucio Celli <lucio.celli.12@gmail.com> wrote:
Dear Admin & Oversight staff

I will send everything to Pres. Trump because each of you refuse to do your job!

Charlie's Criminals continue with their criminal enterprise and their need for that good cash money

I'll send the audio in a while … the twist

1-"you didn't sign up first for email notice." I informed the clerk that I am not speaking about notice for once the document is uploaded.

2- the clerk told me to call pacer because I asked about why is it that I am only seeing one page for each document docketed.

I'm on the phone with pacer now

On Wed, Feb 5, 2025 at 9:12 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
Morning,

I uploaded my letter for Judge Engelmayer

Now, they changed their system

1- i did receive an email confirmation from EDNY! This was the first time too.

2- the clerk said that they never received it

3- after few exchanges, i mentioned the fact that i received an email stating it was received

4-it was over a  week and it was not uploaded

Guess what… another miracle and we didn't need Waldo or the bride of chunky to help us in the search… this is such a joke and a pure shit show

On Wed, Feb 5, 2025 at 9:02 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
I forgot this part…. The clerk said all words are not the same

Reasoning 12 size in version might he a 10 and another version it might be 14 that's why called the companies

When I told the clerk and she is when I went to purchase front ruler….

Needless as to say, i took a picture of me measuring the front ,… you'll never guess what happened next

My front was a 12 front size… another miracle… i can't prove it but it was the same front that i used along

I didn't have a problem after that … it's hard to believe but this is what was described to me by combier

On Wed, Feb 5, 2025 at 7:59 PM Lucio Celli <lucio.celli.12@gmail.com> wrote:
Morning,

I do not understand how there are times when my motions or letters are filed without any problems

There are times when filings have played "hide and seek" wiht the clerks---one clerk can't find the filing in ANY inbox and then, there is a miracle, as my email appear

Then, I was given the stupid answer "Did you receive an email which states that we received it?" I have answered this question over and over, but I have never received an email that confirms the email and my filings have been docketed

<mark>THIS IS THE BEST ONE.YET. I called one time and my filings were received and posted to the docket...oh wait for this.... I get the answer "We never received the email that you are speaking about with the other stupid statements from above...The same type of conversation that I had with Clerk Washington of the New York State Supreme Court</mark>

Then, I was answered: "Which email did you send it to?" I answer with the same email that my other filings made it onto the docket"

Lastly, clerks of SDNY have also stated that "if you send the email to numerous people, then it will never be received". HMM, It made it when other times

I have audio-recorded my

**4 attachments**

📄 **Enforce_Engelmayer_transcript  (Merged) copy.pdf**
414K

📄 **Enforce Order .docx**
22K

📄 **Durham_mandamus_All_Wriit.pdf**
197K

📄 **motion to enforce .docx**
25K

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

PLAINTIFF'S MOTION TO RECOGNIZE THE EVIDENTIARY VALUE OF CERTIFIED TRANSCRIPTS of Engelmayer's Order UNDER FEDERAL RULE OF EVIDENCE 201 AND 803(8) TO PROVE DUE PROCESS VIOLATIONS at Arbitration before my Employer.

**NOW COMES** Plaintiff, Lucio Celli, and respectfully moves this Court to **recognize the legal and evidentiary value of the certified transcript from the August 9, 2023, hearing before Judge Engelmayer** and take **judicial notice** of its contents under **Federal Rule of Evidence 201**. This transcript **constitutes prima facie evidence that Plaintiff was denied due process rights, particularly notice, as a direct result of Judge Engelmayer's order.** Plaintiff further asserts that the legal precedent governing the admissibility of certified transcripts mandates that this Court recognize the **August 9, 2023 transcript as binding proof of the due process violations at issue in this case.**

---

## I. INTRODUCTION

The August 9, 2023, hearing transcript is a certified official record that *contains critical statements proving that Judge Engelmayer's order deprived Plaintiff of due process* by limiting Plaintiff's rights to notice and a meaningful opportunity to be heard.

Plaintiff submits that:

1. **Certified transcripts are legally admissible and presumed accurate** unless proven otherwise (**United States v. Rojas, 53 F.3d 1212 (11th Cir. 1995)**).
2. **Federal courts must give substantial weight to certified transcripts when reviewing claims of due process violations (NLRB v. Universal Camera Corp., 179 F.2d 749 (2d Cir. 1950), aff'd, 340 U.S. 474 (1951)**).
3. **A court cannot disregard or refuse to acknowledge a certified transcript that proves constitutional violations** (**United States v. Garth, 188 F.3d 99 (3d Cir. 1999)**).

   **Please Take Notice**, Magistrate Lehrburger's order denying to enforce, recognize the due process violation and couching my claims as frivolous benefits Randi Weingarten and the other Defendants

4. **Certified transcripts are admissible as public records under the Federal Rules of Evidence 803(8)** and **are not hearsay** (**United States v. Carrillo, 981 F.3d 928 (11th Cir. 2020)**).

