# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

MOTION UNDER FRCP 52(b), 60(b)(1), (4), AND (6), AND RULE 72(b)(3) FOR EXPLANATION OF MAGISTRATE'S FAILURE TO MAKE FINDINGS, MISAPPLICATION OF LEGAL STANDARDS, AND VIOLATION OF LAW-OF-THE-CASE DOCTRINE

Plaintiff, appearing *pro se*, respectfully moves this Court for the following relief:

1. Amendment of findings and conclusions under **Rule 52(b)**;
2. Relief from judgment or orders entered under **Rule 60(b)(1), (4), and (6)** due to mistake, voidness, or manifest injustice;
3. Independent review under **Rule 72(b)(3)** where the Magistrate Judge failed to engage preserved claims or apply controlling law.

---

## I. SUMMARY OF GROUNDS

Plaintiff objects to the Report and Recommendation issued by Magistrate Judge Lehrburger for the following procedural and constitutional failures:

*1. Omission of All Factual Findings in Violation of FRCP 52 and Precedent*

Despite well-pleaded and undisputed allegations, including:

- Deprivation of HIV medication;

- Coordinated retaliation and obstruction of due process;
- Evidence-backed claims under ADA, § 504, and § 1983;

The R&R fails to **acknowledge**, **analyze**, or **refute** these allegations as required. See:

- *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)
- *Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985)

## 2. Misuse of Iqbal to Dismiss Factually Supported Claims

The R&R improperly invoked *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to dismiss claims that:

- Alleged concrete retaliation and discrimination;
- Were supported by evidentiary exhibits;
- Were previously preserved by Judge Engelmayer.

This violates *Twombly*, *Littlejohn*, and *DiFolco*, which prohibit judicial disbelief of well-supported allegations.

## 3. Deprivation of Procedural Due Process

The ruling was issued:

- Without a hearing;
- Without addressing Plaintiff's right to present evidence under *Goldberg*, *Mathews*, *Logan*, and *Bracy*;
- While disregarding Plaintiff's live allegations of bias and retaliation by judicial officers.

## 4. Violation of Law-of-the-Case Doctrine

The R&R silently contradicts prior rulings recognizing:

- Plaintiff's protected status;
- The procedural legitimacy of Plaintiff's prior employment claims;
- The relevance of the reinstatement order by Judge Engelmayer.

As established in *Arizona v. California*, *Christianson*, *Zervos*, and *Quintieri*, a court may not disregard its own precedent **without explanation**.

## 5. Judicial Misconduct and Structural Error

The R&R appears designed to protect co-judicial actors, including Judge Engelmayer and Magistrate Lehrburger himself, from scrutiny over:

- Suppressed audio recordings;

- Misrepresentations of employment rights;
- Political favoritism linked to Senator Schumer and Randi Weingarten.

Such concealment constitutes structural error under *Caperton* and *Tumey*, and judicial misconduct under the Judicial Conduct and Disability Act.

---

## II. RELIEF REQUESTED

Plaintiff respectfully requests:

1. **Amendment of the Magistrate Judge's R&R** to include omitted factual findings and legal reasoning under FRCP 52(b);
2. **Vacatur of any judgment or order that adopts the R&R** without addressing preserved claims under Rule 60(b)(1), (4), and (6);
3. **De novo review by the District Court** of all factual and legal objections raised under Rule 72(b)(3);
4. **Judicial notice** under FRE 201 that no factual findings were made and that prior judicial orders contradict the R&R;
5. Such other relief as the Court deems just and necessary to restore procedural fairness and constitutional compliance.

---

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]