UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                         :

LUCIO CELLI,                                :

                      Plaintiff,          :

                -v-                   :          24 Civ. 9743 (JPC) (RWL)

                                          :

NEW YORK CITY, *et al.*,             :          <u>ORDER</u>

                                          :

                    Defendants.        :

                                          :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff has made multiple filings that seek the undersigned's recusal and/or disqualification under 28 U.S.C. § 144 and he has filed an affidavit to this effect.  Dkts. 178, 196-199, 206-207.  These motions are denied for several reasons.  First, Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding," but allows a party to "file only one such affidavit in any case."  28 U.S.C. § 144.  Plaintiff already filed an affidavit under Section 144 as against Judge Lehrburger, *see* Dkt. 147, and therefore the instant motion is procedurally improper.

      Second, despite the seemingly mandatory language of the statute, the Second Circuit has interpreted Section 144 to require the judge to examine the "legal sufficiency" of the facts stated in such an affidavit.  *Rosen v. Sugarman*, 357 F.2d 794, 798 (2d Cir. 1966).  "To be sufficient an affidavit must show 'the objectionable inclination or disposition of the judge'; it must give 'fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'"  *Id.* (quoting *Berger v. United States*, 255 U.S. 22, 33-35 (1921)).  "[T]he impartiality analysis is the

same under Sections 144 and 455." *Sibley v. Geraci*, 858 F. App'x 415, 416 (2d Cir. 2021) (summary order). The Court has already held that Plaintiff's allegations of bias are not sufficient to merit recusal under 28 U.S.C. § 455, *see* Dkt. 195, and therefore his similar motion under Section 144 fails. To the extent it is intelligible, Plaintiff's affidavit contains nothing more than unsubstantiated allegations of misconduct and "speculative assertions" of conspiracy; it does not "allege any facts suggesting that [the undersigned's] impartiality could be questioned." *Sibley*, 858 F. App'x at 417. The motion fails substantively.

Third, Section 144 requires that any affidavit "be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. Plaintiff is proceeding *pro se* and therefore he "cannot supply a certificate of counsel, and, as other courts have held, this deficiency in form is fatal to a recusal request under [S]ection 144." *Burhans v. Amler*, No. 06 Civ. 8325 (SCR), 2009 WL 10741846, at *2 (S.D.N.Y. May 14, 2009) (collecting cases); *see also Williams v. N.Y.C. Housing Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003). For this same reason, Plaintiff's similar affidavit and motion made against Judge Lehrburger must fail. Dkt. 147. Additionally, that affidavit largely expresses Plaintiff's dissatisfaction with Judge Lehrburger's rulings in the case, which is an insufficient basis for disqualification and/or recusal. *See Teachers4action v. Bloomberg*, No. 08 Civ. 0548 (VM) (AJP), 2008 WL 1805509, at *1 (S.D.N.Y. Apr. 22, 2008). Plaintiff's other allegations mainly consist of vague and unsubstantiated allegations of various acts of purported wrongdoing, which are legally insufficient to require recusal. *See Sibley*, 858 F. App'x at 416-417.

Plaintiff's motion for certification of an interlocutory appeal, Dkt. 210, is denied. This case does not concern any issue on which "there is substantial ground for difference of opinion" and any interlocutory appeal would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Secs. & Exchange Comm'n v. Coinbase, Inc.*, 761 F.

Supp. 3d 702, 712 (S.D.N.Y. 2025) ("[I]nterlocutory appeals are strongly disfavored in federal practice because movants cannot invoke the appellate process as a vehicle to provide early review of difficult rulings in hard cases. Only exceptional circumstances will justify a departure from this basic policy." (internal quotation marks omitted and alterations adopted)). Plaintiff's motions for sanctions, Dkts. 200, 201, are denied as frivolous.

The Court's June 3, 2025 Order noted "that Plaintiff has filed a voluminous amount of frivolous motions and submissions in recent weeks" and cautioned Plaintiff "that abusing the Court's official processes with baseless filings may result in sanctions." Dkt. 195 at 2. The Court notes that the overwhelming majority of Plaintiff's frivolous submissions have been transparently authored by an artificial intelligence program. If Plaintiff files additional frivolous motions in this matter, the Court will enter an order prohibiting him from filing any document which was authored with the assistance of an artificial intelligence program and require any submission be accompanied by a sworn affidavit that no such program was used in its creation.

The Clerk of Court is respectfully directed to close Docket Numbers 178, 196, 197, 198, 199, 200, 201, 206, 207, and 210.

SO ORDERED.

Dated: June 9, 2025
      New York, New York

                                  JOHN P. CRONAN
                         United States District Judge