# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

MOTION TO VACATE UNDER FRCP 60(b)(4) AND 60(d)(3) for Lehrburger helping Wiengarten and the UFT in their continuous crime within the walls of federal court, as I am entitled to wages that I already earned and my rights/claims are based on publicly filed documents by NYC


AND FOR ADDITIONAL FINDINGS OR AMENDMENT UNDER FRCP 52(b)—to support Doc. No 130 with highlighting Lehrburger's crime for Weingarten and the UFT under 18 USC § 371 to support 130, 137 and 138

To Pres Trump, AG Bondi, Houe Jud., Sen Judge, Hon. Conrad, Dishon. Cogan, Hon. Crona, and others, as the Randi Weingarten and the UFT are allowed to commit any crime against with them being able to get away with it.


**Please Take Notice**, Judge Cronan—as an AUSA—told me what Judge Cogan did to me would constitute a crime under 18 USC §371 and Fraud Upon the Court.

**Please Take FURTHER Notice**, borderline IQ students knew and understood what 80 AUSAs told me

Plaintiff respectfully moves this Court for:

1. **Relief under Rule 60(b)(4)** for a void judgment based on due process violations;
2. **Relief under Rule 60(d)(3)** for fraud upon the court;
3. **An order under Rule 52(b)** for additional findings or amendment of findings to correct material misstatements and omissions made by Magistrate Judge Stewart D. Lehrburger in his Report and Recommendation.

---

## I. BACKGROUND

Plaintiff filed a civil complaint alleging, among other things:

- That **Judge Brian M. Cogan**, while presiding over Plaintiff's case, **concealed his prior representation of the United Federation of Teachers (UFT)** while employed at **Stroock & Stroock & Lavan LLP**;
- That Plaintiff's complaint centered on **wage theft, and retaliation** by the UFT and its affiliates—matters in which **Judge Cogan formerly represented the UFT**;
- Just like Lehrburger, Cogan ignored/omitted/distorted facts of audios, and people to call as witnesses
- That Plaintiff's complaint explicitly **challenged rulings issued by Judge Cogan** as acts of **judicial misconduct and retaliation** intended to protect his former client, Randi Weingarten and the UFT.

Despite these allegations being plainly stated in the record, **Magistrate Judge Lehrburger willfully misrepresented the complaint** in his findings. Specifically, Lehrburger claimed:

- That Plaintiff did not allege any judicial misconduct by Cogan;
- That no conflict of interest or UFT relationship was identified;
- Omitted/distorted wages of my rights to wages, pension, future relief from the intentional denial of HIV meds
- That the complaint lacked factual detail and was legally insufficient.

These statements are demonstrably false, and **amount to fraud upon the court** when made by a judicial officer who had a duty to review and faithfully present the record.

---

## II. RELIEF UNDER RULE 60(b)(4): VOID JUDGMENT DUE TO DUE PROCESS VIOLATION

The R&R and any judgment adopting it are **void** under Rule 60(b)(4) because they were based on **a fundamentally unfair process**. The Due Process Clause requires:

- A neutral decisionmaker, and
- Adjudication on the basis of an accurate record.

Where a judge **knowingly omits or misrepresents material facts** in order to protect another judge with a conflict, the result is **not merely erroneous—it is constitutionally defective**. See:

- *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010)
- *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988)
- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009)

---

## III. RELIEF UNDER RULE 60(d)(3): FRAUD UPON THE COURT

Judge Lehrburger's misstatements were not clerical or interpretive errors. They constituted **fraud upon the court**, which includes:

- Misconduct by officers of the court,
- Designed to intentionally deceive the court or manipulate the process,
- In a manner that undermines the integrity of the judiciary.

By **falsely representing Plaintiff's complaint as factually deficient**, Lehrburger concealed:

- Judge Cogan's prior UFT representation,
- Plaintiff's direct accusations of wage theft and retaliation,
- And Plaintiff's protected conduct under the First Amendment and 5 U.S.C. § 2302.

