# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

MOTION FOR EVIDENTIARY HEARING AND APPLICATION OF THE CRIME-FRAUD EXCEPTION for Randi Weingarten, the UFT, Judge Cogan, and Judge Engelmayer

(With Demand Under FRCP 26(b)(5)(A), FRCP 37(a), and FRE 502(d))

To Pres Trump, AG Bondi, Houe Jud., Sen Judge, Hon. Conrad, Dishon. Cogan, Hon. Crona, and others, as the Randi Weingarten and the UFT are allowed to commit any crime against with them being able to get away with it.

**Please Take Notice**, Judge Cronan—as an AUSA—told me what Judge Cogan did to me would constitute a crime under 18 USC §371 and Fraud Upon the Court.

**Please Take FURTHER Notice**, borderline IQ students knew and understood what 80 AUSAs told me

I am entitled to wages and the facts of this were withheld during VOSR hearing –AUSA Karamigios and AUSA Bensing need to be terminated for knowingly lying about facts that could easily be prove, like the transcript provide by Combier 17-cv-2239 from an audio created by me and given to Betsy by Edelman of the NYPOST

Randi is having Sen. Schumer's judges distort the crime and my employment issues are different, but they cover lap because of Judge Engelmayer's orders to help Randi and he lied about Sen. Schumer

Plaintiff respectfully moves this Court to convene an **evidentiary hearing** regarding the application of the **crime-fraud exception** to any claim of judicial or attorney-client privilege asserted by **Judge Lehrburger,** Judge Engelmayer**, Judge Cogan,** Randi Weingarten, **the UFT**, or related legal counsel (including my attorneys), on the grounds that privileged relationships were used to further **wage theft**, **judicial concealment**, and **fraud upon the court**.

## I. INTRODUCTION: FRAUD CANNOT BE SHIELDED BY PRIVILEGE

The **crime-fraud exception** renders the attorney-client privilege inapplicable where communications or legal conduct are used to further or conceal crimes, frauds, or intentional wrongdoing. This includes:

- **Judicial concealment of prior representation** (conflict under 28 U.S.C. § 455(b)(2));
- **Coordinated efforts to suppress wage claims**, violate First Amendment rights, or retaliate against whistleblowing against the UFT and Randi Weingarten;
- **Omissions, distortions and Cherry picking by Lehrburger that is aimed at depriving me of wages already earned and owe to me, pension theft caused by Engelmayer, his quid pro quo and etc**
- **Judge Cogan and Randi Weingarten engaged in crimes under 18 USC § 241, and 18 USC §371**
- **Judge Engelmayer, Judge Cogan, Clerk Wolft and Randi Weingarten engaged in obstruction.**
- **Use of judicial office to benefit former clients** (18 U.S.C. §§ 201, 241, 371, 1505, and 1512).

See:

- *United States v. Zolin*, 491 U.S. 554 (1989)
- *Clark v. United States*, 289 U.S. 1 (1933)
- *In re Richard Roe, Inc.*, 168 F.3d 69 (2d Cir. 1999)

## II. LEGAL FRAMEWORK

**Federal Rule of Civil Procedure 26(b)(5)(A):**
Requires a party claiming privilege to "describe the nature of the documents… in a manner that… will enable other parties to assess the claim."

**FRCP 37(a):**
Authorizes motions to compel discovery when a party improperly withholds documents or information.

**FRE 502(d):**
Authorizes the court to order that privilege does not apply where the **crime-fraud exception** is triggered.

**Applicable Statutes:**

- 18 U.S.C. § 201 (Bribery of public officials)
- 18 U.S.C. § 241 (Conspiracy against rights)
- 18 U.S.C. § 371 (Conspiracy to defraud the United States)
- 18 U.S.C. § 1505, § 1512 (Obstruction)

---

## III. FACTUAL BASIS FOR CRIME-FRAUD EXCEPTION

Plaintiff alleges and can provide evidence that:

1. **Randi Wiengarten and the UFT** have interference in my legal representation with Engelmayer helping them—via his orders or non-orders;
2. Judge Lehrburger failed to recuse under **28 U.S.C. § 455(b)(2)** and issued rulings **suppressing evidence, denying hearings based on facts and evidence, and shielding the UFT**;
3. Engelmayer, Rearden, Wolfe, and Lehrburger already helped Randi conceal her criminal conduct by suppressing evidence of Silverman's admission and other evidence that is being ignore by Lehrburger
4. I was illegally detained by Randi and Cogan with Engelmayer as means to retaliate against me to attempt to enforce my rights;
5. Plaintiff's complaint alleged **coordinated interference by Randi Weingarten**, which was concealed or misrepresented by **Judge Lehrburger** in the R&R;
6. The judicial decisions issued by Cogan **directly benefited his former client**, supporting a "stream of benefits" bribery theory. See *United States v. Silver*, 948 F.3d 538 (2d Cir. 2020);
7. **Evidence has been suppressed or omitted** from the record—including audio admissions and omitted orders by Judge Engelmayer—raising concerns that **material judicial misconduct was aided by privilege-based shielding**.

## IV. REQUEST FOR AN EVIDENTIARY HEARING

Plaintiff requests that the Court:

- Convene an **evidentiary hearing** to determine whether communications or judicial actions were **part of or in furtherance of a criminal or fraudulent scheme**, including:
    - Wage theft;
    - Retaliation for protected activity;
    - Judicial concealment of disqualifying conflicts;
    - Obstruction of legal and administrative processes;
- Compel production of **all communications, sealed orders, or internal memoranda** withheld under privilege which may have been used to further the alleged scheme.

The hearing is necessary to develop a full factual record under *Zolin*, 491 U.S. at 572, and determine whether privilege was used improperly.

At PERB, Mr. Brown wrote "on payroll" but the CBA and the CBA on filed for the public to see and easily obtain, the wording is "continuous employed"

## V. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Grant an **evidentiary hearing** on the crime-fraud exception;
2. Compel production under **FRCP 37(a)** of all materials withheld under privilege that may reveal misconduct;
3. Declare that **any attorney-client does not apply** under **FRE 502(d)** to communications in furtherance of:
    - Wage theft;
    - Retaliation;
    - Suppression of evidence or due process violations;
4. Vacate or stay any orders entered in reliance on tainted judicial conduct;
5. Refer the matter for judicial misconduct review under **28 U.S.C. §§ 351–354** and **criminal referral under 18 U.S.C. § 3332**.

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
917-275-3919
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]