# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FRCP 11 due to intentional misrepresentation made by lawyers for the UFT and NYC because** "be on payroll" or "proof that I was illegally detained" to be given retro money is not what is publicly filed and it is grounds for misconduct with a request of an evidentiary hearing on said misconduct.

**TO THE HONORABLE COURT:**

Plaintiff Lucio Celli pro se, respectfully moves pursuant to **Federal Rule of Civil Procedure 11(c)** for the imposition of sanctions upon **Mr. Brown** and **Mr. Frank**, attorneys representing the **New York City Law Department**, on the grounds that they have violated their obligations under **Rule 11(b)** by knowingly making **false and misleading statements to this Court** regarding the legal standard for employment status and benefit eligibility. These statements materially **misrepresented a judicially noticeable and publicly filed Collective Bargaining Agreement (CBA)** and **binding statutory language** under **NYC Administrative Code § 12-126**, in a manner that obstructed justice, prejudiced Plaintiff, and undermined the integrity of these proceedings.

I. MISCONDUCT BY COUNSEL

The attorneys for Defendants falsely asserted—either directly or by omission—that Plaintiff was required to "**be on payroll**" in order to maintain continuous employment and qualify for employment benefits. This claim directly contradicts:

- The **governing CBA** between the City of New York and the United Federation of Teachers (UFT),
- **NYC Administrative Code § 12-126(c)(1)**, which explicitly states that eligibility is preserved through **"continuous employment"**, not payroll status, and
- Longstanding City practice and public regulatory interpretation.

This representation was not only legally false, but made in **bad faith**, and forms the basis for sanction under Rule 11.

---

## II. RULE 11(b) VIOLATIONS

**Rule 11(b)** requires that attorneys certify, after reasonable inquiry, that:

- Their representations are factually and legally accurate;
- Their arguments are warranted by existing law or a nonfrivolous argument for changing the law; and
- Their conduct does not serve an improper purpose such as harassment or delay.

Counsel violated Rule 11 by:

1. **Misstating binding public law** and public contract language for strategic advantage;
2. **Omitting material facts** available in judicially noticeable documents;
3. **Misleading the Court** about eligibility standards for employment and benefits.

These misstatements obstructed Plaintiff's procedural and substantive rights.

---

## III. LEGAL AUTHORITIES SUPPORTING SANCTIONS

Numerous courts have held that misrepresenting or suppressing the contents of **government-filed or judicially noticeable documents**—especially by government lawyers—is sanctionable conduct. These include:

1. **United States v. Shaffer Equip. Co.**, 11 F.3d 450 (4th Cir. 1993):

    "An attorney who misrepresents regulatory or governmental records commits an abuse of the judicial process."

2. **Chambers v. NASCO, Inc.**, 501 U.S. 32 (1991):

    Inherent power to sanction attorneys for abuse of process, fraud, and obstruction.

3. **Aoude v. Mobil Oil Corp.**, 892 F.2d 1115 (1st Cir. 1989):

> "Fraud on the court occurs where a party or lawyer perpetrates a deliberate scheme to interfere with the judicial machinery's impartial performance."

4. **Pappas v. Philip Morris, Inc.**, 100 F. Supp. 2d 303 (D.N.H. 2000):

   Misrepresentation of prior agency filings constitutes fraud on the court.

5. **In re Rezulin Products Liability Litig.**, 224 F.R.D. 346, 352 (S.D.N.Y. 2004):

   "[W]illful distortion of government filings constitutes sanctionable conduct."

6. **Perna v. Elec. Data Sys., Corp.**, 916 A.2d 1096 (N.J. App. Div. 2007):

   "Lawyers are not permitted to willfully distort the meaning of collective bargaining agreements for strategic advantage."

7. **Matter of Zappin**, 49 N.Y.S.3d 8 (1st Dep't 2017):

   "Any attorney who knowingly misstates the record, public or private, violates his professional duty and undermines the rule of law."

## IV. THE PUBLIC CONTRACT IS NOT SUBJECT TO COUNSEL'S DISTORTION

The CBA is:

- A negotiated contract between NYC and UFT under **N.Y. Civil Service Law § 204(2)**;
- **Judicially noticeable** under **Fed. R. Evid. 201(b)**;
- Incorporated into **NYC personnel rules** and public benefits law (NYC Admin. Code § 12-126).

It is impermissible for attorneys to offer arguments contradicting the clear language of these documents, as doing so undermines judicial function and obstructs factual adjudication.

## V. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **Issue an order to show cause** why Mr. Brown and Mr. Frank should not be sanctioned under Rule 11 for knowingly misrepresenting a negotiated public contract and statutory provision;
2. Refer this misconduct to the **New York Attorney Grievance Committee** or appropriate disciplinary body;

3. Order **monetary or procedural sanctions**, including reconsideration of any rulings affected by the misrepresentation;
4. Permit Plaintiff to **supplement the record** with copies of the CBA and NYC Admin. Code;
5. Grant any other relief the Court deems just and proper.

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]