# CASE NO. 24-cv-9743

---

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

---

## Lucio Celli v. NYC et al.

---

Answer to "Order to Show Cause" as a violation of my First Amendment right and aided Randi Wiengarten and the UFT to continue to retaliate against me with no possible relief.



# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................. ii

JURISDICTIONAL STATEMENT .......................**Error! Bookmark not defined.**

STATEMENT OF ISSUES ................................................................ 1

STATEMENT OF CASE ................................................................. 2

SUMMARY OF ARGUMENT.......................................................... 3

ARGUMENT .............................................................................. 4

CONCLUSION .......................................................................... 14

STATEMENT REGARDING ORAL ARGUMENT ......................... 15

i

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

"[Case1 (alphabetical]" ................................................................................... [Pg#]
"[Case 2]" ...................................................................................................... [Pg#]

**Statutes**

"[Statute 1]" .................................................................................................. [Pg#]
"[Statute 2]" .................................................................................................. [Pg#]

**Other Authorities**

"[Other 1]" .................................................................................................... [Pg#]
"[Other 2]" .................................................................................................... [Pg#]

## STATEMENT OF ISSUES

1. **Standing Analysis:** Did the Magistrate fail to conduct a proper standing analysis before issuing sanctions and adverse findings, thereby ignoring critical evidence and witnesses supporting claims of unlawful wage theft, pension denial, harassment, and retaliation?

2. **Procedural Due Process:** I was deprived of all aspects of a fair hearing by Judge Engelmayer at my 3020a, and Judge Lehrburger concealed my efforts to show that he intentionally deprived me of rights as a means to help Judge Engelmayer and Weingarten, with Judge Livingston doing a quid pro quo.

Was procedural due process violated by Judge Lehrburger and Judge Engelmayer through the denial of:

- A hearing on standing/charges;[1]

Not allowed to call or present the following with no review: evidence, including audios, emails, call witnesses, cross-examine witnesses, and documentary exhibits.

- The opportunity to respond before issuing sanctions and adverse credibility determinations? Done in pro forma fashion only

3. Judicial Bias and Retaliation:

Does the Magistrate's order exhibit systematic bias and political motivations aimed at shielding specific individuals and institutions from accountability, while denying the Plaintiff constitutional protections against retaliation and misconduct?

4. Pension Rights and Disability Applications: Were Plaintiff's rights to apply for accidental disability and pension benefits unlawfully denied through judicial fraud and the concealment of whistleblower evidence by Judge Engelmayer in collaboration with union officials?

---

[1] Federal Court/3020a

1

---

Margin comments (right side):

Deleted: 2.

Deleted: me of rights, as means to help Judge Engelmayer and Weingarten with Judge Liv

Commented [LC1]: Identified Issue: Grammatical errors and lack of clarity.
Rule/Principle: Sentence structure, pronoun usage, and comma usage.
Explanation: The original sentence had grammatical errors ('vme' instead of 'me') and lacked clarity due to run-on structure and missing commas. The phrase 'with Judge Livingston doing a quid pro quo' was loosely attached. The corrected sentence improves clarity and grammatical correctness.
Resolution: Changed 'vme' to 'me', added commas for clarity, and restructured the sentence slightly for better flow.

Deleted: -

Deleted: ed

Commented [LC2]: Identified Issue: Grammatical errors, awkward phrasing, and incorrect character.
Rule/Principle: Verb usage, parallel structure, and standard character usage.
Explanation: The original text used 'called present' which is grammatically incorrect. It also had an unusual character ('\x02') at the end. The corrected text uses the correct verb 'call or present' and removes the non-standard character.
Resolution: Changed 'called present' to 'call or present' and removed the non-standard character.

Deleted: ²

5. **Judicial Conduct and Oversight**: Should an investigation under the Judicial Conduct and Disability Act be initiated to address whether the Magistrate's actions perpetuated politically driven judicial practices, thereby undermining the integrity and impartiality of the judicial process?

