# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

---

**MOTION FOR SANCTIONS PURSUANT TO RULE 11 AND THE COURT'S INHERENT AUTHORITY FOR SUBMISSION OF A FRAUDULENT DOCUMENT— created by Judge Engelmayer, the UFT, DOE and Randi Weingarten to help conceal Engelmayer's and Weingarten's criminal conduct**

Plaintiff **Lucio Celli**, pursuant to **Federal Rule of Civil Procedure 11**, **the Court's inherent powers**, and relevant Second Circuit precedent, respectfully moves for sanctions against **Randi Weingarten**, the **United Federation of Teachers**, and **their counsel**, for the submission of a document known to be fraudulent. Plaintiff further moves that this Court examine the complicity of **Judge Paul A. Engelmayer** and **Magistrate Lehrburger** in knowingly allowing and ratifying the use of that document, constituting fraud on the tribunal.

---

## I. INTRODUCTION

This motion arises from the deliberate submission and use of a falsified document during these proceedings—one allegedly manufactured and endorsed by Randi Weingarten, UFT attorneys, and ultimately Judge Engelmayer, with the knowing participation of Magistrate Judge Lehrburger. Such conduct subverts the integrity of the judicial process, constitutes fraud upon the Court, and is sanctionable under **Rule 11**, the **Court's inherent authority**, and controlling Second Circuit case law.

---

## II. LEGAL STANDARD

*A. Rule 11(b)*

Federal Rule of Civil Procedure 11 prohibits filings that are:

- Presented for any improper purpose;
- Based on claims or defenses not warranted by law;
- Based on factual contentions lacking evidentiary support.
- Judge Engelmayer NEVER allowed to defend myself
- 400 judges have audios of probation and Santana refusing to do their job
- Probation has Taylor's and Yu's LIES about the 3020a probation
- Lehrburger IMPEDED DA Dubeck because he BRIBED by to commit a crime under 18 USC § 371
- FACTS do not and he STOP reappointment for stealing me from as it federal crime that he did for Rnadi

Courts may impose sanctions if a party files documents that are objectively unreasonable under the circumstances. (*See Patsy's Brand Inc. v. I.O.B. Realty*, 2002 U.S. Dist. LEXIS 491.)

*B. Inherent Powers*

Courts possess inherent power to impose sanctions for fraud upon the court, including "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Fraud upon the court includes deliberate deception by officers of the court and where "the integrity of the judicial process has been corrupted." *Herring v. United States*, 424 F.3d 384, 386–87 (3d Cir. 2005).

*C. Knowledge Standard – In re Doe*

The Second Circuit in *In re Doe*, 847 F.2d 57, 63 (2d Cir. 1988), articulated the threshold for mandatory disclosure of fraud as requiring that the attorney "**clearly know**, rather than merely suspect," that fraud on the court has occurred.

---

## III. FACTUAL BACKGROUND

Plaintiff has alleged, and submits contemporaneous evidence, that:

1. **A document presented as part of the arbitration or administrative record was falsified** or materially misrepresented by Randi Weingarten and/or UFT attorneys;
2. The document was submitted in furtherance of a coordinated cover-up relating to Plaintiff's employment rights and retaliation claims;
3. **Judge Engelmayer** knowingly cited or relied on this document despite being informed of its fraudulent origins;

4. **Judge Lehrburger**, in the issuance of his May 27, 2025 Report & Recommendation, knowingly omitted material objections and evidence demonstrating the fraud, thus actively **participating in concealing** the misconduct to protect political allies.

---

## IV. ARGUMENT

*A. Actual Knowledge Is Implied from the Record*

Even if direct proof of fraud were initially absent, the pattern of conduct and circumstantial evidence satisfies the "actual knowledge" standard articulated in *In re Doe*, supra. Repeated and specific objections by Plaintiff, referencing the fraudulent origins and inconsistencies of the document, were ignored by the magistrate. As *Doe* makes clear, actual knowledge includes situations where, when combined with other known facts, the totality "clearly establishes the existence of a fraud on the tribunal." 847 F.2d at 63.

*B. Objective Unreasonableness and Deliberate Blindness Support Sanctions*

As in *Patsy's Brand*, supra, the attorneys and judges involved had access to overwhelming evidence discrediting the document in question. Instead of investigating or correcting the record, they "closed their eyes" and proceeded to rely on the document to Plaintiff's detriment. The continued use of that false document in this litigation reflects a **deliberate strategy to mislead the Court and undermine due process**, especially where it formed the foundation of adverse findings against Plaintiff.

*C. Fraud on the Court Is Grounds for Severe Sanctions*

A fraud upon the court is a grave offense that threatens the administration of justice. It is not limited to perjury but includes deliberate concealment or manipulation of the record. The knowing use of false evidence by officers of the court, including judges, requires remedy by vacatur and sanctions. *See Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

---

## V. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Issue **sanctions** under **Rule 11(c)** against all attorneys and parties involved in submitting the fraudulent document;
2. Refer the matter to the **Chief Judge** and/or **Judicial Council** for review of judicial misconduct under 28 U.S.C. § 351 et seq.;
3. Strike from the record all references to the falsified document;
4. Permit Plaintiff to supplement the record with the omitted evidence and demand an **evidentiary hearing** under **28 U.S.C. § 636(b)(1)**;

5. Award Plaintiff costs and fees incurred in investigating and responding to the fraud; and
6. Grant any further relief deemed just and proper.

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]