UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

24-cv- 9743/ 25-cv-2031/ 25-cv-4505

Lucio Celli

Plaintiff,

v.

NYC et al

Defendants.


MOTION FOR RECONSIDERATION PURSUANT TO RULE 59(e) AND/OR RULE 60(b) under erroneous review—because my claims deal with Chief Judge Livingston's retaliation and what the fuck Engelmayer did for the last 6 fucking years with Kellman's and Cudina's admission of retaliation by him for exposing him for his criminal and now, I SENT and will continue to send evidence of his crimes because as I HAVE audios of Kellman and her admission

TO THE HONORABLE COURT:

Plaintiff **Lucio Celli**, appearing *pro se*, respectfully moves this Court to reconsider its prior ruling dismissing or narrowing Plaintiff's claims on the ground that they arose "post-termination." This finding is **factually and legally erroneous**, as Plaintiff is and has been a **retired employee**, and all alleged deprivations—including interference with wages, pension, medical care, disability rights, and access to the courts—occurred during and as part of the employment separation and retirement process.

---

I. STANDARD OF REVIEW

A motion for reconsideration may be granted under **Rule 59(e)** to correct **clear errors of law or fact**, or to prevent **manifest injustice**. See *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Relief is also appropriate under **Rule 60(b)(1) or (b)(6)** where the judgment rests on **mistake, misapprehension of fact, or exceptional circumstances**. See *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980); *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986).

## II. PLAINTIFF IS A RETIRED EMPLOYEE; CLAIMS DO NOT ARISE POST-TERMINATION

Contrary to the Court's characterization, Plaintiff is **not a "former employee" terminated prior to the events at issue**, but rather a **retired public servant** who was denied wages, pension contributions, health insurance, and procedural due process rights in connection with his retirement and benefits status.

1. Plaintiff was subject to continuing violations and retaliatory acts **after he began receiving retirement documentation** but **before final pension determinations and medical benefits were resolved**.
2. The denial of HIV medication, refusal to process disability pension, and concealment of earned compensation **are not collateral or subsequent events**, but part of the **employment-ending process**, making the conduct legally **pre-termination or contemporaneous with retirement**.
3. Plaintiff alleges violations under the **ADA, Title II, § 504, Title VII, Equal Pay Act, and 42 U.S.C. § 1983**, all of which protect rights associated with the retirement and benefits process when state actors or their proxies (such as the UFT) interfere.

## III. LEGAL ERROR AND PREJUDICE

The Court's reliance on the "post-termination" doctrine to dismiss or limit claims is inapplicable where:

- Plaintiff's **protected activity** (including whistleblowing and civil rights complaints) was directly linked to **denial of retirement-related benefits**;
- The adverse actions challenged are not **post-employment torts**, but constitute **final acts of employment retaliation and constitutional deprivation**;
- Denial of due process during the **transition to retirement** is actionable under *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985), and *Bd. of Regents v. Roth*, 408 U.S. 564 (1972).

Moreover, **continuing violations doctrine** applies where Plaintiff suffered a series of related deprivations stemming from the same unlawful scheme. See *Cornwell v. Robinson*, 23 F.3d 694 (2d Cir. 1994); *Gibbs v. City of New York*, 714 F. Supp. 2d 419 (E.D.N.Y. 2010).

## IV.

1. **Willful Ignorance of Audio Evidence** o    "Deliberate ignorance" or "conscious avoidance" satisfies the knowledge element of a § 371 conspiracy. See *United States v. Jewell*, 532 F.2d 697, 699–700 (9th Cir. 1976) (en banc), aff'd, 429 U.S. 93 (1976).
     - Specifically applied in § 371 cases: *United States v. Poindexter*, 951 F.2d 369, 391 (D.C. Cir. 1991).

**Application:** Plaintiff submitted unedited audio recordings proving that Judge Taylor's text mischaracterizes Plaintiff's testimony. Judge Lehrburger's R&R omits any reference to these recordings—intentional blindness that courts hold meets § 371's "knowingly" requirement.

2. **Cherry-Picking of Facts** ○   Selective omission of contradictory evidence constitutes an overt act under § 371.
    See *United States v. Sharp*, 979 F.2d 63, 67 (4th Cir. 1992). ○   "Cherry-picking" testimony to mislead is actionable as conspiracy. See *United States v. Martinez*, 588 F.2d 495, 500 (5th Cir. 1979).

