# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*25-cv-6939/ 25-cv-4505/2024-cv-09743/25-cv-2031/24-cv-7442*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

## MOTION FOR JUDICIAL NOTICE of evidence considered by Senators and House Rep for articles of impeachment-- **judicial appointments of conflicted counsel who represent outside interests rather than the protected party's interests violate due process**

### INTRODUCTION

Plaintiff respectfully moves this Court, pursuant to Federal Rule of Evidence 201, Federal Rule of Civil Procedure 44.1, and Federal Rule of Appellate Procedure 27, to take judicial notice of official records from the United States House of Representatives and the United States Senate concerning the impeachment of Judge G. Thomas Porteous, Jr.

These legislative records, not subject to reasonable dispute, demonstrate that Congress found Judge Porteous had engaged in corrupt practices by appointing and favoring attorneys who represented the interests of **Amato & Creely**, rather than safeguarding the rights of the parties whose interests those attorneys were duty-bound to protect.

### LEGAL STANDARD

Under **Fed. R. Evid. 201(b)**, a court may take judicial notice of a fact that:

1. is generally known within the trial court's jurisdiction; or
2. can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Congressional records, House Reports, and Senate Impeachment Proceedings fall squarely within this category. Courts routinely take notice of legislative records. *United States v. Pink*, 315 U.S. 203, 216 (1942).

## ARGUMENT

### 1. House Findings of Kickback Scheme with Amato & Creely

The House Judiciary Committee's Impeachment Report (H. Rep. 111-427) found:

"From 1988 through 1994, available court records show that Judge Porteous assigned **192 curatorships to Creely**. … These curatorships are estimated to have generated approximately **$40,000 in fees** for the law firm of Creely & Amato. … Both Creely and Amato have testified consistently that they gave Judge Porteous approximately **$10,000 each**, or approximately **$20,000** total."

The House concluded that such conduct violated the trust of litigants, because the appointed counsel advanced the firm's private interests rather than protecting those they were appointed to represent.

### 2. Senate Findings of Conflict and False Testimony

The Senate impeachment record (S. Rep. 111-347) reinforced these findings, holding that Judge Porteous:

"…while he had the Liljeberg case under advisement, Judge Porteous solicited money from Amato and received $2,000 in cash, split equally by Amato and Creely from the firm's account. … Judge Porteous thereafter issued an opinion benefiting Amato in the Liljeberg case that was so bereft of legal support that the Fifth Circuit … described it as 'inexplicable', 'a chimera', 'constructed entirely out of whole cloth', 'nonsensical', and 'absurd.'"

The Senate further noted that Judge Porteous concealed the true nature of his relationship with Amato during a recusal hearing, thereby depriving the litigants of an impartial tribunal.

### 3. Relevance to Present Case

Congress's findings in the Porteous impeachment establish the principle that **judicial appointments of conflicted counsel who represent outside interests rather than the protected party's interests violate due process**. Both legislative chambers confirmed that such conduct constitutes corruption and undermines the legitimacy of judicial proceedings. Judicial notice of these legislative facts is directly relevant to Plaintiff's claims of conflicted appointments and denial of fair representation.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court take judicial notice of the official findings of the United States House of Representatives (H. Rep. 111-427) and the United States Senate (S. Rep. 111-347) concerning Judge G. Thomas Porteous, Jr., specifically that he appointed counsel who represented the interests of Amato & Creely rather than protecting the interests of the litigants.

Respectfully submitted,


Respectfully submitted

/s/ Lucio Celli



DATED: 9/15/25
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]