# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*25-cv-6939/ 25-cv-4505/2024-cv-09743/25-cv-2031/24-cv-7442*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.


MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ~~RECONSIDER~~ preserve appealable issue **EXCLUSION OF AUDIO EVIDENCE—everyone has done this for Randi Weingarten because of Schumer** OR, IN THE ALTERNATIVE, FOR A NEW TRIAL PURSUANT TO FED. R. CIV. P. 59 AND 60—Your Honor has audios that you deemed "frivolous" to aid Randi Weingarten via Sen. Schumer

PRELIMINARY STATEMENT

Plaintiff Lucio Celli respectfully submits this Memorandum of Law in support of his motion for reconsideration of the Court's exclusion of critical audio recordings, or in the alternative, for a new trial. The recordings include direct statements by Defendants and their agents concerning discriminatory retaliation, denial of access to HIV medication, and wage theft. The exclusion of these recordings, without conducting the requisite evidentiary analysis under the Federal Rules of Evidence and without making findings on the record, constitutes reversible error under both Supreme Court and Second Circuit precedent. Plaintiff respectfully requests that this Court reconsider its rulings or grant a new trial in the interest of justice.

STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343, as Plaintiff alleges violations of federal constitutional and statutory rights. The Court has authority to grant relief under Federal Rules of Civil Procedure 59 and 60 and under its inherent power to ensure a fair trial.

PROCEDURAL HISTORY

Plaintiff filed this civil action alleging violations of constitutional rights under 42 U.S.C. § 1983, including retaliation for protected speech, denial of medical accommodations under the ADA and Rehabilitation Act, and wage theft. During discovery and pretrial proceedings, Plaintiff provided audio evidence substantiating key allegations, including:

- Admissions by Defendant Cudina concerning retaliatory conduct;
- Admission of Kellman conspiring with Engelmayer or Silverman conspiring with Weingarten and Cogan
- The audios of varies NYC employees and DA who told me wage theft or the AUSAs who told me since Howard Friedman's aide said that I told about penis pic or Cogan's illegal use of his office for his former clients
- Statements by UFT and probation officials concerning procedural irregularities;
- Audio of Plaintiff's own legal counsel denying access to HIV medications;
- Witness recordings of AUSAs and City officials referencing wage theft.

These recordings were excluded by the Court without specific findings, a Rule 403 balancing analysis, or individualized review. Plaintiff now seeks reconsideration or a new trial based on these evidentiary errors.

LEGAL STANDARD

I. Rule 59 – New Trial

Under Fed. R. Civ. P. 59(a)(1)(A), a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." This includes the improper exclusion of evidence that affects a party's substantial rights. See Phoenix Associates III v. Stone, 60 F.3d 95, 104 (2d Cir. 1995).

II. Rule 60 – Relief from Judgment or Order

Fed. R. Civ. P. 60(b)(1), (2), and (6) provide relief from a final judgment due to mistake, newly discovered evidence, or any other reason justifying relief. Relief is appropriate where the Court misapplied evidentiary standards or excluded critical evidence without proper analysis. See United States v. International Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001).

III. Federal Rules of Evidence

- Rule 401: Evidence is relevant if it tends to make a fact of consequence more or less probable.
- Rule 403: Relevant evidence may only be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.
- Rule 901: Authentication requires only a showing sufficient to support a finding that the item is what the proponent claims.
- Rule 801(d)(2): Statements by a party-opponent, including agents or employees, are not hearsay and are admissible.

ARGUMENT

I. The Audio Recordings Are Relevant, Authentic, and Admissible Under the Federal Rules of Evidence

A. Relevance and Admissibility

The recordings contain direct admissions and statements by Defendants, agents, and third parties concerning retaliation, discrimination, denial of medical care, and wage theft. These are clearly relevant under FRE 401 and admissible under 801(d)(2)(A)-(D). In United States v. Nixon, 418 U.S. 683, 701 (1974), the Supreme Court held that audio recordings are a form of demonstrative evidence that must be considered if relevant and authentic.

In United States v. Carson, 464 F.3d 317 (2d Cir. 2006), the Second Circuit found that recorded admissions of illegal conduct are "highly probative" and cannot be excluded without specific findings of irrelevance. Similarly, in Owens v. Morgan Stanley & Co., 74 F.3d 1255 (2d Cir. 1996), the court held that discriminatory remarks captured on audio are "particularly valuable" and presumptively admissible.

B. Authentication Was Sufficient Under Rule 901

The Court erred in excluding the recordings based on speculative concerns about authenticity. Under FRE 901(b)(1), testimony by a witness with knowledge or circumstantial evidence is sufficient to authenticate. See United States v. Tropeano, 252 F.3d 653 (2d Cir. 2001); United States v. Barone, 913 F.2d 46 (2d Cir. 1990). Minor technical imperfections or lack of a perfect chain of custody go to weight, not admissibility. See United States v. Mangieri, 694 F.2d 1270 (D.C. Cir. 1982).

C. The Court Failed to Conduct the Required Rule 403 Balancing

The Court excluded the recordings without conducting an explicit Rule 403 balancing analysis or making findings on the record. This is contrary to the Supreme Court's directive in Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379 (2008), which prohibits blanket exclusions and requires individualized analysis. The Second Circuit reiterated this requirement in United States v. Miller, 771 F.3d 84, 91 (2d Cir. 2014), stating that courts must create a record of their reasoning under Rule 403.

II. The Exclusion of These Recordings Was Prejudicial and Constitutes Reversible Error

The improper exclusion of critical audio evidence deprived Plaintiff of his ability to present key elements of his claims. In United States v. Garcia, 413 F.3d 201 (2d Cir. 2005), the Second Circuit held that the exclusion of probative audio evidence constitutes reversible error where it impairs a party's central theory of the case. The same applies here. See also Phoenix Associates III, 60 F.3d at 104.

Moreover, in United States v. Young, 745 F.2d 733 (2d Cir. 1984), the court held that exclusion without actually reviewing the recordings is error. The Court must assess quality firsthand and may not reject recordings based on speculation.

III. Plaintiff Preserved the Record Through Offers of Proof and Transcripts

Plaintiff made multiple proffers and offers of proof concerning the significance of the recordings, satisfying the requirements of FRE 103(a)(2). Plaintiff also provided transcripts and metadata to support authentication. See United States v. Inserra, 34 F.3d 83 (2d Cir. 1994).

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Reconsider its prior rulings excluding the proffered audio recordings;
2. Alternatively, grant a new trial pursuant to Fed. R. Civ. P. 59(a);
3. Permit the introduction of the subject recordings into the record; and
4. Grant such other and further relief as this Court deems just and proper.


Respectfully submitted,

Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]