UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*25-cv-6939/ 25-cv-4505/2024-cv-09743/25-cv-2031/24-cv-7442*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

# Judicial Misconduct Complaint and Request for Investigation

**Complainant:** Lucio Celli
**Address:** 89 Widmer Road Wappingers Falls, NY 12590
**Email / Phone:** 917-275-3919

**Against:** Judges aligned with Senators Kirsten Gillibrand, Charles Schumer, and Eleanor Holmes Norton

**Date:** 9/16/2025

## Table of Authorities

### Cases

- *Banks v. Dretke*, 540 U.S. 668 (2004)
- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009)
- *Gonzalez-Lopez v. United States*, 548 U.S. 140 (2006)
- *Heffernan v. City of Paterson*, 578 U.S. 266 (2016)
- *Holloway v. Arkansas*, 435 U.S. 475 (1978)
- *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)

- *Napue v. Illinois*, 360 U.S. 264 (1959)
- *Tumey v. Ohio*, 273 U.S. 510 (1927)

## Statutes

- Judicial Conduct and Disability Act of 1980, Pub. L. No. 96-458, 94 Stat. 2035 (codified as amended at 28 U.S.C. §§ 351–364)

## Legislative Materials

- H.R. Rep. No. 96-1313 (1980) (House Report on the Judicial Conduct and Disability Act of 1980)
- S. Rep. No. 96-362 (1980) (Senate Report on the Judicial Conduct and Disability Act of 1980)
- 126 Cong. Rec. 28,963–28,975 (1980) (debate on judicial misconduct and concealment)

---

## I. Statement of Facts

I submit this complaint to record and seek redress for grave judicial misconduct tied to political interference.

1. **Senator Charles Schumer interfered in my legal representation**, undermining my right to conflict-free and independent counsel.
    a) Helped to conceal the fact that Randi Weignarten and Judge Cogan deprived me of free will to plead guilty
    b) Denied me liberty
    c) Conceal evidence that Weingarten and Cogan preplanned how to deprive me of a fair trail
    d) Concealed how Ranid Weingarten and Judge Cogan stole wages from me
    e) Conceal evidence of Silverman's—my lawyer— admission with Randi Weingarten and Judge Cogan
    f) Conceal evidence that Kellman admitted to conspiring with Judge Engelmaeyr
    g) Retaliation of depriving me of HIV meds because I told on him
2. **Senator Kirsten Gillibrand and Senator Eleanor Holmes Norton ensured that judges under their influence concealed this interference**, rather than enforcing my rights under the Constitution.
3. **Attorney Silverman made an admission** that revealed conflicts of interest and unlawful coordination. This admission was deliberately concealed or ignored by judges aligned with these Senators.
4. The concealment **deprived me of due process and obstructed the judiciary's constitutional role as fact-finder**.

5. Judges not only tolerated this misconduct but actively **retaliated against me** for raising it, by mischaracterizing my filings, omitting critical evidence, and recommending sanctions to protect the Senators and their allies.

These actions reflect **patronage-style corruption**: a pattern of political protectionism that destroys the impartiality of the judiciary.

---

## II. Applicable Law and Legislative History

### A. Judicial Conduct and Disability Act of 1980

Congress enacted the Judicial Conduct and Disability Act of 1980, Pub. L. No. 96-458, 94 Stat. 2035, to provide mechanisms to hold judges accountable for misconduct.

The legislative history makes clear:

- **Political Misconduct = Misconduct:** Both H.R. Rep. No. 96-1313 and S. Rep. No. 96-362 emphasized that political favoritism, partiality, or abuse of office for political ends constitutes "misconduct."
- **Knowledge and Concealment:** Judges have a duty to act when aware of misconduct. Aiding in concealment or "turning a blind eye" is itself misconduct.
- **Concealment:** Legislative sponsors condemned the "club" mentality of judges shielding one another.
- **Retaliation:** The Act was designed to prevent retaliation against complainants who expose misconduct, recognizing that retaliation magnifies corruption and deters accountability.

Thus, the present facts fall squarely within the core abuses the Act was intended to remedy.

---

## III. Constitutional and Supreme Court Authority

The misconduct here violates bedrock constitutional guarantees of due process, impartial tribunals, and protection against retaliation.

1. **Right to Counsel of Choice and Conflict-Free Representation**
   - *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006): Denial of chosen counsel is a structural error.
   - *Holloway v. Arkansas*, 435 U.S. 475, 489–91 (1978): Courts must act to remedy conflicts of interest; failure is automatic reversal.
2. **Concealment and Suppression of Evidence**

- - *Napue v. Illinois*, 360 U.S. 264, 269 (1959): Concealment of material facts violates due process.
  - *Banks v. Dretke*, 540 U.S. 668, 696 (2004): "Prosecutor may hide, defendant must seek" is untenable in a system of justice.
3. **Judicial Bias and Political Patronage**
   - *Tumey v. Ohio*, 273 U.S. 510, 532 (1927): Even the possibility of political temptation denies due process.
   - *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 877 (2009): Political or financial influence creating "serious risk of actual bias" violates due process.
4. **Retaliation for Protected Activity**
   - *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283–84 (1977): Retaliation for protected speech offends the Constitution.
   - *Heffernan v. City of Paterson*, 578 U.S. 266, 272 (2016): Retaliation based on perceived political association violates the First Amendment.

Together, these precedents establish that the misconduct I allege is not merely administrative error but **structural constitutional violations**.

---

## IV. Grounds for Misconduct

The judges aligned with Senators Gillibrand, Schumer, and Norton engaged in misconduct by:

1. Allowing and concealing political interference in legal representation.
2. Suppressing or disregarding Attorney Silverman's admission of conflict.
3. Failing in their duty under the Judicial Conduct and Disability Act to address known misconduct.
4. Engaging in retaliation against me for exposing these matters.

This conduct constitutes **political misconduct, concealment, and retaliation** prohibited by the Judicial Conduct Act, as confirmed by its legislative history and reinforced by Supreme Court jurisprudence.

---

## V. Requested Relief

I respectfully request that your office:

1. Investigate the extent of political interference by Senators Gillibrand, Schumer, and Norton in my proceedings.
2. Investigate the concealment of Attorney Silverman's admission by judges aligned with these Senators.
3. Investigate retaliation against me for seeking to expose misconduct.

4. Take all necessary steps to restore impartial adjudication and ensure accountability.

**Respectfully submitted,**

Respectfully submitted

/s/ Lucio Cellli

DATED: 9/15/25
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]