UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                        :

LUCIO CELLI,                            :

                          :

                Plaintiff,        :

                          :       24 Civ. 9743 (JPC) (RWL)

      -v-                       :

                          :       OPINION ADOPTING

NEW YORK CITY, *et al.*,          :       REPORT AND

                          :       RECOMMENDATION

                Defendants.    :

                          :
----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      This case marks at least the ninth action Lucio Celli has brought alleging claims arising out of his federal criminal conviction and subsequent termination as a tenured teacher for the New York City Department of Education ("DOE"). On May 27, 2025, the Honorable Robert W. Lehrburger, to whom this case has been referred for general supervision of pretrial proceedings and to issue a report and recommendation on any dispositive motions, recommended that the undersigned dismiss Celli's *pro se* Amended Complaint on various alternative grounds: Celli's failure to comply with Federal Rule of Civil Procedure 8, Dkt. 157 ("Report and Recommendation") at 19-21, Celli's repeated and flagrant violations of judicial orders, *id.* at 21-25, and the Amended Complaint's failure to state a claim upon which relief may be granted, *id.* at 25-34. Judge Lehrburger further recommended that the undersigned order Celli to show cause why a filing injunction should not issue barring him from commencing any further actions in the Southern and Eastern Districts of New York concerning the termination of his employment with the DOE without first requesting and obtaining leave of court to do so. *Id.* at 34-38.

      For reasons that follow, this Court adopts Judge Lehrburger's recommendation to dismiss this action with prejudice on account of Celli's repeated violations of judicial orders. Given that

dispositive conclusion, the Court declines to reach Judge Lehrburger's alternative grounds for dismissal. In light of a filing injunction imposed on Celli by another judge of this District since the Report and Recommendation was issued, this Court declines to issue a further filing injunction.

## I. Background

### A.      Celli's Litigation History and Criminal Conviction

Celli is a vexatious litigant whose court filings are predominantly "rambling," *Celli v. N.Y.C. Dep't of Educ.*, No. 15 Civ. 3679 (BMC), 2016 WL 10567948, at *2 (E.D.N.Y. Dec. 24, 2016), "disjointed," *Celli v. N.Y. Dep't of Educ.*, No. 21 Civ. 10455 (LTS), 2022 WL 19696, at *2 (S.D.N.Y. Jan. 3, 2022), "frivolous," Report and Recommendation at 5, and "brazen and profane," *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (summary order). Extraordinary defiance of court orders, rants, and vulgarities have been hallmarks of the barrage of frivolous lawsuits that Celli has brought over the last decade.

Celli's disruptive conduct began on June 24, 2015, when, proceeding *pro se*, he sued the DOE and various individuals in the Eastern District of New York. *Celli v. New York Dep't of Educ.*, No. 15 Civ. 3679 (BMC) (E.D.N.Y.), Dkt. 1 (June 24, 2015). In that case, the Honorable Brian M. Cogan denied Celli's motion for recusal, which was "based predominantly on a previous Order where [Judge Cogan] pointed out the deficiencies in [Celli's] complaint and told him what he had to do to fix it," *Celli v. N.Y.C. Dep't of Educ.*, 2016 WL 10567948, at *1, and then dismissed Celli's third amended complaint for failing to comply with Federal Rule of Civil Procedure 8(a)'s requirement that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," *id.* at *2 (quoting Fed. R. Civ. P. 8(a)(2)). Instead, Judge Cogan explained, Celli's complaint was a "confused document" replete with "extensive rants, rambling allegations, and many vulgar *ad hominem* attacks against several individuals based on perceived wrongs." *Id.* at *2-3. The Second Circuit affirmed Judge Cogan's dismissal, explaining that

Celli's conduct presented "'extraordinary circumstances' . . . warranting dismissal without leave" to further amend due to his refusal to comply with Rule 8 and his "brazen and profane resistance to the District Court's instructions." *Celli v. Cole*, 699 F. App'x at 89 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). The Second Circuit also affirmed Judge Cogan's denial of Celli's recusal motion as lacking any evidentiary support. *Id.* at 88. After ordering Celli to show cause why a leave-to-file sanction should not be imposed, *id.* at 89, the Second Circuit barred him from filing "any future appeal, motion, or other papers" without leave of that court. *Celli v. Cole*, No. 17-234, Dkt. 90 (2d Cir. Nov. 21, 2017).

