UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X
               :

LUCIO CELLI,           :

       Plaintiff,    :

    -v-         :      24 Civ. 9743 (JPC)

NEW YORK CITY, *et al.*,     :

       Defendants.  :

---------------------------------------------------------------------------X
               :

LUCIO CELLI,           :

       Plaintiff,    :

    -v-         :      25 Civ. 2031 (JPC)

DONALD J. TRUMP, *et al.*,    :

               :      OPINION AND ORDER

       Defendants.  :

---------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On January 23, 2026, Plaintiff Lucio Celli moved for "reconsideration, vacatur, and disqualification" following the Court's dismissal of the actions that he brought in *Celli v. New York City*, No. 24 Civ. 9743 (JPC) (S.D.N.Y.), and *Celli v. Trump*, No. 25 Civ. 2031 (JPC) (S.D.N.Y.).  Dkt. 385[1] ("Motion"); *Celli v. Trump*, No. 25 Civ. 2031 (JPC) (S.D.N.Y.), Dkt. 122; *see Celli v. New York City*, No. 24 Civ. 9743 (JPC), 2025 WL 3751802 (S.D.N.Y. Dec. 29, 2025); *Celli v. Trump*, No. 25 Civ. 2031 (JPC), 2025 WL 3763812 (S.D.N.Y. Dec. 30, 2025).  Celli invokes Federal Rules of Civil Procedure 54(b), 59(e), and 60(b)(1), (3), (4), and (6), as well as 28

---

[1] Citations to "Dkt." are to the docket in *Celli v. New York City*, No. 24 Civ. 9743 (JPC) (S.D.N.Y.).

U.S.C. §§ 144 and 455.  Motion at 1.  He contends that the Court's rulings are void or voidable because the undersigned allegedly possessed undisclosed extrajudicial knowledge stemming from his prior service as an Assistant United States Attorney, and because the Court allegedly ignored or concealed various judicial orders, audio recordings, and other purported evidence.  *Id.* at 1-3. For the reasons that follow, the Court declines the motion in its entirety.

The Court construes Celli's motion under Federal Rules of Civil Procedure 59(e) and 60(b).[2]  The Court entered final judgment in each case prior to Celli's filing of the motion, shutting the door to a revision of any order under Federal Rule of Civil Procedure 54.  *See* Fed. R. Civ. P. 54(b) (providing that an order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  "Rule 59(e) covers a broad range of motions, including motions for reconsideration."  *Ass'n for Retarded Citizens of Conn., Inc. v. Thorne*, 68 F.3d 547, 553 (2d Cir. 1995).  Thus, the legal standards governing motions for reconsideration under Local Civil Rule 6.3 and motions under Rule 59(e) are the same.  *See Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012).  Under either banner, reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation modified).

---

[2] Also on January 23, 2026, Celli appealed from this Court's judgment.  Dkt. 386 (notice of appeal).  The filing of the notice of appeal does not divest this Court of jurisdiction to consider his Rule 59(e) and Rule 60(b) motion.  *See Straw v. Dentons US LLP*, No. 20 Civ. 3312 (JGK), 2020 WL 3962067, at *2 (S.D.N.Y. July 11, 2020) (explaining that "if a party files a timely motion to alter or amend judgment under Federal Rule of Civil Procedure 59 or for relief under Federal Rule of Civil Procedure 60, and files a notice of appeal before the district court disposes of that motion, then the notice of appeal does not become effective until the order disposing of that motion is entered" (citation modified)); *see also* Dkt. 390 (notice of required case status update staying appeal pending resolution of Celli's motion).

"To succeed on a motion for reconsideration, the movant carries a heavy burden." *D'Amico Dry D.A.C. v. Primera Mar. (Hellas) Ltd.*, 437 F. Supp. 3d 312, 314 (S.D.N.Y. 2019). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) (citation modified). To that end, "the standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Significantly, a motion for reconsideration "is not an opportunity for making new arguments that could have been previously advanced, nor is it a substitute for appeal." *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) (citation modified). Rule 59 also "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000).

Rule 60(b) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an

3

earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A Rule 60(b) motion "must be made within a reasonable time." *Id.* 60(c)(1).

Although certain language in Rule 60(b) is broad, its operation is narrow. "Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary." *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (citation modified). And in evaluating a motion under Rule 60(b), "the courts of this circuit also require that the evidence in support of the motion be highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties as a result." *Crystal Waters Shipping Ltd. v. Sinotrans Ltd. Project Transp. Branch*, 633 F. Supp. 2d 37, 41 (S.D.N.Y. 2009) (citation modified). Relief under Rule 60(b), therefore, is generally disfavored and only sparingly granted. *See Flynn v. Nat'l Asset Mgmt. Agency*, 303 F.R.D. 448, 451 (S.D.N.Y. 2014).

Falling far short of the threshold for relief, Celli's claims are frivolous and unsupported by fact. First, Celli renews his demand that the undersigned recuse and vacate prior orders. Motion at 1. On June 3, 2025, the Court denied Celli's motion for recusal or disqualification pursuant to 28 U.S.C. § 455 and held that Celli had not presented facts that would cause a reasonable person to question the Court's impartiality or suggest personal bias, prejudice, or an interest in the action. Dkt. 195 at 1-2. Plaintiff again provides no support for his allegations, such as that the undersigned "possessed prior extrajudicial knowledge . . . concerning retaliatory actions by [Defendants United Federation of Teachers] and Randi Weingarten against Plaintiff." Motion at 4. He thus fails to provide any basis for the undersigned's recusal and vacatur of the judgment.

Next, Celli argues that "[t]he Court ignored and failed to adjudicate evidence that Judge Engelmayer's order was planned and procured through coordination involving" federal

prosecutors, "and that such order was subsequently disregarded and suppressed." *Id.* at 1. This argument is also unsupported by any facts, and thus cannot be a basis for granting the relief Celli seeks. Finally, Celli offers no facts to support his allegation that this Court's rulings "were infected by structural bias, fraud on the court, and deprivation of due process," *id.* at 4, nor does he engage with the standards governing reconsideration, Rule 59(e), or Rule 60(b), *see generally id.*

The Court has considered all other arguments presented by Celli in his motion, and finds them to be without merit as well. Accordingly, the Court denies Celli's motion. The Clerk of Court is respectfully directed to close Docket Number 385 in *Celli v. New York City*, No. 24 Civ. 9743 (JPC) (S.D.N.Y.), and Docket 122 in *Celli v. Trump*, No. 25 Civ. 2031 (JPC) (S.D.N.Y.).

       SO ORDERED.

Dated: August 10, 2026
      New York, New York

                             JOHN P. CRONAN
                     United States District Judge