Plaintiff's due process rights, specifically the right to notice, were directly obstructed by Judge Engelmayer's order**,** and the August 9, 2023, transcript proves this fact beyond dispute**.**

---

## II. LEGAL STANDARD: CERTIFIED TRANSCRIPTS AS EVIDENCE

*A. Certified Transcripts Are Admissible and Presumed Accurate*

Certified transcripts are considered **competent and legally admissible evidence** because they reflect an **official record of what transpired in a legal proceeding.**

- **United States v. Rojas, 53 F.3d 1212 (11th Cir. 1995)** – Held that a certified transcript is presumed accurate unless there is **clear and convincing evidence of error or tampering.**
- **United States v. Garth, 188 F.3d 99 (3d Cir. 1999)** – Held that a **certified transcript is competent evidence of what was stated in prior proceedings** and must be considered by the court.

Here, the **August 9, 2023, transcript is a certified and official record** of the hearing, making it **presumptively reliable and admissible evidence** of Plaintiff's **due process deprivation.**

B. **FEDERAL RULE OF EVIDENCE 201**: Judicial Notice of Adjudicative Facts

   **(a)** Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

**(b)** Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**(c) Taking Notice. The court: (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.**

C. **FEDERAL RULE OF EVIDENCE 803(8)** states: Public Records . A record or statement of a public office if: **(A)** it sets out: **(i)** the office's activities; **(ii)** a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or *(iii)* in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and

---

*B. Certified Transcripts Can Be Judicially Noticed Under Federal Rule of Evidence 201*

- **United States v. Long, 857 F.2d 436 (8th Cir. 1988)** – Held that courts **must take judicial notice of certified transcripts** under **Federal Rule of Evidence 201** as official records.

Since **the August 9, 2023, transcript is a certified court record**, Plaintiff requests that this Court **take judicial notice of its contents** as **evidence of due process violations** resulting from Judge Engelmayer's order.

---

*C. Certified Transcripts Prove Due Process Violations and Cannot Be Ignored*

Due process requires **notice and a meaningful opportunity to be heard** (**Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)**). **When a certified transcript proves a due process violation, courts must consider it as binding evidence.**

- **NLRB v. Universal Camera Corp., 179 F.2d 749 (2d Cir. 1950), aff'd, 340 U.S. 474 (1951)** – Held that a certified transcript of an administrative hearing **is binding evidence in reviewing due process claims.**

- **Shelley v. Kraemer, 334 U.S. 1 (1948)** – Held that courts **cannot enforce or legitimize unconstitutional actions**, including judicial orders that deprive a party of due process.

Since **the August 9, 2023, transcript proves Plaintiff was denied notice**, this Court **must recognize it as valid evidence of a due process violation.**

---

# III. ARGUMENT

*A. Judge Engelmayer's Order Directly Denied Plaintiff Notice, and the Certified Transcript Proves It*

Judge Engelmayer's order **limited Plaintiff's access to procedural due process, particularly notice**, preventing Plaintiff from:

1. **Receiving adequate notice of proceedings impacting Plaintiff's rights.**
2. **Challenging the legal basis of actions taken against Plaintiff.**
3. **Participating fully in proceedings where Plaintiff's legal rights were at stake.**

Since **due process requires adequate notice (Goldberg v. Kelly, 397 U.S. 254 (1970))**, **the August 9, 2023, transcript must be treated as conclusive proof of this violation.**

---

*B. The August 9, 2023, Transcript Must Be Recognized as Admissible Evidence of a Constitutional Violation*

- **Certified transcripts are official records and must be considered** (**United States v. Garth**).
- **Certified transcripts are admissible as public records under FRE 803(8)** (**United States v. Carrillo**).
- **A court cannot ignore a certified transcript proving due process violations** (**NLRB v. Universal Camera Corp.**).

Since **the August 9, 2023, transcript directly proves that Plaintiff's due process rights were violated**, this Court must:

1. **Recognize the transcript as admissible evidence.**
2. **Take judicial notice of its contents.**
3. **Acknowledge that Judge Engelmayer's order led to Plaintiff being denied notice.**

## IV. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Recognize the certified transcript from the August 9, 2023, hearing as valid, admissible evidence with Magistrate Lehrburger being totally erroneous.**
2. **Take judicial notice of the transcript under Federal Rule of Evidence 201 as an official record of due process violations.**
3. **Declare that the transcript proves Plaintiff was denied due process, particularly notice, as a result of Judge Engelmayer's order.**
4. **Acknowledge that Plaintiff's due process claims are substantiated by conclusive evidence.**
5. **Grant any additional relief this Court deems just and proper.**

**Respectfully submitted,**


DATED: 3/4/2025
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]