See:

- *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)
- *Workman v. Bell*, 245 F.3d 849 (6th Cir. 2001)

---

## IV. RELIEF UNDER RULE 52(b): CORRECTION OF FACTUAL FINDINGS

Plaintiff further moves to amend or supplement findings under Rule 52(b), including:

1. A finding that **Plaintiff did allege Judge Cogan's prior representation of the UFT**;

2. A finding that **Judge Cogan's rulings were challenged based on conflict of interest and coordination with Randi Weingarten**;
3. A finding that **Plaintiff did in fact present factual allegations of wage theft, retaliation, and union collusion**, including audio and documentary evidence;
4. A finding that **the exclusion of these facts materially misrepresented the record and deprived Plaintiff of meaningful review**.

The Court must **rectify false statements** made by the magistrate before adopting them, as to do otherwise would amount to **endorsing judicial fraud**.

---

## V. CONCLUSION AND RELIEF REQUESTED

Plaintiff respectfully asks this Court to:

1. **Vacate all rulings and recommendations by Magistrate Judge Lehrburger** under FRCP 60(b)(4) and (d)(3);
2. **Amend the record under Rule 52(b)** to correct mischaracterizations and omissions in the R&R;
3. **Take judicial notice** under FRE 201 of Judge Cogan's UFT representation at Stroock and Plaintiff's allegations tied directly to that relationship;
4. **Refer Judge Lehrburger's conduct** to the appropriate disciplinary authorities under 28 U.S.C. §§ 351–364;
5. Grant any further relief the Court deems just and necessary to restore integrity and due process.

---

MOTION TO VACATE JUDGMENTS AND ORDERS UNDER RULE 60(d)(3) DUE TO FRAUD UPON THE COURT BY JUDGE BRIAN M. COGAN for his former Clients, the UFT and Randi Weingarten[1]

---

[1] Randi was the UFT Pres until Cogan became a judge and Randi and Cogan worked together at Strook

To Pres Trump, AG Bondi, Houe Jud., Sen Judge, Hon. Conrad, Dishon. Cogan, Hon. Crona, and others, as the Randi Weingarten and the UFT are allowed to commit any crime against with them being able to get away with it.

**Please Take Notice**, Judge Cronan—as an AUSA—told me what Judge Cogan did to me would constitute a crime under 18 USC §371 and Fraud Upon the Court.

**Please Take FURTHER Notice**, borderline IQ students knew and understood what 80 AUSAs told me

I am entitled to wages and the facts of this were withheld during VOSR hearing –AUSA Karamigios and AUSA Bensing need to be terminated for knowingly lying about facts that could easily be prove, like the transcript provide by Combier 17-cv-2239 from an audio created by me  and given to Betsy by Edelman of the NYPOST

Plaintiff respectfully moves under **Federal Rule of Civil Procedure 60(d)(3)** to vacate all rulings and orders entered in this matter that bear the influence of or were tainted by the **fraudulent conduct and extrajudicial bias of the Honorable Brian M. Cogan**, who should have been disqualified pursuant to **28 U.S.C. §§ 144, 455(b)(2), and 455(a)**. Judge Cogan failed to disclose his **prior professional relationship with the United Federation of Teachers (UFT)**while employed as counsel at **Stroock & Stroock & Lavan LLP**, and **subsequently used his judicial office to benefit former clients** by suppressing Plaintiff's claims of **wage theft, due process violations, and political retaliation**.

---

## I. LEGAL STANDARD

Under **Rule 60(d)(3)**, a federal court may set aside a judgment "for **fraud on the court**," which includes conduct that:

- "is directed to the judicial machinery itself";
- "is not an instance of fraud between the parties or fraudulent documents";
- "is not discoverable by due diligence before or during the proceedings";
- "prevents the opposing party from fully and fairly presenting [their] case."

—See **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)**;
—**United States v. Throckmorton, 98 U.S. 61 (1878)**;
—**Kupferman v. Consolidated Research & Mfg. Corp., 459 F.2d 1072 (2d Cir. 1972)**.