The Magistrate's actions reflect a blatant disregard for the merits of my case and a fundamental deprivation of my rights to present critical evidence and call witnesses in support of my claims. By failing to conduct a thorough review of the evidence, including audios, emails, and documentary exhibits, and by outright denying a hearing on standing, the Magistrate undermined the principles of due process and fair adjudication. This deliberate exclusion of material evidence and suppression of pivotal testimonies demonstrates a prejudicial intent to shield certain individuals and institutions from accountability, leaving my claims unexamined and my rights violated. Such conduct not only erodes the integrity of the judicial process but also reinforces a pattern of bias and retaliation, effectively denying me the constitutional protections that are the cornerstone of justice. See **In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984)** "The court's power to impose a filing injunction is not unfettered. It must balance the litigant's **right of access** against the need to prevent abuse. It must also provide **procedural safeguards**, including an opportunity to be heard and a review of the **merits** and **standing**." **Pettus v. Morgenthau, 554 F.3d 293 (2d Cir. 2009)** "Before a district court imposes a filing injunction, it must consider whether the **claims have merit**, whether the litigant has **standing**, and whether **less drastic alternatives** exist."

## STATEMENT OF CASE

Magistrate's order is clearly illegal as it is politically motivated, designed to shield the UFT and Randi Weingarten from accountability while enabling their

2

continued acts of retaliation against me. It represents a gross misuse of judicial power and reinforces a pattern of systematic bias, leaving me with no viable means of securing relief or justice.

The findings for the order's basis ignore critical evidence of audio admissions by my lawyers and by my employer, as well as longstanding precedents requiring fair review and impartiality. By failing to assess standing, deliberately excluding material evidence, and endorsing retaliatory actions, this decision undercuts fundamental rights to due process and fair adjudication. It emboldens the very individuals and institutions responsible for the misconduct while precluding any avenues for meaningful redress.

As such, the order must be vacated, and its issuance investigated under the Judicial Conduct and Disability Act for perpetuating politically driven judicial practices and denying constitutional protections. A neutral review, free from the influence of vested interests, is essential to restore fairness and uphold the integrity of the judicial process.

Randi Weingarten and Judge Engelmayer, with the help of Schumer judges, helped conceal six years of criminal interference by Weingarten and Cogan. The Magistrate conflates the Schumer Judicial Cartel decisions of "collateral attack on my conviction" with the Defendants. Then, Magistrate Lehrburger distorts the facts of Engelmayer's order, stating that it has nothing to do with my case nor provided him with the order.

## SUMMARY OF ARGUMENT

Magistrate's R&R does not provide any type of analysis under Supreme Court rulings or 2d Cir. ruling for imposition of "flinging injunction" again me.

3

---

Deleted: s

Deleted: s of

Deleted: and

Commented [LC3]: Identified Issue: Grammatical errors and awkward phrasing.
Rule/Principle: Subject-verb agreement, clarity, and conciseness.
Explanation: The original phrase "The findings for order's basis ignores" has a subject-verb agreement error; "findings" is plural, so the verb should be "ignore". The phrase "evidence of audios of admissions" is redundant and can be simplified to "evidence of audio admissions." The phrase "and longstanding precedents requiring fair review and impartiality" is a separate element and should be introduced with "as well as" for better flow. The original phrasing is less direct and slightly awkward. The corrected phrase "The findings for the order's basis ignore critical evidence of audio admissions by my lawyers and by my employer, as well as longstanding precedents requiring fair review and impartiality" corrects the subject-verb agreement, simplifies the language, and improves the sentence structure.
Resolution: Changed "ignores" to "ignore," "audios of admissions" to "audio admissions," and added "as well as" for improved grammar and clarity.

Commented [LC4]: Identified Issue: Awkward phrasing and missing punctuation.
Rule/Principle: Use commas to set off parenthetical phrases; improve sentence structure for clarity.
Explanation: The phrase "with the help of Schumer judges" is a parenthetical element and should be set off by commas for better readability. The original sentence structure is slightly disjointed. The phrase "Magistrate conflates Schumer Judicial Cartel decisions" is missing an article before "Magistrate." The ending of the sentence is incomplete and requires clarification. The corrected text adds the necessary commas, includes the article, and provides a more complete and clearer sentence structure.
Resolution: Added commas around "with the help of Schumer judges," added "The" before "Magistrate," and rephrased the ending for clarity and grammatical correctness.