**Application:** Engelmayer's express order (Dkt. 22) granted Plaintiff the right to call witnesses and submit audio proof of misconduct. Taylor's decision—and Lehrburger's adoption—quotes only the Cartel's narrative, omitting Engelmayer's findings that directly contradict it.

3. **Distortion of the Record** ○   Adopting a known misstatement as one's own is an overt act to defraud the judicial process. See *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015). ○   Misrepresenting that "no evidentiary hearing was warranted," when prior findings dictated one, parallels "substantial obstruction" condemned under § 371. See *United States v. Anderson*, 441 F.3d 339, 345 (5th Cir. 2006).

**Application:** By stating "no evidentiary hearing was warranted," Judge Lehrburger distorts the record—Engelmayer had held certain facts required a hearing under FRCP 52(b). The R&R then directs dismissal "for lack of evidence," though Plaintiff's evidence was never considered.

4.     *My claims deal with pre-termination w/ relate my criminal trial Adjudicative facts tend to be litigation specific; they are "[facts pertaining to the parties and their businesses and activities." 2 K. Davis, Administrative Law Treatise § 12:3, at 413 (2d ed. 1979); see also Fed. R. Evid. 201 advisory committee note ("Adjudicative facts are simply the facts of the particular case."). Legislative facts, on the other hand, "do not usually concern the immediate parties but are the general facts which help the tribunal decide questions of law and policy and discretion." 2 K. Davis, supra, § 12:3, at 413. The adjudicative facts decisive of constitutional claims usually pertain to the concrete **application of a statute or regulation being challenged on constitutional grounds**. See, e.g., Nectow v. City of Cambridge, 277 U.S. 183 (1928) (zoning law challenged as applied). See generally Dickinson, Crowell v. Benson: Judicial Review of Administrative Determinations of Questions of "Constitutional Fact," 80 U. Pa. L. Rev. 1055, 1067-72 (1932) (genesis of as-applied review**). Constitutional fact revie**w thus does not implicate the legislative facts that underlie the statute or regulation in its general application. See, e.g., Schall v. Martin, 104 S. Ct. 2403 (1984); Landmark Communications,*

*Inc. v. Virginia, 435 U.S. 829, 843-44 (1978); The Supreme Court, 1983 Term, 98 Harv. L. Rev. 87, 214 n.56 (1984). On the deferential judicial review ordinarily given to findings of legislative fact, see Pilchen, Politics v. The Cloister: Deciding*

*When the Supreme Court Should Defer to Congressional Factfinding Under the Post- Civil War Amendments, 59 Notre Dame L. Rev. 337 (1984); Note, Anti-Pornography Laws and First Amendment Values, 98 Harv. L. Rev. 460, 476-80 (1984).*

*Of course, no wholly satisfactory criteria exist for distinguishing between adjudicative and legislative facts, and for that reason the categories are at best "only an approach." Friendly, "Some Kind of Hearing," 123 U. Pa. L. Rev. 1267, 1268 (1975).*

*Like other legal distinctions, the difference between adjudicative and legislative facts is one of degree, and for that reason the existence of borderline cases does not mean that the distinction is empty. Nonetheless, the lack of precision is of some significance given the traditional rule that a litigant's right to a trial-type hearing before an administrative*

*agency depends on whether adjudicative or legislative facts are at issue. Compare United States v. Florida E. Coast Ry., 410 U.S. 224, 244 (1973) (applying "basic distinction between rulemaking and adjudication"), with Friendly, supra, at 1307-09 (disputing usefulness of this distinction as a means to determine right to trial-type hearing) a footnote, and even then tying it to the first amendment. See 104 S. Ct. at 1964 n.27 (" 'The simple fact is that First Amendment questions of "constitutional" fact compel this Court's de novo review.'") (quoting Rosenbloom v. Metromedia, Inc., 403 U.S. 29, 54 (1971) (plurality*