In another action in the Eastern District of New York, Celli filed on January 3, 2018, "frivolous" counterclaims, which were dismissed *sua sponte* by the Honorable Margo K. Brodie for "lack[ing] any basis in law or fact." *Combier v. Portelos*, No. 17 Civ. 2239 (MKB), 2018 WL 4678577, at *7 (E.D.N.Y. Sept. 29, 2018). Judge Brodie also granted the motion of the plaintiff in that case to seal or redact certain of Celli's filings, explaining that "Celli's voluminous, and at times irrelevant, filings in this matter implicate the privacy interests of [the plaintiff] and her husband sufficient to warrant the Court's order to seal." *Id.* at *9 (citation omitted).

Approximately six weeks after that ruling, Celli emailed death threats to Judges Cogan and Brodie. *See United States v. Celli*, No. 19 Cr. 127 (PAE) (E.D.N.Y.), Dkt. 299-1 (sentencing transcript) at 37:1-21. After Celli pleaded guilty in the Eastern District of New York[1] to transmitting in interstate commerce threats to injure another person in violation of 18 U.S.C. § 875(c), he was sentenced on July 20, 2021, to time served and two years of supervised release. *United States v. Celli*, No. 19 Cr. 127 (PAE) (E.D.N.Y.), Dkt. 178 (July 20, 2021) ("Criminal Judgment").

---

[1] Celli's criminal case was assigned to a visiting judge, the Honorable Paul A. Engelmayer of the Southern District of New York. *United States v. Celli*, No. 19 Cr. 127 (PAE) (E.D.N.Y.), Dkt. 80.

Just months after that sentencing, Celli violated the conditions of his supervised release by contacting a judge and a prosecutor and by filing a document in the Eastern District of New York. *United States v. Celli*, No. 19 Cr. 127 (PAE) (E.D.N.Y.), Dkt. 273 (judgment revoking supervised release) at 1 (Nov. 21, 2022); *see also* Criminal Judgment at 5 (setting forth special conditions of supervised release to include precluding Celli from contacting "any judge of any court, or any judge's chambers," from "mak[ing] any phone calls or send[ing] any written correspondence . . . to any prosecutor," and from "fil[ing] any document in court unless or until counsel reviews it and certifies to him that it does not contain a threat"). On November 21, 2022, Judge Engelmayer revoked Celli's term of supervised release and sentenced him to a term of imprisonment of time-served followed by a new eighteen-month term of supervised release. *United States v. Celli*, No. 19 Cr. 127 (PAE) (E.D.N.Y.), Dkt. 273 at 2-3 (Nov. 21, 2022). On April 23, 2024, the Second Circuit summarily affirmed that sentence. *United States v. Celli*, No. 22-3138, Dkt. 120 (2d Cir. Apr. 23, 2024).

## B.      Termination of Celli's Employment and His Subsequent Lawsuits[2]

In late 2021, following Celli's conviction in the Eastern District of New York, DOE initiated disciplinary proceedings against him pursuant to the New York statute that governs disciplinary procedures for tenured employees of DOE. *See* Arbitration Award at 1; *see also* N.Y. Educ. Law § 3020-a. DOE granted Celli's request for a hearing, and New York State Unified

---

[2] The following factual allegations are taken from the Amended Complaint, Dkt. 70 ("Am. Compl."), and documents incorporated by reference into the Amended Complaint. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013); *La Vigne v. Costco Wholesale Corp.*, 284 F. Supp. 3d 496, 502 (S.D.N.Y. 2018), aff'd, 772 F. App'x 4 (2d Cir. 2019). That includes the arbitrator's award determining that the appropriate penalty for Celli's conduct was termination, Dkt. 82-2 ("Arbitration Award"). *See* Am. Compl. at 33-35, 37-40. Similarly, a court may consider "documents . . . of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation modified) (emphasizing that a plaintiff's "*reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion").