---

## II. FACTUAL BASIS FOR FRAUD UPON THE COURT

### A. Judge Cogan's Representation of the UFT at Stroock & Stroock & Lavan

Before ascending to the federal bench, Judge Brian Cogan **served as counsel to the United Federation of Teachers**, the very entity whose misconduct lies at the heart of Plaintiff's claims. This prior legal work gave rise to a disqualifying conflict under 28 U.S.C. § 455(b)(2), which mandates disqualification where a judge has served as a lawyer in the matter or represented a party involved.

Yet, despite this clear conflict, **Judge Cogan took actions to benefit the UFT**, including:

- Ruling adversely against Plaintiff's Title VII/§1983 and due process claims without addressing the evidentiary record;
- Failing to disclose his UFT ties or the fact that he represented issues that I claimed within the complaint;
- Failing to disqualify himself sua sponte despite actual knowledge of his prior role;
- Facilitating or rubber-stamping actions that resulted in **theft of earned wages, pension credits, and medical coverage**, in violation of federal and state labor laws.

### B. Ongoing Coordination with Randi Weingarten and Silverman

Cogan's rulings aligned with a broader pattern of coordination involving **Randi Weingarten**, now AFT President, and **Ben Silverman**, an attorney who has admitted to assisting the UFT in terminating Plaintiff without due process.

Plaintiff has provided audio and documentary evidence indicating that:

- Cogan knew of the UFT's plan to retaliate against Plaintiff;
- Cogan's decisions furthered this plan by suppressing discovery, ignoring exculpatory evidence, and denying Plaintiff a meaningful hearing;
- Cogan refused to intervene when judicial colleagues and DOJ attorneys knowingly misrepresented the status of Plaintiff's legal entitlements.

## B. Ongoing Coordination with Randi Weingarten and Silverman

Dishonorable Cogan and Randi Weingarten, now AFT President, and my criminal lawyer, Ben Silverman, an attorney who has admitted to assisting the UFT in depriving Plaintiff without due process at his criminal trial and affected his termination process.

Plaintiff has provided audio and documentary evidence indicating that:

- Silverman admitted to conspiracy with Cogan and Wiengarten;

-Cogan and Randi committed numerous crimes under 18 USC § 241 and Objection so that they can get away with what he and Randi did to me;

-As the lawyer who represented the UFT at arbitration, Cogan knew that he was stealing wages from me;

-Cogan ignored the fact that ALJ Blassman said to settle with me and provide me because the UFT and DOE stole wages;

-Schumer had his judges conceal the conduct of Randi and Cogan;

- Silverman's, and Kellman's were meant to teach me a lesson of exposing Randi Weingarten and Cogan for 300 crimes over the course of 6 years ; and

- Cogan had AUSAs of EDNY conceal his criminal conduct of wage theft for his former clients.

## C. Interference in Criminal Representation to Obstruct Justice

Adding to this troubling pattern, Cogan actively interfered in Plaintiff's legal representation during their criminal trial. This interference served as a means to conceal the extent of both his and others' criminal conduct. Judge Engelmayer's role in this matter also raises significant questions, as his actions appeared to complement Cogan's strategy of suppressing evidence and undermining Plaintiff's defense.

Such judicial misconduct not only deprived Plaintiff of a fair trial but also highlights a deeply entrenched effort to evade accountability for systemic corruption. The coordinated actions of Cogan and Engelmayer represent a flagrant abuse of judicial authority, designed to shield unlawful activities at the expense of justice.

Cogan and Randi sought to conceal their actions and obstruct justice to cover up the numerous offenses they committed against me, aiming to evade accountability for hundreds of crimes.

---

# III. STRUCTURAL CONSTITUTIONAL VIOLATIONS

Judge Cogan's actions constitute **structural constitutional violations** and a fundamental breach of **due process** and **judicial ethics**. These violations are not harmless and render all resulting rulings **void**, not merely voidable. See:

- **Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)**
- **Tumey v. Ohio, 273 U.S. 510 (1927)**
- **Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988)**
- **United States v. Alfisi, 308 F.3d 144 (2d Cir. 2002)** (bribery and stream-of-benefits theories applicable to conflicts with political entities)

## IV. RELIEF REQUESTED

Plaintiff respectfully asks the Court to:

1. **Vacate all orders or rulings in which Judge Cogan played any role**;
2. Declare that **Judge Cogan committed fraud upon the court** under Rule 60(d)(3);
3. **Refer the matter to the DOJ Public Integrity Section and the Judicial Conference** for investigation under 28 U.S.C. § 372(c) and applicable ethical canons;
4. Issue a finding that Plaintiff was **denied a fair trial or impartial adjudication due to undisclosed conflicts** and institutional bias;
5. Grant any further relief as necessary in the interest of justice.