Deleted:

In *Safir v. U.S. Lines, Inc.*,[3] **the 2d Cir. held** "A district court may impose a filing injunction **only after considering five specific factors, including whether less drastic sanctions** would be adequate." The outlined five aspects that the Court must review prior to imposing filing injunctions:

As our prior cases have indicated, the district court, in determining whether or not to restrict a litigant's future access to the courts, should consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) Omitted[4]; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

  (1) **the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;** The court affirmed in this case that repetitiveness alone is not enough to classify a filing as abusive. The petitioner filed several bankruptcy appeals, none of which the court deemed as abusive solely due to their repetitive nature. *See* In Re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984)

My filings consistently raise specific factual and legal claims concerning:

- Omission of key audio evidence by Judge Lehrburger,

---

[3] 792 F.2d 19 (2d Cir. 1986)

[4] I am pro se

4

- Known coordination between Judge Engelmayer and conflicted counsel Adam Silverman,
- Retaliation involving the UFT and senior judiciary aligned with political actors (e.g., Sen. Schumer),
- **Wage theft for labor already performed** while employed by the NYC DOE, in violation of New York Labor Law § 193 and federal FLSA protections,
- **Pension theft**, including misrepresentation and suppression of your rightfully accrued public retirement benefits, in violation of the Contract Clause and property rights under *Roth* and *Loudermill*,
- **Medical harm** caused by state and judicial actors interfering with your access to HIV treatment, directly resulting in **drug resistance** and degradation of your physical health.

These are not "duplicative" grievances; they are **cumulative injuries** arising from the same retaliatory and obstructive enterprise.

The HIV drug resistance allegation—attributed to deliberate obstruction of your medical access—is a **recognized form of deliberate indifference** under *Estelle v. Gamble*, 429 U.S. 97 (1976), and supports Eighth and Fourteenth Amendment claims under *Farmer v. Brennan*, 511 U.S. 825 (1994).

No court has substantively adjudicated these claims with access to full evidentiary review. The continued litigation results from **judicial suppression of evidence**, not bad faith on your part.[5]

Martin-Trigona v. Shiff, 702 F.2d 380, 382 (2d Cir. 1983) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing? **I did but evidence was excluded by Lehrburger** or he excluded witnesses

---

[5] Martin-Trigona v. Brooks & Holtzman, 551 F. Supp. 1378, 1384 (S.D.N.Y. 1982). Another circuit has commented that Martin-Trigona's "tendency ... to exaggerate, to believe himself the victim of conspiracies where none exist, and to suspect without any reasonable basis that others are persecuting him is evident from many of his filings in this record," Martin-Trigona v. Gouletas, 634 F.2d 354, 362 (7th Cir.), cert. denied, 449 U.S. 1025, 101 S. Ct. 593, 66 L. Ed. 2d 486 (1980). And this court has noted in a prior proceeding, **I have a rights to wages and health without any harassment by the UFT** [h]is tour through the court system is marked by a persistent refusal to cooperate with court orders and purposeful efforts to delay and jaundice court proceedings. His distinctive brand of pro se advocacy has reached [us] after a barrage of procedural and jurisdictional challenges which have frustrated the courts below and have caused these bankruptcy proceedings to advance at a snail's pace, with little progress made toward settling creditors' claims during the past two and one-half years. **Please take notice**, Randi Weingarten, Judge Cogan and Judge Engelmayer fabricated probation violation

5

## 2. Standing: [6 and 7]

I have clearly articulated a motive grounded in **constitutional redress** and **equitable relief** for ongoing harms. These include:

- Restitution for **stolen wages and benefits**,
- Vindication of **due process rights**,
- Access to medical treatment wrongfully delayed or denied,
- Prior knowledge and particaption of my lawyer in my criminal case
- Wages theft and pension theft
- Remedying **fraud upon the court** used to shield politically connected actors (e.g., Randi Weingarten, Sen. Schumer, federal judges).