*opinion)). Antilles S.S. Co. v. Members of Am. Hull Ins. Syndicate, 733 F.2d 195 (2d Cir.1984), provides a recent illustration of the confusion as to whether the interpretation of a contract is a question of law or fact. At issue was a shipowner's claim of coverage under a marinery hull and machine insurance policy. The evidence consisted of the policy and the testimony of two witnesses. The court of appeals said that analysis should center on the "parties' mutual understanding," an inquiry that embraced the "language of the policy and the circumstances surrounding its execution, custom and usage, as well as the established law." Id. at 199. Branding the "central question" both as "a mixed question of law and fact" **and as one of "ultimate 'fact,'" id.,** the court set aside as clearly erroneous the trial court's finding for the plaintiff. Judge Newman's thoughtful concurring opinion contains a comprehensive examination of the allocation problem. He rejects the view of the leading text writers that the construction of a contract is always a question of fact, see 3 A. Corbin, Corbin on Contracts, A Comprehensive Treatiseon the Rules of Contract Law § 554 (1960); 4 S. Williston, A Treatise on the Law of Contracts, § 616 (3d ed. 1961), in favor of the view that it is such a question only if extrinsic evidence is relied upon. 733 F.2d at 204. judge Newman thus voted with the*

*majority to reverse, not because the lower court's finding was clearly erroneous, but because he believed that the lower court's conclusion was wrong as a matter of law. Id. at 207. extrinsic evidence is relied upon. 733 F.2d at 204. judge Newman thus voted with the majority to reverse, not because the lower court's finding was clearly erroneous, but*

*because he believed that the lower court's conclusion was wrong as a matter of law. Id.*

    7. Evidentiary Facts—totally ignored in the R&R

        a) application: both trial and appellate judges must examine the evidence, marshal the relevant adjudicative facts The judge "marshals" the adjudicative facts by

    culling them from the evidence presented and arranging them in a relevant sequence. See, e.g., Cox v. Louisiana, 379 U.S. 536, 538-44, 548 n.12 (1965);

  b) *The evidence (audios and documents from federal court—even transcripts from the Defendants) only support my allegations "not whether the fact exists in an absolute sense but whether the evidence is adequate to justify the exercise of [the decisionmaker's] power."'3 8 This means that while "what happened" may be viewed as a question of fact, the legal sufficiency of the evidence 39 may be viewed as the equivalent of a question of law".The relevant constitutional provision fixes the standard of what is legally sufficient, and that is frequently greater than a simple preponderance of the evidence. See, e.g., Bose, 104 S. Ct. at 1965 n.30 (first amendment requires "clear and convincing" evidence of actual malice in public figure defamation cases); Santosky v. Kramer, 455 U.S. 745 (1984) (due process clause requires "clear and convincing" evidence of child neglect in proceedings to terminate parental rights); In re Winship, 397 U.S. 358 (1970) (due process clause requires proof beyond a reasonable doubt in criminal cases). See L.Jaffe, supra note 17, at 595-99. The no-evidence rule is illustrative. See Thompson v. City of Louisville, 362 U.S. 199, 206 (1960); Fiske v. Kansas, 274 U.S. 380, 385 (1927); Creswill v. Grand Lodge Knights of Pythias, 225 U.S. 246, 261 (1912). A similar rule has long obtained in the field of administrative law. See, e.g., Florida E. Coast Ry. v. United States, 234 U.S. 167, 185 (1914) ("where it is contended that an order whose enforcement is resisted was rendered without any evidence whatever to support itt,h e consideration of such a question involves not an issue of fact, but one of law"); ICC v. Louisville & Nash. R.R., 227 U.S. 88, 91-92 (1913).*

*Exclusion of my evidence and witnesses from the evidentiary hearing and from R&R was intentional and part of Lehrburger's quid pro quo with Livingston and Engelmayer with Schumer and Randi Wiingarten*

 8. Retaliation Claims (Title VII, Title IX, ADA, ACA/504, Section 1983)
 9. First Amendment Retaliation for Reporting RICO Behavior
 10. False Imprisonment
 11. Section 1983 Due Process Violations
 12. Section 1983 Equal Protection Violations

RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Vacate any finding or characterization that Plaintiff's claims are "post-termination" or non-cognizable on that basis;

2. Reinstate all claims improperly dismissed or ignored based on that mischaracterization;
3. Grant such other and further relief as justice requires, including leave to amend if needed.

---

/s/ Lucio Celli
DATED: June 11, 2025
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
917-275-3919
Lucio.Celli.12@gmail.com