Teachers, the state-wide affiliate of Defendant United Federation of Teachers' ("UFT"), appointed a lawyer to represent him. Arbitration Award at 3-4. Celli terminated that representation and opted to proceed *pro se* at the arbitration hearing. *Id.* at 4. On October 19, 2023, the arbitrator sustained the disciplinary charges based on Celli's convictions for transmitting threats in violation of federal law and for driving while impaired in violation of New York law, *id.* at 12, 18, and determined that the appropriate penalty was Celli's immediate termination from his DOE job, *id.* at 20. Celli's subsequent challenge in New York state court to the arbitration award and his termination was dismissed as time-barred and meritless. *See* Dkt. 82-3 (May 9, 2024 Decision and Order of Judge Lyle E. Frank of the New York Supreme Court, New York County).

Celli also has sought relief in federal court. Since 2021, and including this lawsuit, Celli has filed at least nine unsuccessful challenges to his criminal conviction and termination of employment.[3] Throughout those cases, judges repeatedly have warned Celli to communicate with the courts and to file additional lawsuits only in the manners prescribed by law. They also have warned him that non-compliance could result in sanctions. For instance, the Honorable Thomas J. McAvoy, sitting as a visiting judge in the Eastern District of New York, dismissed Celli's claim with prejudice and warned Celli that "future filing of repetitive, vexatious and frivolous litigation may result in the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court." *Celli v. Engelmayer*, No. 22 Civ. 4646 (TJM), 2023 WL 2666876, at *4 (E.D.N.Y. Mar. 28, 2023). Other judges have warned Celli that he may face a filing injunction if he continued to violate court orders. *See Celli v. Perez*, No. 22

---

[3] In addition to the instant case, Celli has brought: *Celli v. N.Y. Dep't of Educ.*, No. 21 Civ. 10455 (LTS) (S.D.N.Y.); *Celli v. Weingarten*, No. 21 Civ. 3359 (CRC) (D.D.C.); *Celli v. Perez*, No. 22 Civ. 2353 (CS) (S.D.N.Y.); *Celli v. Katzman*, No. 22 Civ. 2354 (CS) (S.D.N.Y.); *Celli v. Engelmayer*, No. 22 Civ. 6535 (LTS) (S.D.N.Y.); *Celli v. Engelmayer*, No. 22 Civ. 4646 (TJM) (E.D.N.Y.); *Celli v. Bondi*, No. 24 Civ. 7442 (JHR) (S.D.N.Y.); and *Celli v. Lehrburger*, No. 25 Civ. 4505 (AS) (S.D.N.Y.).

Civ. 2353 (CS), 2022 WL 922779, at *4 (S.D.N.Y. Mar. 19, 2022); *Celli v. Bondi*, No. 24 Civ. 7442 (JHR), 2025 WL 903136, at *13 (S.D.N.Y. Mar. 24, 2025).

Sure enough, after countless warnings from multiple judges, a filing injunction was issued. While this case was pending, the Honorable Arun Subramanian in a separate case enjoined Celli, pursuant to the All Writs Act, 28 U.S.C. § 1651, from filing in the Southern District of New York "future civil actions concerning his termination from the DOE or the consequences of his termination"—however characterized, including as a "separation"—"without first obtaining from the court leave to file." *Celli v. Lehrburger*, No. 25 Civ. 4505 (AS) (S.D.N.Y.), Dkt. 98 at 2 (Sept. 4, 2025) ("Bar Order").[4]