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

# PLAINTIFF'S RULE 60(b)(6) MOTION TO VACATE ORDERS ISSUED UNDER JUDICIAL BIAS AND DENIAL OF FAIR HEARING—not to issue subpoenas and to suppress City's actions in fostering, concealing evidence and stealing from my family—which Hon. Gleason and Probation

## I. INTRODUCTION

Plaintiff respectfully moves this Court for relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure based on a denial of a fair hearing by Magistrate Judge Robert W. Lehrburger.

Judicial conduct in this matter has precluded meaningful adjudication of Plaintiff's claims and violated the Due Process Clause by creating the appearance of bias and employing procedures that effectively ensured an adverse result.

## II. LEGAL STANDARD

Rule 60(b)(6) permits relief from a final judgment or order for 'any other reason that justifies relief,' and is applied where exceptional circumstances establish manifest injustice.

The Supreme Court has held that a judicial process is constitutionally invalid where the presiding judge has any structural incentive or apparent bias. See Tumey v. Ohio, 273 U.S. 510 (1927); Ward v. Village of Monroeville, 409 U.S. 57 (1972).

Even in the absence of proven actual bias, the appearance of unfairness or procedures that predetermine outcome violates due process and compels vacatur.

## III. ARGUMENT

1. Magistrate Judge Lehrburger has consistently denied Plaintiff hearings, suppressed evidence, and refused to adjudicate claims on the merits, thereby preventing meaningful access to justice.

2. The Court has refused to compel responses from institutional defendants or to allow amendment and discovery, while dismissing motions without explanation—creating a procedural structure in which Plaintiff's claims cannot succeed.

3. As in Tumey v. Ohio, 273 U.S. at 532, the procedures here present 'a possible temptation to the average man as a judge to forget the burden of proof' and instead favor institutional convenience or reputational interest.

4. In Ward v. Village of Monroeville, 409 U.S. at 60, the Court emphasized that 'due process requires not only an impartial judge, but procedures that do not preordain a result.' Plaintiff has been subjected to exactly such prejudged outcomes.

5. Relief under Rule 60(b)(6) is warranted because the orders issued under this judicial structure violate basic principles of constitutional adjudication and due process.

## V CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court vacate all orders and rulings issued by Magistrate Judge Lehrburger that denied hearings, suppressed evidence, or dismissed claims without procedural fairness, and reassign the matter for impartial review in accordance

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.


PLAINTIFF'S NOTICE OF MOTION FOR AN ORDER DIRECTING THE CLERKS OR, IN THE ALTERNATIVE, THE COURT ITSELF, TO ISSUE A LETTER OF ASSURANCE CONFERRING THE SAME PUBLIC-ACCESS STATUS AND PRIVILEGES ENJOYED BY DEFENDANT RANDI WEINGARTEN—under the Crime-Fraud Privilege and

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law, the Declaration of Lucio Celli dated 14, 2025 ("Celli Decl."), and all prior pleadings and proceedings herein, Plaintiff will move this Court, at the United States Courthouse, 500 Pearl Street and 50 Foley Sq, New York, New York, on a date and at a time to be designated by the Court, for an order that:


, TO ISSUE A LETTER OF ASSURANCE CONFERRING THE SAME PUBLIC-ACCESS STATUS AND RIVILEGES ENJOYED BY DEFENDANT RANDI WEINGARTEN and the UFT —under the Crime-Fraud Privilege and Judicial Misconduct for willful blindness of Randi's and the UFT's crimes against me as they keeping ignored and I never been allowed to present evidence call witness because Randi has a status that she is allowed to do whatever the fuck she likes and take constitutional right away for me with the FUCKING blessings of numerous judge (the Cartel)—not two fucking realities -and it is impossible that I have people in the field that tell one thing and Randi's judges provide with her wishes.