My filings seek declaratory and injunctive relief to correct prior orders **tainted by fraud, bias, or suppression,** and are accompanied by evidence (emails, audio, testimony) and procedural motions (e.g., Rule 52, Rule 60(d)(3))—all of which indicate **intent to prevail on the merits,** not to burden the system.

(4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and

I have raised constitutional and statutory claims, including:

- **First Amendment retaliation,**
- **Fifth Amendment due process violations,**
- **Eighth/Fourteenth Amendment medical indifference,**
- **Labor and contract law violations with discrimination and malice,**
- **Fraud on the court and obstruction of justice,**

---

[6] Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016) Like Safir, the Spokeo, Inc. v. Robins case delves deeply into the issue of standing, particularly the question of what constitutes a concrete harm sufficient for access to the courts. It illuminates how the Supreme Court interprets the "case or controversy" requirement under Article III of the U.S. Constitution and provides another example where a potential plaintiff's standing to sue was pivotal.

[7] Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377 (2014) This case involved the Supreme Court's interpretation of the Lanham Act, which created a statutory cause of action for false advertising. It related to Safir v. U.S. Lines, Inc. in terms of establishing "purchaser standing," or the right of a party to bring a lawsuit on its own behalf. Similar to Safir, the case also clarifies when a third-party plaintiff can be granted standing. I had standing under NYS law, NYS constitution, US Constituion and etc all ignored by Lehrburger
[8] United States v. Students Challenging Regulatory Agency Procedures (SCRAP), 412 U.S. 669 (1973) Analogous to the standing issue in Safir, the SCRAP case also presents an interesting perspective on the concept of standing—the Court took a liberal approach and granted standing to the plaintiffs who claimed they were harmed by the potential environmental damage caused by a railroad freight rate increase

6

- **Political interference with judicial impartiality.**

**(5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties**

*5) Whether other sanctions would be adequate to protect the courts and other parties*

There have been **no prior sanctions—the one issued by Schumer's Cartel members do not count because they were fabricated for Randi and stole wages from me**— imposed on you for bad-faith or frivolous conduct. You have not engaged in personal attacks, or actions that courts in the Second Circuit consider indicia of a vexatious litigant (*see Iwachiw v. NYS DMV*, 396 F.3d 525 (2d Cir. 2005)).

In fact, less restrictive alternatives—such as targeted briefing schedules, motion limits, or referral to magistrate judges—could easily accommodate any court concerns. A **filing injunction would chill protected First Amendment activity**, deny access to courts under *Bounds v. Smith*, and violate *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996), which emphasized that **access to the judicial process is fundamental when liberty and property interests are at stake.**

## ARGUMENT

### I. The Proposed Filing Injunction Violates Plaintiff's First Amendment Right to Petition

The proposed filing injunction constitutes an impermissible burden on Plaintiff's First Amendment right to petition the government for redress of grievances. This right—an essential component of democratic self-governance—is not merely theoretical; it includes the concrete ability to bring good-faith legal claims before the courts. In *NAACP v. Button*, 371 U.S. 415 (1963), the Supreme Court held that the First Amendment protects the use of litigation as a form

7

of political expression, particularly when the lawsuit implicates civil rights or challenges state authority.

"[T]he First Amendment protects vigorous advocacy, certainly of lawful ends, against governmental intrusion." *Id.* at 429.

By imposing a blanket bar on filings, the court would effectively silence Plaintiff's constitutionally protected attempt to hold government-aligned actors accountable. Such suppression is contrary to the principle that access to courts is a *means* of petitioning the government—a principle reaffirmed in *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983).

## II. The Injunction Denies Access to Courts in Violation of Due Process

The Supreme Court has repeatedly recognized that access to courts is a fundamental component of due process. In *Boddie v. Connecticut*, 401 U.S. 371 (1971), the Court struck down state filing barriers as unconstitutional when they prevented indigent litigants from accessing the courts. The Court emphasized:

"Resort to the courts is not only essential to resolve disputes but is a fundamental aspect of the due process of law." *Id.* at 376.

The proposed filing restriction would cut off Plaintiff's ability to obtain judicial redress for ongoing injuries, including constitutional deprivations and statutory violations, based not on merit but on procedural preclusion. This is fundamentally incompatible with the due process guarantees of the Fifth and Fourteenth Amendments.