## C.    Procedural History

### 1.    The Amended Complaint and Motion to Dismiss

Celli filed his initial Complaint in this action on December 18, 2024. Dkt. 1. The undersigned was assigned the case on January 10, 2025, and soon after referred it to Judge Lehrburger for general pretrial supervision and to issue a report and recommendation as to any dispositive motions. Dkt. 5. Upon Celli's application, Judge Lehrburger granted Celli leave to amend his Complaint and reminded him "that a complaint must be a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Dkt. 49 at 1 (quoting Fed. R. Civ. P. 8(a)(2)). Celli filed his operative Amended Complaint on March 17, 2025, naming numerous individuals and entities as Defendants, including, *inter alia*, UFT, DOE, Randi Weingarten, several federal judges, the Second Circuit Clerk of Court, President Trump, and the "DOJ (BOP/US Marshals)." Am. Compl. at 1.

---

[4] Celli filed that frivolous action against Judge Lehrburger and others the very day that Judge Lehrburger issued his Report and Recommendation in this case. *See Celli v. Lehrburger*, No. 25 Civ. 4505 (AS) (S.D.N.Y.), Dkt. 1 (May 27, 2025); *see also id.*, Dkt. 49 at 1 (ordering dismissal because Celli did not present "a single non-frivolous argument").

Celli's 52-page Amended Complaint is largely incoherent and unwieldy, incorporating by reference "all complaints since 2015." *Id.* at 50. As Judge Lehrburger deciphered it:

> The first page is a list of defendants, and the following page is a table of contents. The next 18 pages largely include excerpts from and comments about cases and laws, interspersed with legal argument. (*See id.* at 3-20.) The ensuing 15 pages or so largely rehash the events of Celli's DOE hearing and termination of employment. (*See id.* at 26-40.) Along the way, Celli dredges up allegations about his criminal conviction, alleging "interference" by Judge Engelmayer, Assistant United States Attorneys from the Eastern District, probation officers, and former criminal defense counsel. (*See id.* at 38-39.) Celli then alludes to alleged consequences of his employment termination, including loss of wages, discontinuation of medical insurance, denial of HIV medication, and loss of pension benefits. (*See id.* at 43-45.) He also alleges three instances of illegal detention, comprised of incomprehensible or fantastical allegations such as reference to "a UFT Officer who took part in depriving me of a bathroom key grievance," "second illegal detention with switching transcripts by [Second Circuit] Clerk Wolfe with how it relates to 200k in missing wages," and "Randi Weingarten considers Gaglione like a brother to her. Like Sen. Schumer consider [sic] Randi a sister." (*Id.* at 45-47.)

Report and Recommendation at 9. Celli lodges eleven claims against Defendants, including that they discriminated and retaliated against him in violation of federal civil rights laws, breached his employment contract, engaged in "torturous" interference, violated the duty of fair representation, violated the Administrative Procedure Act, engaged in abuse of process, violated the Racketeer Influenced and Corrupt Organizations Act, and conspired to violate his civil rights in violation of 42 U.S.C. § 1985. Am. Compl. at 49-51. He alleges also that the DOE hearing deprived him of due process. *Id.* at 48-49.

UFT is the only Defendant who has appeared. In its motion to dismiss filed on April 14, 2025, UFT argues that the Amended Complaint fails to comply with the "short and plain statement" requirement of Federal Rule of Civil Procedure 8, that *res judicata* and collateral estoppel bar Celli's claims because they were litigated in his state-court challenge to the Arbitration Award, that any claim for breach of the duty to fair representation is time-barred and unsupported by factual allegations, and that the Amended Complaint does not state any constitutional claim against UFT. Dkt. 82-4 (memorandum of law) at 12-20. When setting a

7

briefing schedule for this motion on February 18, 2025, Judge Lehrburger ordered that Celli supplement any arguments opposing UFT's motion by showing cause why his claims should not be dismissed with prejudice as to all Defendants because of Celli's

> (1) violation of [the] courts' previous orders in cases filed by [Celli] that have directed [Celli] not to file frivolous complaints; (2) violation of the courts' previous orders in cases filed by [Celli] that have directed [Celli] not to file civil complaints challenging his previous conviction; (3) violation of Federal Rule of Civil Procedure 8 requiring that a complaint be a short and plain statement of the claims being asserted; and (4) in light of numerous emails sent directly by [Celli] to this Court's chambers and to other judges of this Court and the Second Circuit Court of Appeals, violation of this Court's orders directing that all communications from [Celli] to the Court be submitted only through the Pro Se Office.