PLAINTIFF'S NOTICE OF MOTION FOR AN ORDER DIRECTING THE CLERKS OR, IN THE ALTERNATIVE, THE COURT ITSELF, TO ISSUE A

LETTER OF ASSURANCE CONFERRING THE SAME PUBLIC-ACCESS
STATUS AND PRIVILEGES ENJOYED BY DEFENDANT
RANDI WEINGARTEN—under the Crime-Fraud Privilege and

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law, the
Declaration of Lucio Celli dated 14, 2025 ("Celli Decl."), and all prior pleadings and
proceedings herein, Plaintiff will move this Court, at the United States Courthouse,
500 Pearl Street and 50 Foley Sq, New York, New York, on a date and at a time to be
designated by the Court, for an order that:

1. Directs the Clerk of Court—or, alternatively, the Court itself pursuant to its
inherent supervisory power—to issue a letter (the "Letter of Assurance")
confirming that Plaintiff and similarly situated members of the public are entitled
to the same courthouse access, docketing accommodations, and privileged
participation in judicial-administrative proceedings allegedly extended to
Defendant Randi Weingarten (the "Weingarten Status");

2. From the hearing without any Due Process informed that he was to aide Randi
Weingarten in taking my rights, stealing from wages OWED to me

3. In sum, it was a basic confession that he intended to take part a crime, even
after he was recused for being influenced by the Cartel, as the core group of
Schumer judges do not want their activities to be made public which are
criminal—with the possibly of accepting

4. I was deprived OF EVERY SINGLE RIGHT to a fair trial—crimes under 18
USC § 372, §241

5. Allow her to get away with RICO, which I even ask Hon. Gleason if he and I
could sit down and go over what AUSA Gold told me—when the UFT threatened
to expose my rape if I did not stop with my lawsuit—which the DOJ has a copy

6. Judge Lehrburger intends to allow the UFT to commit even more crimes and
this will be a pure violation of Judicial Misconduct by means of WILFULLY
BLINDNESS

7. The Chief Judge of 2d Cir allowed Randi free and unfeather access to deprive me and
of money and dignity and that of my parents with her being able to intimate my mother
and for this conduct called a GREAT FUCKING JOB and excluding the audio from the
BOP

8.  Allowed her to obtain my medical records and give to the NY Post

9.  Allowed to criminally plan to take my meds and has now cause harm that if science does not provide a new drug

10. The public has the RIGHT to know the extensive acts done for Randi Weingarten and the UFT

11. The public has the RIGHT to know that Your Honor helped the UFT and DOE in the Crime-Fraud—it is IMPOSSIBLE (with many lawyers in prosecution agreeing with  me)  that the UFT's and Randi Weingarten's are being ignored WILLFUL—just like the Judicial Conduct states…people need to watch I create miracle with the truth

12. Declares, pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, that the selective provision of special administrative status to one litigant—particularly a politically influential union president—while denying the same to others violates the Equal Protection component of the Fifth Amendment and the First Amendment right of public access to the courts—the UFT violation ADA and Your Honor said that I am not entitled to future harm—even after your comments about meds and being raped;

13. Grants any such further relief, including discovery into the creation and application processes underpinning the Weingarten Status, as the Court deems just and proper, this is ON TOP of Bracy request.

Dated: New York, New York _____ ____, 2025 Respectfully submitted,

**DATED: [Date]**
**Respectfully submitted,**
**Lucio Celli**
**89 Widmer Road**
**Wappingers Falls, New York 12590**
**929-429-0155**
**Lucio.Celli.12@gmail.com**

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.