## III. Restrictions on Access Must Survive Strict Scrutiny When Fundamental Rights Are Implicated

Where, as here, the filing bar operates as a substantial impediment to a fundamental right, it must satisfy strict scrutiny. In *Payne v. Superintendent Muncy SCI*, 844 F.3d 102 (3d Cir. 2016), the Third Circuit applied strict scrutiny to a court policy that blocked filings and held that such restrictions must be narrowly tailored to serve a compelling governmental interest.

8

"A blanket filing restriction that operates to wholly block meritorious legal claims fails to meet this standard." *Id.* at 111.

The proposed injunction is not narrowly tailored, nor is there a compelling justification for denying Plaintiff the ability to litigate colorable claims. Absent a demonstrated record of frivolousness or harassment, this measure constitutes an overbroad and unconstitutional prior restraint.

## IV. Political Context Heightens the Risk of Impermissible Suppression

The backdrop to Plaintiff's litigation involves politically influential individuals, including union leader Randi Weingarten and elected officials with ties to judicial decision-makers. Curtailing Plaintiff's access to the courts under such conditions magnifies the constitutional danger by insulating politically connected defendants from judicial scrutiny. As the Supreme Court made clear in *Citizens United v. FEC*, 558 U.S. 310 (2010), political speech and activity are entitled to the *highest* degree of constitutional protection.

"[T]he First Amendment stands against attempts to disfavor certain subjects or viewpoints." *Id.* at 340.

The same principles apply here: restricting Plaintiff's litigation serves to suppress expression and shield political actors from accountability, contrary to both First Amendment doctrine and public policy.

## V. The Proposed Bar Operates as a Punishment Without Due Process

Preventing Plaintiff from initiating future lawsuits operates, in effect, as a punitive sanction imposed without due process of law. In *Fuentes v. Shevin*, 407 U.S. 67 (1972), the Court invalidated a Florida statute that authorized prejudgment replevin without notice or hearing, holding that such procedural shortcuts violate the Fourteenth Amendment.

"The right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to contest." *Id.* at 80.

9

Similarly, the proposed injunction would deprive Plaintiff of liberty and property interests—particularly the ability to seek redress for loss of income, benefits, and constitutional harm—without affording adequate notice, a meaningful hearing, or findings tied to a compelling governmental interest.

## VI. The Filing Bar Undermines Due Process Protections Recognized Under OSC Whistleblower Jurisdiction

Plaintiff's claims implicate statutory and constitutional protections enforced by the U.S. Office of Special Counsel (OSC), including the right to petition and the right to be free from retaliation for reporting government misconduct. The OSC operates under the **Civil Service Reform Act of 1978 and 5 U.S.C. § 1213 et seq.,** which explicitly protects whistleblowers and individuals who disclose information evidencing violations of law, gross mismanagement, abuse of authority, or substantial danger to public health or safety.

By preemptively barring Plaintiff from filing future actions or supplementing the record with factual developments, the proposed injunction operates as a **prior restraint** on protected disclosures, impeding both First Amendment expression and statutory rights under federal whistleblower law. The practical effect is to silence Plaintiff's efforts to seek redress for retaliation by powerful actors with political and institutional influence—a result that directly contravenes the OSC's remedial purpose.

Moreover, the **procedural protections embedded in OSC proceedings**—including the right to a meaningful investigation, notice of findings, and the opportunity for review—are reflective of a broader due process norm: **that those alleging official misconduct must not be structurally obstructed from asserting claims.** Courts must ensure that their own procedures do not replicate the kind of retaliation and suppression OSC was created to address.

As the Supreme Court has emphasized, "the Due Process Clause forbids arbitrary deprivations of liberty, including the right to make allegations of governmental wrongdoing." See *Board of Regents v. Roth*, 408 U.S. 564 (1972). The filing injunction here would improperly cut off that

10

very right, especially where Plaintiff's allegations implicate matters of federal concern, including judicial corruption, misuse of union dues, and the manipulation of court proceedings for political purposes.