Dkt. 32 at 1-2. While Celli filed two briefs in opposition, Dkts. 107, 114, he failed to address those issues.

### 2.    Celli's Violation of Court Orders in This Action

Celli has serially defied court orders throughout this litigation. On February 10, 2025, after Celli sent "at least nine mass emails" to approximately forty recipients, including judges of this District and the Second Circuit, Judge Lehrburger ordered Celli to cease "any further email or other non-authorized communications to judges or personnel of the Court" and to direct communications to the *Pro Se* Office, and warned that failure to comply with that order could result in sanctions, including dismissal of the case. Dkt. 23. Notwithstanding this order, over the next week, Celli sent numerous mass emails to judges and court personnel that consisted of "rants, vulgarities, incoherent statements, and other gratuitous content that [was] not a non-frivolous request for relief or response to a motion or Court request for a response from Plaintiff." Dkt. 33 at 1. On February 18, 2025, Judge Lehrburger again ordered Celli to cease those unauthorized communications as they were "vexatious, disruptive, wasteful of judicial resources, and thereby prejudicial to other Court litigants," and reiterated that failure to comply may result in sanctions, including dismissal. *Id.* at 1-2. But Celli's conduct only got worse. He expanded his recipient list

to approximately 400 people and repeatedly called chambers and left "ranting voicemail messages." Report and Recommendation at 12. Yet again, on February 28, 2025, Judge Lehrburger warned Celli that violation of judicial orders may result in sanctions, including "dismissal of the action with prejudice." Dkt. 64 at 2. But Celli kept going. *See* Report and Recommendation at 13; Dkt. 84 (April 15, 2025 Order) at 1 ("Since the most recent order and warning on February 28, 2025, Plaintiff has sent 91 [vexatious emails to judges and court staff] (filled with rants and many with profanity). In total, he has sent 147 such emails since February 6, 2025, many to an email list of over 400 addressees.").

On April 15, 2025, Judge Lehrburger warned Celli that failure to comply with his orders would result in the Court issuing an "order to show cause why the case should not be dismissed for repeated failures to comply with court orders." Dkt. 84 at 1 (emphasis removed). Judge Lehrburger also denied three motions that Celli had submitted because they were not filed in the proper forum or duplicated his Amended Complaint. *Id.* at 2; *see* Dkts. 51, 52, 53. Two days later, Judge Lehrburger denied yet another "frivolous and vexatious" motion filed by Celli. Dkt. 86; *see* Dkt. 85 (motion titled, "MOTION TO COMPEL FINANCIAL DISCLOSURE AND REQUEST FORENSIC AUDIT BASED ON JUDICIAL MISCONDUCT AND POLITICAL INFLUENCE IN EMPLOYMENT MATTERS"). And in the mere five days after Judge Lehrburger's April 15, 2025 Order, Celli sent twenty-nine more ranting and profane emails "to the same or similar list of roughly 400 email addresses." Report and Recommendation at 14.

Following through on his warning, on April 21, 2025, Judge Lehrburger ordered Celli to show cause "why this case should not be dismissed due to Plaintiff's repeated failure to comply with Court orders." Dkt. 87 at 2. But even after being ordered to show cause, Celli continued to violate court orders by "continu[ing] to send mass emails," and "Celli's filing of frivolous and vexatious motions continued and even accelerated following issuance of the order to show cause."