PLAINTIFF'S NOTICE OF MOTION FOR AN ORDER DIRECTING THE CLERK OR, Chief Judge Livingston, Chief Judge Taylor-Swain and Chief Judge Brodie—if possible, I want a letter from each and every judge with a TELEVISED hearing to show exactly what she has done to me , TO ISSUE A LETTER OF ASSURANCE CONFERRING THE SAME PUBLIC-ACCESS STATUS AND RIVILEGES ENJOYED BY DEFENDANT RANDI WEINGARTEN and the UFT —under the Crime-Fraud Privilege and Judicial Misconduct for willful blindness of Randi's and the UFT's crimes against me as they keeping ignored and I never been allowed to present evidence call witness because Randi has a status that she is allowed to do whatever the fuck she likes and take constitutional right away for me with the FUCKING blessings of numerous judge (the Cartel)—not two fucking realities -and it is impossible that I have people in the field that tell one thing and Randi's judges provide with her wishes.

PLAINTIFF'S NOTICE OF MOTION FOR AN ORDER DIRECTING THE CLERKS OR, IN THE ALTERNATIVE, THE COURT ITSELF, TO ISSUE A LETTER OF ASSURANCE CONFERRING THE SAME PUBLIC-ACCESS STATUS AND PRIVILEGES ENJOYED BY DEFENDANT RANDI WEINGARTEN—under the Crime-Fraud Privilege and

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law, the Declaration of Lucio Celli dated 14, 2025 ("Celli Decl."), and all prior pleadings and proceedings herein, Plaintiff will move this Court, at the United States Courthouse, 500 Pearl Street and 50 Foley Sq, New York, New York, on a date and at a time to be designated by the Court, for an order that:

1.   Directs the Clerk of Court—or, alternatively, the Court itself pursuant to its inherent supervisory power—to issue a letter (the "Letter of Assurance") confirming that Plaintiff and similarly situated members of the public are entitled to the same courthouse access, docketing accommodations, and privileged participation in judicial-administrative proceedings allegedly extended to Defendant Randi Weingarten (the "Weingarten Status");

2.   From the hearing without any Due Process informed that he was to aide Randi Weingarten in taking my rights, stealing from wages OWED to me

3.   In sum, it was a basic confession that he intended to take part a crime, even after he was recused for being influenced by the Cartel, as the core group of Schumer judges do not want their activities to be made public which are criminal—with the possibly of accepting

4.   I was deprived OF EVERY SINGLE RIGHT to a fair trial—crimes under 18 USC § 372, §241

5.   Allow her to get away with RICO, which I even ask Hon. Gleason if he and I could sit down and go over what AUSA Gold told me—when the UFT threatened to expose my rape if I did not stop with my lawsuit—which the DOJ has a copy

6.   Judge Lehrburger intends to allow the UFT to commit even more crimes and this will be a pure violation of Judicial Misconduct by means of WILFULLY BLINDNESS

7.   The Chief Judge of 2d Cir allowed Randi free and unfeather access to deprive me and of money and dignity and that of my parents with her being able to intimate my mother and for this conduct called a GREAT FUCKING JOB and excluding the audio from the BOP

8.   Allowed her to obtain my medical records and give to the NY Post

9.   Allowed to criminally plan to take my meds and has now cause harm that if science does not provide a new drug

10. The public has the RIGHT to know the extensive acts done for Randi Weingarten and the UFT

11. The public has the RIGHT to know that Your Honor helped the UFT and DOE in the Crime-Fraud—it is IMPOSSIBLE (with many lawyers in prosecution agreeing with me) that the UFT's and Randi Weingarten's are being ignored WILLFUL—just like the Judicial Conduct states…people need to watch I create miracle with the truth

12. Declares, pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, that the selective provision of special administrative status to one litigant—particularly a politically influential union president—while denying the same to others violates the Equal Protection component of the Fifth Amendment and the First Amendment right of public access to the courts—the UFT violation ADA and Your Honor said that I am not entitled to future harm—even after your comments about meds and being raped;

13. Grants any such further relief, including discovery into the creation and application processes underpinning the Weingarten Status, as the Court deems just and proper, this is ON TOP of Bracy request.

Dated: New York, New York _____ ____, 2025 Respectfully submitted,


**DATED: [Date]**
**Respectfully submitted,**
**Lucio Celli**
**89 Widmer Road**
**Wappingers Falls, New York 12590**
**929-429-0155**
**Lucio.Celli.12@gmail.com**

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.