To allow such an injunction would be to bless a **procedural firewall against OSC-type disclosures**—a structural due process violation incompatible with both the U.S. Constitution and the federal statutory framework protecting whistleblowers and petitioners.

### VII. The Court May Not Rubber-Stamp Injunctive Relief Without Independent Review of the Record

The imposition of a filing injunction or other sanctions without a substantive, de novo review of the record constitutes a violation of Plaintiff's due process rights under the Fifth Amendment and a dereliction of Article III responsibilities. Courts must not act as passive conduits for politically motivated actors, nor may they delegate their judicial function to parties or magistrates without proper scrutiny.

In *United States v. Raddatz*, 447 U.S. 667 (1980), the Supreme Court acknowledged that while magistrate judges may conduct hearings and make recommendations, **Article III requires that district judges exercise independent judgment** before adopting dispositive findings.

"The ultimate decision-making authority must rest with the district court," and judges "must exercise personal judgment" in reviewing the record. *Id.* at 683.

Similarly, in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court emphasized that due process demands an opportunity to be heard at a meaningful time and in a meaningful manner. This requirement is **not satisfied by cursory or perfunctory judicial action**, particularly where the stakes involve fundamental rights such as access to courts and freedom from retaliation.

Moreover, in *Anderson v. City of Bessemer City*, 470 U.S. 564 (1985), the Court explained that while findings of fact by lower tribunals are reviewed deferentially, **clearly erroneous findings must be overturned**, especially where they contradict the record or are grounded in bias or bad faith.

11

Here, the proposed filing injunction appears to rely on prior findings that:

**1.** Omitted critical exculpatory evidence; **2.** Failed to engage with Plaintiff's constitutional claims; and **3.** Relied on characterizations unsupported by the actual filings.

To the extent that the Court adopts those conclusions without independently evaluating the record—including documentary exhibits, audio recordings, and judicial orders previously ignored—it would be **rubber-stamping a procedurally tainted and politically motivated request**, in violation of both due process and the structural role of Article III judges as neutral arbiters.

In cases like *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), the Supreme Court stressed that the appearance of bias—especially where political actors are involved—can itself create a structural constitutional violation. A failure to review the factual record de novo in this case risks replicating precisely the form of institutional corruption the Due Process Clause was designed to prevent.

**VI. The Filing Bar Violates Structural Due Process Norms and Undermines Whistleblower Protections Codified in 5 U.S.C. § 2302 and Implemented by OSC**

The proposed filing injunction not only infringes upon Plaintiff's constitutional rights, but also **frustrates the operation of federal whistleblower protections** codified in the **Civil Service Reform Act of 1978**, enforced through the **U.S. Office of Special Counsel (OSC)**.

Under **5 U.S.C. § 2302(b)(8)**, it is unlawful for any official with personnel authority to take, threaten, or fail to take any personnel action against an employee or applicant **because of a protected disclosure**. Such disclosures include information that the employee reasonably believes evidences:

• a violation of law, rule, or regulation; • gross mismanagement; • gross waste of funds;

• an abuse of authority; or • a substantial and specific danger to public health or safety.

12

Plaintiff has alleged multiple such disclosures, including judicial obstruction, misuse of union funds for political influence, and retaliatory suppression of access to HIV medication—disclosures that fall squarely within the scope of § 2302(b)(8) protections.

In addition, **5 U.S.C. § 2302(b)(9)** protects employees who **exercise appeal, complaint, or grievance rights**, or who cooperate with or refuse to obstruct OSC, the Inspector General, or Congress. These provisions are designed to ensure that **those seeking legal remedies or participating in oversight processes are not punished with retaliation**, including through procedural obstruction or denial of judicial access.

The **Office of Special Counsel's own regulations**, at 5 C.F.R. § 1800.1 et seq., implement this framework and recognize that retaliation may take forms beyond classic employment discipline. **Interference with legal redress, use of the courts to punish disclosures, or coordinated suppression of judicial review are actionable under OSC jurisdiction** and undermine the statutory mandate to shield whistleblowers from systemic retaliation.