9

Report and Recommendation at 14-15.  After denying Celli's subsequent motion to strike the order to show cause, Dkt. 94 at 2; *see* Dkt. 92, Judge Lehrburger held a hearing on May 13, 2025, *see* Minute Entry dated May 13, 2025, and concluded that Celli "had no good excuse for his violation of the Court's orders or his haranguing emails," Report and Recommendation at 16.  Yet still, following the hearing, Celli "continued to send ranting and incoherent mass emails and file frivolous and vexatious motions and letters, almost daily."  *Id.*

All told, over the course of this litigation Celli has filed hundreds of frivolous motions and sent approximately one thousand emails to hundreds of recipients, most of whom have no involvement in this case.  Judge Lehrburger counted, as of May 27, 2025, over 320 spam emails sent by Celli, "135 of which came after Celli had been ordered to show cause why his case should not be dismissed for repeated violations of court orders."  *Id.* at 15.  Since then, Celli has sent hundreds more emails and filed approximately two hundred more motions and letters.  *See* Dkts. 174-194, 196-213, 215-226, 228-236, 238-256, 258-260, 262-266, 268-287, 290-298, 300-380.

### 3.    Report and Recommendation and Order to Show Cause

Judge Lehrburger issued a Report and Recommendation on May 27, 2025.  Dkt. 157.  He recommended granting UFT's motion and *sua sponte* dismissing the Amended Complaint with prejudice as to all Defendants, *id.* at 38, on five grounds: (1) the Amended Complaint fails to comply with Rule 8, *id.* at 19-21; (2) Celli repeatedly refused to comply with court orders, warranting dismissal under Rule 41(b), *id.* at 21-25; (3) *res judicata* and collateral estoppel bar Celli's claims challenging his termination, *id.* at 26-29; (4) Celli fails to plausibly plead factual allegations that UFT breached its duty of fair representation, and even if he did, that claim is time-barred, *id.* at 29-31; and (5) for purposes of his constitutional claims, Celli fails to plausibly allege facts showing that UFT is a state actor, that he was deprived of due process or any other constitutional right, or that he was the victim of obstruction of justice or invidious discrimination,

*id.* at 31-34.  Judge Lehrburger also recommended that the undersigned order Celli to show cause why a filing injunction should not issue.  *Id.* at 38.

This Court issued that order to show cause the next day, May 28, 2025.  Dkt. 158 at 2.  In that order, the Court also directed that "[t]he parties may file one document each containing any objections to Judge Lehrburger's Report and Recommendation," that any such document "must be clearly titled 'Objections to Report and Recommendation,'" and that the "document must comply with the formatting and page limitations set forth in Local Civil Rule 7.1."  *Id.* at 1.  After receiving an extension to respond to that order and to object to the Report and Recommendation, Dkt. 195 at 2,[5] Celli filed both submissions with the *Pro Se* Office on June 25, 2025, Dkts. 257, 261.  Celli objected to Judge Lehrburger's Report and Recommendation in a 266-page submission that "plainly [did] not comply with the page limitation set by the Court in its May 28, 2025 Order."  Dkt. 267 at 1.  The Court ordered Celli to refile his objections and warned Celli that filing frivolous submissions while his objections were under consideration may result in sanctions.  *Id.* at 1-2.  Celli refiled his objections on July 5, 2025.  Dkt. 288.

## II.  Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation.  28 U.S.C. § 636(b)(1)(C).  Within fourteen days after a party has been served with a copy of a magistrate

---

[5] In granting that extension, the Court also denied Celli's motion for the undersigned's removal and/or disqualification because Celli "has not set forth any facts that would cause a reasonable person to find that the undersigned's 'impartiality might reasonably be questioned,' 28 U.S.C. § 455(a), or that raise a legitimate question of whether the undersigned has personal bias, prejudice, or an interest in the action, *id.* § 455(b)."  Dkt. 195 at 1-2.  The Court also warned Celli that "abusing the Court's official processes with baseless filings may result in sanctions."  *Id.* at 2.  In a subsequent order issued on June 9, 2025, the Court again denied Celli's multiple motions seeking the undersigned's recusal and/or disqualification under 28 U.S.C. § 144, Dkts. 178, 196-199, 206-207.  *Celli v. New York City*, No. 24 Civ. 9743 (JPC), 2025 WL 1908386, at *1 (S.D.N.Y. June 9, 2025).