NOTICE OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY UNDER THE CRIME-FRAUD EXCEPTION—based on Law Dept's obligation to publicly inform any changes in personnel rules, like those of attendance and retro, which implicates Mr. Brown because he is on record for "on payroll" but the language is "continuous employment." Is the Court going to continue to turn a blind eye?

PLEASE TAKE NOTICE that Plaintiff hereby moves this Court pursuant to **Fed. R. Civ. P. 26(b)(1), 26(b)(5)(B), 37(a)**, and the **crime-fraud exception to the attorney-client privilege** as articulated by the Second Circuit in *United States v. Doe (In re Grand Jury Subpoena)*, 103 F.3d 234 (2d Cir. 1996), for an order compelling the United Federation of Teachers ("UFT") and any attorneys or agents acting on its behalf to produce documents and testimony relating to fraudulent and unlawful conduct described herein. Your Honor ignored my Monell claims, prevented Ms. Peterson from testifying and other items, but Mr. Brown and the UFT cannot escape the fact that Law Dept must agree, and update personnel rules found in the NYC Admin Codes and found in the Chater for NYC.

I want the Court to take notice that it has allowed the UFT to commit any crimes without it being addressed

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

## *I. INTRODUCTION*

Plaintiff seeks disclosure of communications and records that would ordinarily be subject to attorney-client privilege but which fall within the **crime-fraud exception**, because they were made **in furtherance of unlawful conduct** designed to deprive Plaintiff of retroactive pay, employment rights, and critical health benefits. Specifically, the UFT and its agents knowingly **misrepresented Plaintiff's employment status** and misapplied legal terms in coordination with municipal actors to obstruct Plaintiff's access to remedies.

---

## *II. LEGAL STANDARD*

Under **Fed. R. Civ. P. 26(b)(1)**, discovery may include any nonprivileged matter that is relevant to a party's claim or defense. Privilege does not extend to communications made in furtherance of fraud. In *United States v. Doe*, 103 F.3d 234 (2d Cir. 1996), the Second Circuit held that the crime-fraud exception applies where:

1. there is a factual basis to believe the client was engaged in or planning fraudulent or criminal conduct; and
2. the communications were in furtherance of that conduct and closely related to it.

A **prima facie** showing is sufficient; actual proof of the underlying crime or fraud is not required at this stage.

---

## *III. ARGUMENT*

### A. The UFT's Counsel Made False Representations to Support Unlawful Denial of Retroactive Pay

In formal submissions and grievance documents, **Attorney Brown represented that Plaintiff must be "on payroll" to qualify for retroactive payments.** This language is **materially false and misleading**. The applicable Collective Bargaining Agreement and related statutes refer instead to the term **"continuously employed"**—a distinctly broader and legally significant term that protects employees on approved leave, suspension, or improperly withheld status.

This misrepresentation appears deliberate and is critical to the fraudulent outcome: Plaintiff was unlawfully denied retroactive wages to which he was contractually and statutorily entitled.

B. The Change in Interpretation Was Not Authorized by Law and Bypassed Mandatory Procedures

Under the **New York City Charter**, only the **NYC Law Department** is authorized to revise or interpret provisions of the **Administrative Code**, particularly when affecting personnel classifications or payroll eligibility. No such issuance occurred here.

Moreover, under the **Taylor Law (Civil Service Law Article 14)**, all changes to the terms and conditions of employment—including eligibility for retroactive wages—are **mandatory subjects of negotiation**. Neither the UFT nor the DOE had unilateral authority to redefine these terms. Any legal advice or coordination to facilitate such a change without formal process constitutes **an unlawful circumvention of collective bargaining obligations**, further evidencing fraudulent intent.

C. Communications Were in Furtherance of a Coordinated Deprivation of Protected Rights

The communications and decisions by UFT counsel were not neutral legal advice. They were **instrumental in effectuating an illegal denial** of Plaintiff's retroactive pay and statutory employment protections. Combined with the coordinated obstruction of Plaintiff's access to health benefits and legal proceedings, they reflect a **pattern of conduct** that satisfies the threshold set in *Doe* and in *Clark v. United States*, 289 U.S. 1 (1933).