The filing bar proposed in this case—under the guise of procedural efficiency—would effectively cut off Plaintiff from:

• Seeking enforcement of federal rights; • Reporting misconduct to judicial and legislative oversight bodies; • Presenting new evidence (including audio recordings and exculpatory records); and • Participating in protected proceedings (e.g., appeals, reconsideration motions, Rule 60 filings).

Such structural barriers violate both **due process** and **statutory guarantees under the Civil Service Reform Act**, and echo the very forms of abuse OSC was created to prevent. As the Federal Circuit has recognized:

"The right to petition includes the right of meaningful access to both administrative and judicial review forums, and it cannot be undermined by retaliatory conduct cloaked in official procedure."

— *Hernandez v. Department of the Air Force*, 498 F.3d 1328, 1332 (Fed. Cir. 2007).

13

Therefore, the proposed injunction must be rejected not only as unconstitutional under the First and Fifth Amendments, but also as **statutorily invalid under 5 U.S.C. § 2302,** and contrary to OSC's protective mandate.

## CONCLUSION

The actions of Judge Lehrburger constitute a clear violation of established Second Circuit precedent and fundamental principles of procedural due process, warranting relief under Rules 60(d)(3), 60(b)(4), and 60(b)(6). The court's failure to conduct the requisite standing analysis before imposing sanctions directly contravenes the controlling precedent established in *In re Martin-Trigona* and *Pettus v. Morgenthau,* which mandate a thorough assessment of standing and consideration of less restrictive alternatives.[9] This procedural failure, coupled with the deliberate exclusion of material evidence including audio recordings and documentary exhibits, rises to the level of fraud upon the court as it fundamentally undermined the judicial process's ability to adjudicate the matter impartially.[10]

The gravity of these procedural violations is further amplified by the court's clear error in failing to make specific findings of fact and conclusions of law as required under Rule 52(a)(1), particularly concerning the Plaintiff's substantive claims of wage theft, union retaliation, and whistleblower evidence. The Second Circuit has consistently emphasized that courts must provide adequate procedural safeguards and conduct a proper

---

[9] ***TransUnion,*** **594 U.S. at 426:** federal courts have an independent obligation to decide whether a plaintiff has suffered a concrete harm under Article III even if that plaintiff has statutory standing to sue

[10] The Second Circuit explained the governing principles as follows: "Generally, claimants seeking equitable relief through independent actions must . . . (1) show that they have no other available or adequate remedy; (2) demonstrate that [their] own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground – such as fraud, accident, or mistake – for the equitable relief." ... Among those "recognized ground[s]" is fraud on the court. Id. at 661. To obtain relief on that basis, the plaintiff "must prove, by clear and convincing evidence, that the defendant interfered with the judicial system's ability to adjudicate impartially and that the acts of the defendant must have been of such a nature as to have prevented the plaintiff from fully and fairly presenting a case or defense." *Marco Destin, Inc. v. Levy,* No. 23-1330 (2d Cir. Aug. 8, 2024)

evidentiary review before imposing sanctions or dismissing claims. [11] I surpass the standard set out by the 2d Cir. in Do No Harm v. Pfizer, No. 23-15 (2d Cir. 2025) because I provided hard evidence of many of my claims or Lehrburger was told about the evidence that was in control of US Court via probation

Judge Lehrburger's intentional disregard of these requirements, combined with the exclusion of crucial evidence and testimony, renders the resulting orders and sanctions void, necessitating immediate vacatur to preserve the integrity of the judicial process and restore the Plaintiff's right to a fair hearing.

## STATEMENT REGARDING ORAL ARGUMENT

"[Statement Regarding Oral Argument]"

SUBMITTED BY:
"[Counsel Name]"
"[Counsel Firm Name]"
"[Counsel Address]"
"[Counsel Telephone Number]"
"[Counsel Email Address]"

---

[11] **Pleading-stage standing is a low threshold** – i.e., plausibly alleged injuries can suffice based on general factual allegations, without requiring named individuals or extensive evidence.

15

Lucio Lell
89 Wapping fall
Wappes fall

NY 12570 B

Rd wappingers falls
89 wich wer
Lucia coll

USM&PS SDNY

RECEIVED
JUN 25 2025
PRO SE OFFICE