judge's report and recommendation, the party "may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  If a party submits a timely and otherwise proper objection to any part of the magistrate judge's recommended disposition, the district court will conduct a *de novo* review of the contested section.  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997).  If no objections are made, the district court reviews a report and recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  Similarly, the district court reviews those portions of a report and recommendation to which an improper objection was filed only for clear error.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).  "The objections of *pro se* parties are 'generally accorded leniency and should be construed to raise the strongest arguments that they suggest.'"  *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB) (JCF), 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (quoting *Howell v. Port Chester Police Station*, No. 09 Civ. 1651 (CS) (LMS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010)).

Finally, "a Magistrate Judge's Report and Recommendation recommending that a claim be dismissed constitutes the requisite notice and opportunity to be heard to allow a district court to dismiss a claim *sua sponte*."  *Bocci v. Nationstar Mortg. LLC*, No. 23 Civ. 1780 (JPC) (KHP), 2025 WL 2754479, at *5 (S.D.N.Y. Sept. 29, 2025) (citation modified); *accord E.A. Sween Co. v. A&M Deli Express, Inc.*, 787 F. App'x 780, 782 (2d Cir. 2019) (summary order); *Newman v. Park*, No. 24 Civ. 6829 (JPC) (JW), 2025 WL 2350259, at *1 (S.D.N.Y. Aug. 14, 2025); *Avila v. Acacia Network, Inc.*, No. 23 Civ. 7834 (PAE), 2025 WL 2233987, at *3 n.2 (S.D.N.Y. Aug. 6, 2025).

### III.  Discussion

**A.     Dismissal is Proper Due to Celli's Failure to Comply with Court Orders**

Celli did not object to Judge Lehrburger's conclusion that Celli's "repeated failure to comply with court orders" warrants dismissal.  *See generally* Dkt. 288.  Notwithstanding that he

thereby waived the right to object to that portion of the Report and Recommendation, *see Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992), the Court has reviewed that dispositive recommendation *de novo* and finds it to be well reasoned and its conclusions well founded.

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court." *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) (internal quotation marks omitted). Given that dismissal is a "harsh remedy . . . appropriate only in extreme situations," *id.* at 535, courts analyze five factors that "significantly cabin a district court's discretion under Rule 41(b)." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). They are:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) [consideration of] . . . a sanction less drastic than dismissal.

*Lucas*, 84 F.3d at 535. Notwithstanding the "special leniency" *pro se* litigants enjoy when it comes to procedural deficiencies, *LeSane*, 239 F.3d at 209, they nevertheless must comply with court orders. *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988). "When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *Id.*

All five factors weigh in favor of dismissal. First, as detailed at *supra* I.C.2, Celli's repeated violations of court orders in this case began in February 2025 and have continued throughout this litigation. Second, Celli has been on notice since February 10, 2025, that failure to comply could result in dismissal of his case. Dkt. 23. Judge Lehrburger warned Celli of that possibility at least seven times. Dkts. 23 (February 10, 2025), 32 (February 18, 2025), 33 (February 18, 2025), 50 (February 25, 2025), 64 (February 28, 2025), 84 (April 15, 2025), 87 (April 21, 2025). This included multiple warnings that dismissal *with prejudice* may result. Dkts. 32 (February 18, 2025), 50 (February 25, 2025), 64 (February 28, 2025). Far from heeding those

13

warnings, Celli's defiance only increased in severity. Third, prolonging this action in the face of Celli's non-compliance would further prejudice UFT (the only Defendant that has appeared) after it likely has already dedicated substantial resources in striving to monitor the docket and make sense of Celli's voluminous, incoherent, and defiant filings in this and other actions. *See Celli v. Katzman*, No. 22 Civ. 2354 (CS) (S.D.N.Y.), Dkt. 1 (calling UFT "Cash Cow Milking Leeches" in the complaint's caption); *Celli v. Trump*, No. 25 Civ. 2031 (JPC) (S.D.N.Y.).