---

*IV. REQUEST FOR RELIEF*

Plaintiff respectfully requests that this Court:

1. **Order the production** of all documents and communications between the UFT and its legal counsel that relate to the mischaracterization of Plaintiff's "continuous employment" status, denial of retroactive pay, and coordination with DOE/NYC Law Department;
2. Alternatively, conduct an **in camera review** of those materials to determine whether the crime-fraud exception applies;
3. Grant **costs and attorney's fees** under **Fed. R. Civ. P. 37(a)(5)**, where appropriate, based on Defendants' obstruction of lawful discovery;
4. Grant such **further relief** as the Court deems just and proper.

---

DATED: May 19, 2025
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
917-275-3919
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on May 19, 2025, a copy of the foregoing Motion to Judicial Estoppel was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

Lucio celli

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

### *2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

Motion (and Letter) to take Notice that Judge Seibel and Judge Taylor-Swain misused their office to steal and aide Randi Weingarten in her crimes under 18 USC § 241 with Your Honor not allowing me to call witnesses, DA Bubeck to inform the Court that the UFT withheld my retro—that I have Adom audio recorded telling---CBA is "on payroll" which is the same statement that Mr. Brown said at PERB –**which is NOT WHAT IS PUBLICLY FILED--Intent to File Motion Invoking Crime–Fraud Exception and for Sanctions Under Fed. R. Civ. P. 11 as the Mr. Brown knowingly misrepresented what I am entitled and what Ms. Peterson told me but Your Honor to have her attend**

Pursuant to **Federal Rule of Civil Procedure 11(c)(2)** and Local Civil Rule 11.1, Plaintiff hereby provides formal **21-day notice** of my intent to file a motion seeking:

1. **An order compelling production of communications and documents currently withheld as privileged** under the **crime–fraud exception**,
   see *Clark v. United States*, 289 U.S. 1 (1933); *United States v. Zolin*, 491 U.S. 554 (1989), and Second Circuit authority (*In re Richard Roe, Inc.*, 168 F.3d 69 (2d Cir. 1999)).
2. **Rule 11 sanctions** against Defendants and their counsel for advancing factual contentions that lack evidentiary support, for asserting privilege to conceal ongoing fraudulent retaliation, and for causing unnecessary delay and expense.

**Grounds for the Motion**

- **Prima-Facie Crime–Fraud Showing**: Evidence already before the Court—including audio recordings, documentary admissions, and contradictory pleadings—establishes that counsel's communications were used *in furtherance* of a scheme to retaliate against me, deny medical benefits, and obstruct discovery. See *Jacobs*, 117 F.3d 82 (2d Cir. 1997).

- **Meritless Denials & Misrepresentations**: Defendants have repeatedly claimed I "failed to state a claim," yet the Court's own standards under *Twombly* and *Swierkiewicz* require acceptance of my detailed factual allegations. Their continued refusal to admit obvious facts and their invocation of privilege to hide misconduct violate Rule 11(b)(3) and (b)(4).
- **Need for In Camera Review**: Under *Zolin*, the Court may inspect the disputed documents to confirm their nexus to wrongdoing before ordering full production.

Because I have plainly **stated viable claims**—including retaliation, denial of constitutional rights, and civil-rights conspiracy—Defendants' obstruction cannot be justified as zealous advocacy.

### Requested Relief in the Anticipated Motion

- Compel immediate production of all materials falling within the crime–fraud exception, or, in the alternative, conduct an in camera review.
- Impose monetary and non-monetary sanctions sufficient to deter future misconduct, including costs and fees under Rule 11(c)(4).
- Any additional relief the Court deems just.

### Next Steps

Unless Defendants withdraw their frivolous privilege assertions and correct the factual misrepresentations within twenty-one (21) days of service of this notice, I will file the Rule 11 motion together with my crime–fraud brief and proposed order.

Thank you for your attention.

Respectfully submitted,

---

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]