Fourth, Celli's vexatious, rambling filings and email barrages have consumed intolerable amounts of judicial resources and time. The Court has a substantial interest in ending this congestion for the benefit of litigants who comply with court orders. For his part, Celli's interest in being heard is significantly diminished by the fact that he has brought similar challenges to his federal criminal conviction and the termination of his employment in other courts, all of which were dismissed. The overwhelming majority of his filings have been vexatious outbursts, not arguments. If these actions do not create the "extreme . . . court congestion" that justifies "subrogat[ing]" a "litigant's right to be heard . . . to the convenience of the court," *Lucas*, 84 F.3d at 535-36, then it is hard to imagine what conduct would. Fifth, a less drastic sanction than dismissal with prejudice would be futile. Monetary sanctions are unsuitable given Celli's likely inability to pay a meaningful monetary sanction and thus its doubtful impact on his behavior; though Celli paid the filing fee in this case, he has proceeded *in forma pauperis* in multiple other actions. Further warnings would be wholly ineffective given that Celli has continued his onslaught of emails and vexatious filings in the face of countless past admonitions. As Judge Lehrburger recognized, dismissal without prejudice would also be futile because it would merely provide Celli with the opportunity to file yet another vexatious, frivolous complaint relitigating the very same issues brought in this case. Report and Recommendation at 24.

Upon *de novo* review, the factors weigh heavily in favor of dismissal with prejudice for

Celli's repeated failure to comply with court orders pursuant to Rule 41(b).  Accordingly, the Court adopts Judge Lehrburger's recommendation to dismiss this action with prejudice on that basis and need not reach the other dismissal grounds that he provides.

**B.    Filing Injunction**

The courts have a duty to enjoin vexatious litigants from abusing the judicial process.  UFT requested a nationwide injunction barring Celli from filing any action against it without leave of court.  *See* Report and Recommendation at 34 (discussing UFT's request at the May 13, 2025 hearing).  In his Report and Recommendation, Judge Lehrburger recommended that this Court impose a filing injunction limited to this District and the Eastern District of New York.  *Id.* at 37.  As noted above, however, since that recommendation, on September 4, 2025, Judge Subramanian issued the Bar Order in another case, which enjoins Celli "from filing future civil actions concerning his termination from the DOE or the consequences of his termination without first obtaining from the court leave to file."  *Celli v. Lehrburger*, No. 25 Civ. 4505 (AS) (S.D.N.Y.), Dkt. 98 at 2 (Sept. 4, 2025).  Considering the recent issuance of that filing injunction and the limited opportunity to see if it has effectively curtailed Celli's abusive litigation practices, the Court in its discretion declines to issue a further filing injunction against Celli in this action.

**IV.  Conclusion**

For the reasons stated above, the Court adopts the Report and Recommendation to the extent it recommends dismissal with prejudice pursuant to Rule 41(b) on account of Celli's repeated failure to comply with court orders.  Given that dispositive conclusion, the Court does not reach the other grounds for dismissal identified by Judge Lehrburger in his thorough and well-reasoned Report and Recommendation.  In addition, given Judge Subramanian's issuance of the Bar Order, enjoining Celli from filing future civil actions concerning his termination from DOE without leave of Court, this Court declines to impose a further filing injunction.  UFT's motion to

dismiss therefore is granted and Celli's claims against all Defendants in this case are dismissed with prejudice. The Clerk of Court is respectfully directed to enter final judgment in favor of Defendants and to close this case.

SO ORDERED.

Dated: December 29, 2025
New York, New York

JOHN P. CRONAN
United States District Judge